JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
JOSEPH H. LEE (Bar No. 248046)
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
LEXAR MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>Defendants. | Case No. C08-00095 JW RS<br><br>ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT<br><br>REQUEST FOR JURY TRIAL |

## LEXAR MEDIA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Lexar Media, Inc. ("Lexar") respectfully answers Plaintiff's Complaint for Patent Infringement ("Complaint") in correspondingly numbered paragraphs as follows:

### THE PARTIES

1.  Lexar admits that Exhibit A of the Complaint purports to be a copy of United States Patent No. 4,935,184 ("the '184 patent"). Lexar is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, on that basis, denies each and every remaining allegation contained therein.

2. Lexar admits it is a Delaware corporation with a place of business at 47300 Bayside Parkway, Fremont, California.

3. Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies each and every allegation contained therein. Plaintiff is not entitled to the disfavored practice of using "Doe" defendants and has failed to justify its use in the Complaint.

4. Lexar denies it has acted as an agent for any entity "identified" in Paragraph 3 of the Complaint during some or all of the times relative to the subject matter of the Complaint. Furthermore, to the extent Paragraph 4 of the Complaint applies to Lexar, Lexar denies it has employed as an agent any entity "identified" in Paragraph 3 of the Complaint during some or all of the times relative to the subject matter of the Complaint. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies each and every allegation contained therein.

## JURISDICTION AND VENUE

5. Lexar admits that this action purports to arise under the patent laws of the United States of America, Title 35, United States Code and that jurisdiction is founded on Title 28, United States Code §§ 1331 and 1338(a), but denies any wrongdoing or liability. Lexar is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and, on that basis, denies each and every remaining allegation contained therein.

6. To the extent Paragraph 6 of the Complaint applies to Lexar, Lexar does not contest that venue is proper in this district but otherwise denies the allegations in Paragraph 6 of the Complaint. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, on that basis, denies each and every allegation contained therein.

7. To the extent Paragraph 7 of the Complaint applies to Lexar, Lexar admits it has a principal place of business in this district and does not contest personal jurisdiction in this

1  Court but otherwise denies the allegations in Paragraph 7 of the Complaint. With respect to the
2  other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the
3  truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies each and every
4  allegation contained therein.

## CLAIM FOR RELIEF

6         8.    Lexar refers to and incorporates herein its answers as provided in
7  Paragraphs 1-7 above.

8         9.    Lexar admits that the '184 patent on its face has the title "Stabilized
9  Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts"
10 and an issuance date of June 19, 1990, but denies that it was duly and legally issued.

11       10.    To the extent Paragraph 10 of the Complaint applies to Lexar, Lexar admits
12 it has a product identified as LEXAR MEDIA JumpDrive 128MB but otherwise denies the
13 allegations of Paragraph 10 of the Complaint. With respect to the other Defendants, Lexar is
14 without knowledge or information sufficient to form a belief as to the truth of the allegations in
15 Paragraph 10 of the Complaint and, on that basis, denies each and every allegation contained
16 therein.

17       11.    To the extent Paragraph 11 of the Complaint applies to Lexar, Lexar admits
18 it is not aware of any signed license agreement between Lexar and the Plaintiff concerning the
19 '184 patent but otherwise denies the allegations of Paragraph 11 of the Complaint. With respect
20 to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as
21 to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies each and
22 every allegation contained therein.

23       12.    No response necessary.
24       13.    No response necessary.
25       14.    To the extent Paragraph 14 of the Complaint applies to Lexar, Lexar admits
26 that the '184 patent on its face has an issuance date of June 19, 1990, but otherwise denies the
27 allegations in it. With respect to the other Defendants, Lexar is without knowledge or
28 ///

1  information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the
2  Complaint and, on that basis, denies each and every allegation contained therein.

3      15. To the extent Paragraph 15 of the Complaint applies to Lexar, Lexar admits
4  it received correspondence from Plaintiff dated April 16, 2005 identifying the '184 patent but
5  otherwise denies the allegations in it. With respect to the other Defendants, Lexar is without
6  knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph
7  15 of the Complaint and, on that basis, denies each and every allegation contained therein.

8      16. To the extent Paragraph 16 of the Complaint applies to Lexar, Lexar is
9  without knowledge or information sufficient to form a belief as to the truth of the allegations in
10 Paragraph 16 of the Complaint and, on that basis, denies each and every allegation contained
11 therein. With respect to the other Defendants, Lexar is without knowledge or information
12 sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and,
13 on that basis, denies each and every allegation contained therein.

14     17. Lexar denies that the LEXAR MEDIA JumpDrive 128MB or any other
15 Lexar product manufactured through the same or similar processes as the LEXAR MEDIA
16 JumpDrive 128MB is manufactured through a process which incorporates all elements or
17 limitations of any claim of the '184 patent. Lexar is otherwise without knowledge or information
18 sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the
19 Complaint and, on that basis, denies each and every remaining allegation contained therein.

20     18. To the extent Paragraph 18 of the Complaint applies to Lexar, Lexar admits
21 it is not aware of any signed license agreement between Lexar and the Plaintiff concerning the
22 '184 patent but otherwise denies the allegations of Paragraph 18 of the Complaint. With respect
23 to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as
24 to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies each and
25 every allegation contained therein.

26     19. To the extent Paragraph 19 of the Complaint applies to Lexar, Lexar admits
27 it received correspondence from Plaintiff dated April 16, 2005 but otherwise denies the
28 allegations of Paragraph 19 of the Complaint. With respect to the other Defendants, Lexar is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies each and every allegation contained therein.

20. To the extent Paragraph 20 of the Complaint applies to Lexar, Lexar denies the allegations in it. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies each and every allegation contained therein.

21. To the extent Paragraph 21 of the Complaint applies to Lexar, Lexar admits that the correspondence from Plaintiffs dated April 16, 2005, purported to make a request for information under 35 U.S.C. § 295 but otherwise denies the allegations of Paragraph 21 of the Complaint. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies each and every allegation contained therein.

22. Paragraph 22 calls for a legal conclusion for which no response is required, but to the extent a response is required and Paragraph 22 of the Complaint applies to Lexar, Lexar denies the allegations in it. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies each and every allegation contained therein.

23. To the extent Paragraph 23 of the Complaint applies to Lexar, Lexar denies the allegations in it. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies each and every allegation contained therein.

24. To the extent Paragraph 24 of the Complaint applies to Lexar, Lexar denies the allegations in it. With respect to the other Defendants, Lexar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies each and every allegation contained therein.

25. To the extent Paragraph 25 of the Complaint applies to Lexar, Lexar denies the allegations in it. With respect to the other Defendants, Lexar is without knowledge or

1   information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the
2   Complaint and, on that basis, denies each and every allegation contained therein.

3        26.    To the extent Paragraph 26 of the Complaint applies to Lexar, Lexar denies
4   the allegations in it. With respect to the other Defendants, Lexar is without knowledge or
5   information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the
6   Complaint and, on that basis, denies each and every allegation contained therein.

7        27.    To the extent Paragraph 27 of the Complaint applies to Lexar, Lexar denies
8   the allegations in it. With respect to the other Defendants, Lexar is without knowledge or
9   information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the
10  Complaint and, on that basis, denies each and every allegation contained therein.

11       28.    To the extent Paragraph 28 of the Complaint applies to Lexar, Lexar denies
12  the allegations in it. With respect to the other Defendants, Lexar is without knowledge or
13  information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the
14  Complaint and, on that basis, denies each and every allegation contained therein.

15       29.    To the extent Paragraph 29 of the Complaint applies to Lexar, Lexar denies
16  the allegations in it. With respect to the other Defendants, Lexar is without knowledge or
17  information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the
18  Complaint and, on that basis, denies each and every allegation contained therein.

### RESPONSE TO PRAYER FOR RELIEF

20       30.    Lexar denies that Plaintiff is entitled to be awarded any of the relief sought
21  in its prayer for relief against Lexar. Lexar has not infringed, willfully or otherwise, either
22  directly or indirectly, the '184 patent. Plaintiff is not entitled to recover statutory damages,
23  compensatory damages, an accounting, injunctive relief, costs, fees, interest, or any other type of
24  recovery from Lexar.

### DEFENSES

26       31.    Lexar asserts the following defenses and reserves the right to amend its
27  answer as additional information becomes available.
28  ///

### First Defense

32. The Complaint fails to state a claim upon which relief can be granted because Lexar has not performed any act or thing and is not proposing to perform any act of thing in violation of any rights validly belonging to the Plaintiff under the '184 patent.

### Second Defense

33. Lexar does not infringe and has not infringed, either directly or indirectly, any claim of the '184 patent, either literally or under the doctrine of equivalents, nor willfully or otherwise.

### Third Defense

34. By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '184 patent, the '184 patent is so limited that none of its claims can be construed as covering any activity or product of Lexar.

### Fourth Defense

35. The '185 patent is invalid because it has not met one or more of the conditions for patentability set forth in Title 35, U.S.C. § 101, *et seq.*, including those of sections 102, 103, and 112.

### Fifth Defense

36. Plaintiff is barred, in whole or in part, by the doctrine of laches from maintaining its claim for infringement.

### Sixth Defense

37. Plaintiff is barred, in whole or in part, by the doctrine of patent misuse from maintaining its claim for infringement.

### Seventh Defense

38. Plaintiff is barred, in whole or in part, by the doctrine of equitable estoppel from maintaining its claim for infringement.

/ / /

/ / /

### Eighth Defense

39. Plaintiff is barred, in whole or in part, by 35 U.S.C. §§ 286 and 287 from recovering any damages for any alleged infringement of the '184 patent.

### Ninth Defense

40. Plaintiff is barred, in whole or in part, by 35 U.S.C. § 1498 from recovering any damages for any alleged infringement of the '184 patent.

### COUNTERCLAIM

Lexar Media, Inc. ("Lexar") alleges as follows for its counterclaim against Counterclaim-defendant Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("SRDT").

### THE PARTIES

1. Defendant/counterclaimant Lexar is a corporation organized and existing under the laws of Delaware, having a principal place of business at 47300 Bayside Parkway, Fremont, California 94538.

2. Upon information and belief, Plaintiff/Counterclaim-defendant SRDT is a California resident, and the trustee of a trust organized under the laws of California.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Lexar's Counterclaim pursuant to 28 U.S.C. §§ 1367 and 1338(a), because Lexar's claim for declaratory relief is so related to the claims of patent infringement asserted by SRDT covering U.S. Patent No. 4,935,184 ("the '184 patent"), and within the Court's original jurisdiction, that they form a part of the same case or controversy. Venue is proper in this district pursuant to 28 U.S.C. § 1391. In addition, venue is also proper in this district because the Court has supplemental jurisdiction over this counterclaim.

4. Through its allegations of patent infringement against Lexar, SRDT has consented to personal jurisdiction in this Court.

///

///

## FIRST CAUSE OF ACTION

5. Each claim of the '184 patent is invalid and/or unenforceable for failure to meet the requirements of the patent laws of the United States, including particularly 35 U.S.C. §§ 101, *et seq.*

6. Based on SRDT's Complaint and allegations of patent infringement, an actual and justiciable controversy of sufficient immediacy exists between Lexar and SRDT concerning the invalidity and unenforceability of the '184 patent. A judicial declaration of invalidity and/or unenforceability is necessary and appropriate to resolve this controversy.

## SECOND CAUSE OF ACTION

7. Lexar is not infringing and has not infringed, directly or indirectly, any valid claim of the patents in suit.

8. Based on SRDT's Complaint and allegations of patent infringement, an actual and justiciable controversy of sufficient immediacy exists between Lexar and SRDT concerning the noninfringement of the '184 patent by Lexar. A judicial declaration of non-infringement is necessary to resolve this controversy.

## PRAYER FOR RELIEF

Defendant/Counterclaimant Lexar, reserving its right to amend its pleading to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery in this case, prays that this Court enter a judgment that:

a. Lexar does not infringe, willfully or otherwise, induce infringement of, or contribute to the infringement of the '184 patent, nor has it ever done so;

b. The '184 patent is invalid;

c. The Complaint is dismissed with prejudice;

d. That this case be declared exception under 35 U.S.C. § 285 and that Lexar be awarded attorneys' fees;

e. For costs of suit, including without limitation, expert consultant and witness fees;

///

  f. That SRDT and each of its trustees, employees, agents, alter egos, attorneys and any persons in active concert or participation with it be restrained from further prosecuting or instituting any action against Lexar claiming that the '184 patent is valid, enforceable, or infringed, or from representing that Lexar's products or services, or that the use thereof, infringes the '184 patent; and

  g. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lexar hereby demands a trial by jury on all claims so triable.

Dated: March 12, 2008       WEIL, GOTSHAL & MANGES LLP

                BY: _____/s/_____
                  JARED BOBROW
                  jared.bobrow@weil.com

                 Attorneys for Defendant,
                 LEXAR MEDIA, INC.