1  JARED BOBROW (Bar No. 133712)
   jared.bobrow@weil.com
2  JOSEPH H. LEE (Bar No. 248046)
   joseph.lee@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA  94065
   Telephone: (650) 802-3000
5  Facsimile: (650) 802-3100

6  Attorneys for Defendant
   LEXAR MEDIA, INC.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

| | |
|---|---|
| 12  JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND | Case No. C08-00095 JW RS |
| 13  DEVELOPMENT TRUST, | **NOTICE OF MOTION AND MOTION TO STAY THIS LITIGATION** |
| 14                Plaintiff, | **PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS** |
| 15         v. | Date:       April 28, 2008 |
| 16  LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100, | Time:       9:00 a.m. |
| 17 | Courtroom: 8, 4th Floor |
|    |                Defendants. | Judge:       Hon. James Ware |
| 18 | |

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**NOTICE OF MOTION AND RELIEF SOUGHT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 28, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, Defendant Lexar Media, Inc. ("Lexar"), will and hereby does respectfully move for a stay of this litigation pending the outcome of the ongoing United States Patent & Trademark Office ("PTO") reexaminations of the patent in suit, U.S. Patent No. 4,935,184 ("the '184 patent"). This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Joseph H. Lee, and a Proposed Order, each of which are served and filed concurrently herewith, and the complete record of this action, evidence and argument that may be presented at a hearing on this motion, and all matters of which the Court may take judicial notice.

For the reasons set forth in greater detail in the Memorandum of Points and Authorities and related pleadings submitted herewith, Lexar Media, Inc. respectfully requests that the Court order this case stayed pending the outcome of the PTO's ongoing reexaminations of the '184 patent.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    ISSUE TO BE DECIDED**

Whether a stay of the above-captioned proceeding should be granted pending the outcome of the ongoing PTO reexaminations of the '184 patent.

**II.    STATEMENT OF FACTS**

On January 7, 2008, Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Plaintiff" or "Sorensen") filed a Complaint for patent infringement against Lexar, asserting the '184 patent. U.S. District Court California Northern District (San Jose), Civil Docket for Case #5:08-cv-00095-JW ("Docket"), Docket #1. The '184 patent expired in February of 2008. (Declaration of Joseph H. Lee ("Lee Decl."), Exh. G, p. 7.) Defendant's answer was filed on March 12, 2008. Discovery in this case has yet to begin.

Prior to the filing of the complaint and the expiration of the '184 patent, two requests for reexamination were filed, one on July 30, 2007, and one on December 21, 2007.

1    (Lee Decl., Exhibits B, D.)  The PTO granted the first request for reexamination on October 11,

2    2007, finding that newly submitted prior art resulted in 13 "substantial new question[s] of

3    patentability" regarding the '184 patent.  (Lee Decl., Exh. C, pp. 5-16.)  The PTO granted the

4    second request for reexamination on February 21, 2008, finding that newly submitted prior art

5    resulted in 9 "substantial new question[s] of patentability" in addition to those found in granting

6    the first request for reexamination.  (Lee Decl., Exh. E, pp. 7-14.)

7            The requests for reexamination, which prompted the reexamination orders, arose

8    after Sorensen sued Black & Decker Corporation, among others, for infringement of the '184

9    patent. *Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust v. The Black*

10   *& Decker Corporation.*, Case No. 06CV1572 BTM (CAB) (S.D. Cal. August 7, 2006).  After

11   requesting the first reexamination, Black & Decker moved to stay the litigation with Sorensen,

12   pending the outcome of the reexamination.  Sorensen contested the motion.  On September 10,

13   2007, the Court ordered a complete stay of all litigation proceedings, except as to the resolution

14   of two minor non-patent issues.  (Lee Decl., Exh. G, pp. 5-11.)

15           In addition to this suit against Lexar, Sorensen has also sued numerous other

16   entities for infringement of the '184 patent.  In the following cases that also assert infringement of

17   the '184 patent, the defendants have moved for a stay:

18   • *Jens Erik Sorensen, as Trustee of Sorensen Research and*

19     *Development Trust v. Digital Networks North America, Inc.*,

20     Case No. 3:07-cv-05568-JSW (N.D. Cal. December 11, 2007)

21     (granted January 16, 2008) (Lee Decl., Exh. H);

22   • *Jens Erik Sorensen, as Trustee of Sorensen Research and*

23     *Development Trust v. Giant Int'l (USA) Ltd.*, Case No.

24     07CV2121 BTM (CAB) (S.D. Cal. December 10, 2007)

25     (granted February 28, 2008) (Lee Decl., Exh. I); and

26   • *Jens Erik Sorensen, as Trustee of Sorensen Research and*

27     *Development Trust v. Helen of Troy*, Case No. 07CV2278 BTM

28   / / /

1    (CAB) (S.D. Cal. January 7, 2008) (granted February 28, 2008)

2    (Lee Decl., Exh. J).

3    **III.    INTRODUCTION**

4    Lexar moves to stay this litigation pending the outcome of the PTO's

5    reexaminations of the '184 patent.  A stay will conserve the resources of both the Court and the

6    parties, and will provide the benefit of simplifying or eliminating issues for trial.  Given that the

7    '184 patent has already expired and that this litigation is in its incipient stages, Sorensen will not

8    be prejudiced in any way by entry of an order staying the present litigation pending the PTO's

9    ongoing reexaminations of the '184 patent.  Further, failure to grant a stay may result in prejudice

10   to Lexar.  As discussed herein, Lexar's motion is well grounded in both law and fact, and should

11   therefore be granted by the Court.

12   **IV.    LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION**

13   A district court has the inherent power to control and manage its docket.  *Gould v.*

14   *Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983).

15   This power includes the authority to order a stay pending the outcome of reexamination

16   proceedings in the PTO.  *Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988); *Gould,* 705

17   F.2d at 1342.    Determining whether to grant a stay pending the outcome of the PTO's

18   reexamination is a matter soundly within the discretion of this district court.  *Photoflex Prods.*

19   *Inc. v. Circa 3 LLC*, No. C 04-03715, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal. May 24,

20   2006).

21   In ruling on a motion to stay, courts generally consider:  (1) whether a stay would

22   unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a

23   stay will simplify the issues in question and trial of the case, and (3) whether discovery is

24   completed and whether a trial date has been set.  *Zilog, Inc. v. Quicklogic Corp.*, No. C 03-03725,

25   2004 WL 2452850, at *1 (N.D. Cal. Mar. 31, 2004) (Ware, J.); *Guthy-Renker Fitness, LLC v.*

26   *Icon Health and Fitness, Inc.*, No. CV 97-7681, 48 U.S.P.Q.2d 1058, 1060 1998 U.S. Dist.

27   LEXIS 16553, at *5, (C.D. Cal. Jul. 15, 1998).

28   / / /

1    "There is a liberal policy in favor of granting motions to stay proceedings pending

2    the outcome of reexamination proceedings." *ASCII Corp. v. STD Entertainment USA, Inc.,* 844

3    F.Supp. 1378, 1381 (N.D. Cal. 1994).   "A stay is particularly justified where the outcome of the

4    reexamination would be likely to assist the court in determining patent validity and, if the claims

5    were canceled in the reexamination, would eliminate the need to try the infringement issue." *See*

6    *In re Cygnus Telecommunications Tech., LLC Patent Litigation*, 385 F.Supp.2d 1022, 1023 (N.D.

7    Cal. 2005).   Indeed, with respect to the issue of patent claim validity, the Federal Circuit has

8    recognized that the reexamination procedure serves to "eliminate trial of that issue (when the

9    claim is canceled) or to facilitate trial of the issue by providing a district court with the expert

10   view of the PTO (when a claim survives the reexamination proceeding)." *Gould*, 705 F.2d at

11   1342.

12

13   **V.    A STAY OF THIS LITIGATION PENDING THE PTO'S REEXAMINATION OF THE '184 PATENT IS WARRANTED**

14          A stay in this case is appropriate because all of the *Guthy-Renker* factors are met:

15   (1)  Sorensen will not be unduly prejudiced by a stay; (2) a stay will simplify the issues for trial;

16   and (3) discovery has not yet begun and no trial date has been set.  In addition, a stay is warranted

17   because it will reduce the burden of litigation on the parties as well as the Court.

18          **A.    Plaintiff Sorensen Will Not Be Unduly Prejudiced By A Stay**

19          Sorensen will suffer no prejudice from a stay because the stay would be limited in

20   duration and because Sorensen's claim is limited to past monetary damages.

21          Sorensen would not be prejudiced by the length of the stay.  A stay would only last

22   as long as the length of the reexamination process within the PTO.  The PTO is required to

23   conduct all reexamination proceedings with "special dispatch."  35 U.S.C. § 305 (1984).  Such

24   proceedings do take time – the PTO reports that the average pendency of a reexamination

25   proceeding is between 19 and 24 months.  (Lee Decl., Exh. F.)  But courts have repeatedly held

26   that "[t]he delay inherent to the reexamination process does not constitute, by itself, undue

27   prejudice." *Photoflex*, 2006 U.S. Dist. LEXIS 37743, at *5; *Nanometrics, Inc. v. Nova Measuring*

28   *Instruments, Ltd.*, No. C 06-2252, 2007 U.S. Dist. LEXIS 18785, at *9 (N.D. Cal. Feb. 26, 2007);

1  *KLA-Tencor Corp. v. Nanometrics, Inc.,* No. C 05-3116, 2006 U.S. Dist. LEXIS 15754, at *7

2  (N.D. Cal. Mar. 16, 2006).  Moreover, some delay in the instant litigation "is more than off-set by

3  increased certainty of whether this single patent will survive re-examination and whether there

4  will be any need for litigation." *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *10.

5          Finally, a stay would in no way prejudice Sorensen by way of damages.  The '184

6  patent has expired.  Sorensen therefore has no entitlement to an injunction against Lexar.  His

7  claim is solely for past monetary damages, and "a stay will not affect the amount of collectable

8  damages." *Zilog*, 2004 WL 2452850, at *2.  Since Sorensen cannot realistically obtain injunctive

9  relief in this case, there is no potential prejudice to Sorensen from a stay.  In sum, there is no

10  identifiable prejudice which would impact Sorensen as a result of a stay being entered in this case

11  and this factor supports a stay.

12

13  **B.      A Stay Will Simplify the Issues for Trial or Eliminate the Need for a Trial Altogether**

14          As the Federal Circuit has explained with respect to the issue of patent claim

15  validity "one purpose of the reexamination procedure is to eliminate trial (when the claim is

16  canceled) or facilitate trial of that issue by providing the district court with the expert view of the

17  PTO (when a claim survives the reexamination proceeding)." *Gould*, 705 F.2d at 1342.  As noted

18  by this Court, the claims of a patent are likely be canceled, amended, or narrowed during

19  reexamination.  *Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*, No. C-94-20775, 33

20  U.S.P.Q.2d 2022, 2023, 1995 WL 20470, at *1 (N.D. Cal. 1995).  Therefore it makes sense to

21  ascertain the ultimate scope of the claims before trying to figure out whether Lexar's accused

22  products infringe the '184 patent.  Absent a stay, the parties may end up conducting a

23  significantly wider scope of discovery than necessary and the Court may waste time interpreting

24  eliminated claim terms or examining the validity of claims which are eliminated during

25  reexamination. *See Zilog*, 2004 WL 245850, at *3.  The circumstances are especially compelling

26  here in light of the expiration of the '184 patent.  Specifically, unlike in most reexamination

27  proceedings, Sorensen will not be afforded the opportunity to amend the claims of the '184

28  patent:

1
2
3

> *No enlargement of claim* scope. No amendment may enlarge the
> scope of the claims of the patent or introduce new matter. No
> amendment may be proposed for entry in an expired patent.
> **Moreover, no amendment, other than the cancellation of
> claims, will be incorporated into the patent by a certificate
> issued after the expiration of the patent.**

4

5    37 C.F.R. § 1.5300) (Sept. 8, 2000) (emphasis added).

6
7

> The cancellation of the original patent claims is the only
> "amendatory" change permitted in an expired patent.

8    *Manual of Patent Examining Procedure* (Eight Edition, rev. 6, Sept. 2007) § 2250 (III) (section

9    last revised Aug. 2006) (Lee Decl., Exh. K.).

10    Recent data from the PTO indicates that reexaminations initiated by a third-party

11    requester result in complete cancellation of all originally issued claims of a patent 12% of the

12    time, and in the patent holder being required to make amendments to at least one or more claims

13    59% of the time. (Lee Decl., Exh. F.) Because the '184 patent has expired, claims that otherwise

14    would have to be amended due to prior art must instead be canceled. The result is a substantial

15    likelihood that at least some, if not all, claims will fail to survive the pending reexamination

16    proceedings.

17    The Defendant also believes the reexaminations of the '184 patent to be

18    particularly meritorious since the reexaminations rely on prior art references never before

19    considered by the PTO, including prior art virtually identical to even the specific drawings and

20    preferred embodiments of the '184 patent.

21    Simply put, the claims of the '184 patent (as well as Sorensen's ability to assert

22    infringement thereof) will live or die with the pending reexamination proceedings without

23    change. If the present litigation is not stayed, there is a substantial risk of expending enormous

24    resources by the parties and by the Court though discovery and motion practice on claims that

25    may ultimately be canceled by the PTO. Conversely, granting a stay will simplify (and likely

26    eliminate entirely) the issues for trial in this case. Accordingly, this factor strongly supports a

27    stay.

28    / / /

1   **C.    Discovery Has Not Yet Begun And No Trial Date Is Set**

2   In the instant case, the complaint has been pending for just two months. Lexar has

3   answered the complaint and filed a declaratory judgment counterclaim to which Sorensen has yet

4   to reply. There has been no discovery taken. Furthermore, the parties have not even conferred

5   regarding a possible schedule for discovery. Because this case is in its infancy, this factor

6   strongly supports a stay.

7

8   **D.    A Stay Will Reduce The Burden Of Litigation On The Parties As Well As The Court**

9   With the reexaminations of the '184 patent now pending before the PTO, there is

10  little, if any, justification for conducting parallel proceedings before this Court. A stay would

11  reduce the burdens associated with litigation (such as cost and time) for not only the parties, but

12  the Court as well. Indeed, this is the very reason that the reexamination process was codified. In

13  passing the legislation establishing the reexamination proceeding, Congress stated its approval of

14  district courts liberally granting stays within their discretion:

15  It is believed by the committee that stay provisions are unnecessary
16  in that such power already resides with the Court to prevent costly
    pre-trial maneuvering which attempts to circumvent the
    reexamination procedure. **It is anticipated that these measures**
17  **provide a useful and necessary alternative for challengers and**
    **for patent owners to test the validity of United States patents in**
18  **an efficient and relatively inexpensive manner.**

19  H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Ad.

20  News 6460, 6463 (emphasis added).

21  As discussed above, there is a significant chance that the PTO will invalidate the

22  '184 patent. This creates a very real possibility that the parties will waste their resources

23  litigating over issues that will ultimately be rendered moot by the PTO's findings. Because

24  granting a stay will simplify the issues and streamline the trial, should there still be a need for a

25  trial, the Court can reduce the burdens on the parties and conserve its resources. *See, e.g., Zilog*,

26  2004 WL 245850, at *3 ("a stay would prevent any wasted discovery efforts during the

27  reexamination period"). Absent a stay, the parties will embark on a path of extensive (and highly

28  expensive) written and oral discovery on the issues of infringement and validity. The parties will

1    also need to prepare claim constriction briefs, which the Court will ultimately evaluate in

2    conjunction with a *Markman* hearing.  It is likely (if not certain) that both parties will need to

3    retain experts on the topics of infringement and validity of the '184 patent.  Dispositive motions

4    will follow.  All of the costs and time associated with these tasks can be greatly reduced (if not

5    eliminated) by staying the present litigation, with no prejudice to Sorensen.  A stay is appropriate

6    under these circumstances.  For all of the foregoing reasons, Lexar respectfully requests that the

7    Court order this case stayed pending completion of the PTO's ongoing reexaminations of the '184

8    patent.

9

10    Dated:  March 13, 2008                          WEIL, GOTSHAL & MANGES LLP

11

12                                                       BY: _____/s/_____

13                                                                      JARED BOBROW
                                                                        jared.bobrow@weil.com

14                                                                      Attorneys for Defendant,
15                                                                      LEXAR MEDIA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28