# EXHIBIT K
TO THE DECLARATION OF JOSEPH H. LEE
IN SUPPORT OF DEFENDANT'S
MOTION TO STAY THIS LITIGATION
PENDING THE OUTCOME OF
REEXAMINATION PROCEEDINGS

This will permit reexamination of the proceeding to proceed pursuant to 37 CFR 1.550(a).<

## 2250    Amendment by Patent Owner [R-5]

*37 CFR 1.121.    Manner of making amendments in application.*

\*\*\*\*\*

(j) *Amendments in reexamination proceedings.* Any proposed amendment to the description and claims in patents involved in reexamination proceedings must be made in accordance with § 1.530.

*37 CFR 1.530.    Statement by patent owner in ex parte reexamination; amendment by patent owner in ex parte or inter partes reexamination: inventorship change in ex parte or inter partes reexamination.*

\*\*\*\*\*

(d) *Making amendments in a reexamination proceeding.* A proposed amendment in an *ex parte* or an *inter partes* reexamination proceeding is made by filing a paper directing that proposed specified changes be made to the patent specification, including the claims, or to the drawings. An amendment paper directing that proposed specified changes be made in a reexamination proceeding may be submitted as an accompaniment to a request filed by the patent owner in accordance with § 1.510(e), as part of a patent owner statement in accordance with paragraph (b) of this section, or, where permitted, during the prosecution of the reexamination proceeding pursuant to § 1.550(a) or § 1.937.

(1) *Specification other than the claims.* Changes to the specification, other than to the claims, must be made by submission of the entire text of an added or rewritten paragraph including markings pursuant to paragraph (f) of this section, except that an entire paragraph may be deleted by a statement deleting the paragraph, without presentation of the text of the paragraph. The precise point in the specification must be identified where any added or rewritten paragraph is located. This paragraph applies whether the amendment is submitted on paper or compact disc (*see* §§ 1.96 and 1.825).

(2) *Claims.* An amendment paper must include the entire text of each patent claim which is being proposed to be changed by such amendment paper and of each new claim being proposed to be added by such amendment paper. For any claim changed by the amendment paper, a parenthetical expression "amended," "twice amended," *etc.*, should follow the claim number. Each patent claim proposed to be changed and each proposed added claim must include markings pursuant to paragraph (f) of this section, except that a patent claim or proposed added claim should be canceled by a statement canceling the claim, without presentation of the text of the claim.

(3) *Drawings.* Any change to the patent drawings must be submitted as a sketch on a separate paper showing the proposed changes in red for approval by the examiner. Upon approval of the changes by the examiner, only new sheets of drawings including the changes and in compliance with § 1.84 must be filed.

Amended figures must be identified as "Amended," and any added figure must be identified as "New." In the event a figure is canceled, the figure must be surrounded by brackets and identified as "Canceled."

(4) The formal requirements for papers making up the reexamination proceeding other than those set forth in this section are set out in § 1.52.

(e) *Status of claims and support for claim changes.* Whenever there is an amendment to the claims pursuant to paragraph (d) of this section, there must also be supplied, on pages separate from the pages containing the changes, the status (*i.e.*, pending or canceled), as of the date of the amendment, of all patent claims and of all added claims, and an explanation of the support in the disclosure of the patent for the changes to the claims made by the amendment paper.

(f) *Changes shown by markings.* Any changes relative to the patent being reexamined which are made to the specification, including the claims, must include the following markings:

(1) The matter to be omitted by the reexamination proceeding must be enclosed in brackets; and

(2) The matter to be added by the reexamination proceeding must be underlined.

(g) *Numbering of patent claims preserved.* Patent claims may not be renumbered. The numbering of any claims added in the reexamination proceeding must follow the number of the highest numbered patent claim.

(h) *Amendment of disclosure may be required.* The disclosure must be amended, when required by the Office, to correct inaccuracies of description and definition, and to secure substantial correspondence between the claims, the remainder of the specification, and the drawings.

(i) *Amendments made relative to patent.* All amendments must be made relative to the patent specification, including the claims, and drawings, which are in effect as of the date of filing the request for reexamination.

(j) *No enlargement of claim scope.* No amendment may enlarge the scope of the claims of the patent or introduce new matter. No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.

(k) *Amendments not effective until certificate.* Although the Office actions will treat proposed amendments as though they have been entered, the proposed amendments will not be effective until the reexamination certificate is issued.

\*\*\*\*\*

*37 CFR 1.52.    Language, paper, writing, margins, compact disc specifications.*

(a) *Papers that are to become a part of the permanent United States Patent and Trademark Office records in the file of a patent application or a reexamination proceeding.*

(1) All papers, other than drawings, that are submitted on paper or by facsimile transmission, and are to become a part of the permanent United States Patent and Trademark Office records in the file of a patent application or reexamination proceeding, must

HeinOnline -- 8 MPEP 2200-70 August 2006

Exhibit K-001

be on sheets of paper that are the same size, not permanently bound together, and:

(i) Flexible, strong, smooth, non-shiny, durable, and white;

(ii) Either 21.0 cm by 29.7 cm (DIN size A4) or 21.6 cm by 27.9 cm (8 1/2 by 11 inches), with each sheet including a top margin of at least 2.0 cm (3/4 inch), a left side margin of at least 2.5 cm (1 inch), a right side margin of at least 2.0 cm (3/4 inch), and a bottom margin of at least 2.0 cm (3/4 inch);

(iii) Written on only one side in portrait orientation;

(iv) Plainly and legibly written either by a typewriter or machine printer in permanent dark ink or its equivalent; and

(v) Presented in a form having sufficient clarity and contrast between the paper and the writing thereon to permit the direct reproduction of readily legible copies in any number by use of photographic, electrostatic, photo-offset, and microfilming processes and electronic capture by use of digital imaging and optical character recognition.

(2) All papers that are submitted on paper or by facsimile transmission and are to become a part of the permanent records of the United States Patent and Trademark Office should have no holes in the sheets as submitted.

(3) The provisions of this paragraph and paragraph (b) of this section do not apply to the pre-printed information on paper forms provided by the Office, or to the copy of the patent submitted on paper in double column format as the specification in a reissue application or request for reexamination.

(4) *See* § 1.58 for chemical and mathematical formulae and tables, and § 1.84 for drawings.

(5) Papers that are submitted electronically to the Office must be formatted and transmitted in compliance with the Office's electronic filing system requirements.

(b) *The application (specification, including the claims, drawings, and oath or declaration) or reexamination proceeding and any amendments or corrections to the application or reexamination proceeding.*

(1) The application or proceeding and any amendments or corrections to the application (including any translation submitted pursuant to paragraph (d) of this section) or proceeding, except as provided for in § 1.69 and paragraph (d) of this section, must:

(i) Comply with the requirements of paragraph (a) of this section; and

(ii) Be in the English language or be accompanied by a translation of the application and a translation of any corrections or amendments into the English language together with a statement that the translation is accurate.

(2) The specification (including the abstract and claims) for other than reissue applications and reexamination proceedings, and any amendments for applications (including reissue applications) and reexamination proceedings to the specification, except as provided for in §§ 1.821 through 1.825, must have:

(i) Lines that are 1 1/2 or double spaced;

(ii) Text written in a nonscript type font (*e.g.,* Arial, Times Roman, or Courier, preferably a font size of 12) lettering style having capital letters which should be at least 0.3175 cm. (0.125 inch) high, but may be no smaller than 0.21 cm. (0.08 inch) high (*e.g.,* a font size of 6); and

(iii) Only a single column of text.

(3) The claim or claims must commence on a separate physical sheet or electronic page (§ 1.75(h)).

(4) The abstract must commence on a separate physical sheet or electronic page or be submitted as the first page of the patent in a reissue application or reexamination proceeding (§ 1.72(b)).

*****

**

Amendments to the patent (one which has not expired) may be filed by the patent owner with his or her request. See  MPEP § 2221. Such amendments, however, may not enlarge the scope of a claim of the patent or introduce new matter. Amended or new claims which broaden or enlarge the scope of a claim of the patent should be rejected under 35 U.S.C. 305. The test for when an amended or "new claim enlarges the scope of an original claim under 35 U.S.C. 305 is the same as that under the 2-year limitation for reissue applications adding enlarging claims under 35 U.S.C. 251, last paragraph." *In re Freeman,* 30 F.3d 1459, 1464, 31 USPQ2d 1444, 1447 (Fed. Cir. 1994). See MPEP § 2258 for a discussion of enlargement of claim scope. For handling of new matter, see  MPEP § 2270. Amendments proposed in a reexamination will normally be entered and be considered to be entered for purposes of prosecution before the Office (if they are timely and comply with the rules); however, the amendments do not become effective in the patent until the reexamination certificate under 35 U.S.C. 307 is issued.

No amendment will be permitted where the certificate issues after expiration of the patent. See 37 CFR 1.530(d)(3). The patent expiration date for a utility patent, for example, is determined by taking into account the term of the patent, whether maintenance fees have been paid for the patent, whether any disclaimer was filed as to the patent to shorten its term, any patent term extensions or adjustments for delays within the USPTO under 35 U.S.C. 154 (see MPEP § 2710 *et seq.*), and any patent term extensions available under 35 U.S.C. 156 for premarket regulatory review (see MPEP § 2750 *et. seq.*).  Any other relevant information should also be taken into account.

*Amendment Entry* — Amendments which comply with  37 CFR 1.530(d)-(j) (and are formally presented pursuant to 37 CFR 1.52(a) and (b), and contain all fees required by 37 CFR 1.20(c)) will be entered in

HeinOnline -- 8 MPEP 2200-71 August 2006

Exhibit K-002

the reexamination file pursuant to the guidelines set forth in MPEP § 2234.

## I.   MANNER OF MAKING AMENDMENTS IN REEXAMINATION PROCEEDINGS

Amendments made in a reexamination proceeding must comply with the formal requirements of 37 CFR 1.52(a) and (b), as do all papers that are to become a part of the permanent USPTO file records in a patent application or proceeding. If an amendment is submitted to add claims to the patent being reexamined (i.e., to provide new claims), then excess claim fees pursuant to 37 CFR 1.20(c)(3) and (4) may be applicable to the presentation of the added claims. See MPEP § 2250.03. In addition, the provisions of 37 CFR 1.530(d)-(k) uniquely apply to amendments in both *ex parte* and *inter partes* reexamination proceedings, as follows.

### A.   The Specification

37 CFR 1.530(d)(1) relates to the manner of making amendments to the reexamination "specification" (other than the claims). It is not to be used for making amendments to the claims or the drawings.

37 CFR 1.530(d)(1) requires that all amendments, which include any deletions or additions, must be made by submission of the full text of any paragraph to be changed in any manner, with markings (brackets and underlining) showing the changes. It should be noted that examiner's amendments made at the time when the Notice of Intent to Issue Reexamination Certificate (NIRC) is prepared also require the full text of any paragraph to be changed, with markings. The exception for examiner's amendment set forth in 37 CFR 1.121(g) does **not** apply to examiner's amendments in reexamination proceedings. It should further be noted that the requirement of 37 CFR 1.530(d)(1) applies regardless of whether the amendment is submitted on paper or on compact disc (pursuant to 37 CFR 1.96 or 1.825). The only exception to this requirement is that an entire paragraph of specification text may be deleted from the specification by a statement deleting the paragraph without the presentation of the text of the paragraph.

In accordance with 37 CFR 1.530(d)(1), all paragraphs which are added to the specification must be submitted as completely underlined.

37 CFR 1.530(d)(1) requires that the precise point where each amendment is to be made must be indicated.

37 CFR 1.530(d)(1) defines the "markings" by reference to 37 CFR 1.530(f) as being brackets for deletion and underlining for addition. All bracketing and underlining is made in comparison to the original patent; not in comparison with the prior amendment.

Where a change is made in one sentence, paragraph or page of the patent, and the change increases or decreases the size of the sentence, paragraph or page, this will have no effect on the body of the reexamination "specification" (the copy of the patent). This is because all insertions are made as blocked additions of paragraphs, which are not physically inserted within the specification papers. Rather, each blocked paragraph is assigned a letter and number, and a caret written in the specification papers indicates where the blocked paragraph is to be incorporated. Therefore, a reexamination patent owner need not be concerned with page formatting considerations when presenting amendments to the Office.

### B.   The Claims

37 CFR 1.530(d)(2) relates to the manner of making amendments to the claims in a reexamination proceeding. It is not to be used for making amendments to the remainder of the specification or to the drawings.

37 CFR 1.530(d)(2) requires that:

(A) for each claim that is proposed to be amended by the amendment paper being submitted (the current amendment paper), the entire text of the claim must be presented with appropriate markings showing the changes to the claim;

(B) for each proposed new claim which is added in the reexamination by the amendment paper being submitted (the current amendment paper), the entire text of the proposed new claim must be presented and it must be underlined throughout;

(C) a patent claim is canceled by a direction to cancel that claim, there is no need to present the text of the patent claim surrounded by brackets; and

(D) a proposed new claim (previously added in the reexamination) is canceled by a direction to cancel that claim.

HeinOnline -- 8 MPEP 2200-72 August 2006

Exhibit K-003

It should be noted that examiner's amendments made at the time when the Notice of Intent to Issue Reexamination Certificate (NIRC) is prepared also require the full text of any claim to be changed, with markings. The exception for examiner's amendment set forth in 37 CFR 1.121(g) does **not** apply to examiner's amendments in reexamination proceedings. It should further be noted that the requirements of 37 CFR 1.530(d)(2) apply regardless of whether the amendment is submitted on paper or on compact disc (pursuant to 37 CFR 1.96 or 1.825).

In accordance with 37 CFR 1.530(e), each amendment submitted must set forth the status of all patent claims and all added claims as of the date of the submission. The status to be set forth is whether the claim is pending, or canceled. The failure to submit the claim status will generally result in a notification to the patent owner of an informal response (see MPEP § 2266.02) prior to final rejection. Such an amendment submitted after final rejection will not be entered.

Also in accordance with 37 CFR 1.530(e), each claim amendment must be accompanied by an explanation of the support in the disclosure of the patent for the amendment (i.e., support for the changes made in the claim(s), support for any insertions and deletions). The failure to submit an explanation will generally result in a notification to the patent owner that the amendment prior to final rejection is not completely responsive since the failure to set forth the support in the disclosure goes to the merits of the case (see MPEP § 2266.01). Such an amendment submitted after final rejection will not be entered.

37 CFR 1.530(f) identifies the type of markings required in the claim to be amended as underlining for added material and single brackets for material deleted.

37 CFR 1.530(g) states that original patent claims may not be renumbered. A patent claim retains its number even if it is canceled in the reexamination proceeding, and the numbering of any added claims must begin after the last original patent claim.

## C.    The Drawings

With respect to amendment of the drawings in a reexamination proceeding, see MPEP § 2250.01.

Form paragraph 22.12 may be used to advise patent owner of the proper manner of making amendments in an *ex parte* reexamination proceeding.

## D.    Form Paragraphs - Ex Parte Reexamination

¶ *22.12 Amendments Proposed in a Reexamination - 37 CFR 1.530(d)-(j)*

Patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c).

**Examiner Note:**

This paragraph may be used in the order granting reexamination and/or in the first Office action to advise patent owner of the proper manner of making amendments in a reexamination proceeding.

¶ *22.13 Improper Amendment in an Ex Parte Reexamination - 37 CFR 1.530(d)-(j)*

The amendment filed **[1]** proposes amendments to **[2]** that do not comply with 37 CFR 1.530(d)-(j), which sets forth the manner of making amendments in reexamination proceedings. A supplemental paper correctly proposing amendments in the present *ex parte* reexamination proceeding is required.

A shortened statutory period for response to this letter is set to expire ONE MONTH or THIRTY DAYS, whichever is longer, from the mailing date of this letter. If patent owner fails to timely correct this informality, the amendment will be held not to be an appropriate response, prosecution of the present *ex parte* reexamination proceeding will be terminated, and a reexamination certificate will issue. 37 CFR 1.550(d).

**Examiner Note:**

This paragraph may be used for any 37 CFR 1.530(d)-(j) informality as to a proposed amendment submitted in a reexamination proceeding prior to final rejection. After final rejection, the amendment should not be entered and patent owner informed of such in an advisory Office action using Form PTOL 467.

The cover sheet to be used for mailing the notification to the patent owner will be PTOL-473.

As an alternative to using form paragraph 22.13, it would also be appropriate to use form PTOL-475.

Note that if the informal amendment is submitted after final rejection, form paragraph 22.13 and form PTOL-475 should not be used. Rather an advisory Office action (using form PTOL-467) should be issued indicating that the amendment was not entered. In the "Other" section, it should be explained that the amendment was not entered because it does not comply with 37 CFR 1.530(d)-(j), which sets forth the

Exhibit K-004

manner of making amendments in reexamination proceedings.

### E.    Form Paragraphs - Inter Partes Reexamination

See MPEP § 2666.01 for the form paragraphs to use in *inter partes* reexamination proceedings, in advising the patent owner as to the manner of making amendments.

## II.    ALL CHANGES ARE MADE *VIS-A-VIS* THE PATENT BEING REEXAMINED

When a reexamination certificate is printed, all underlined matter is printed in italics and all brackets are printed as they were inserted in the proceeding in order to thereby show exactly which additions and deletions have been made in the patent via the reexamination proceeding. In accordance with 37 CFR 1.530(i), all amendments to the patent being reexamined must be made relative to the patent specification in effect as of the date of the filing of the request for reexamination. The patent specification includes the claims and drawings. If there was a prior change to the patent (made via a prior reexamination certificate, reissue of the patent, certificate of correction, etc.), the first amendment must be made relative to the patent specification as changed by the prior proceeding or other mechanism for changing the patent. All amendments subsequent to the first amendment must also be made relative to the patent specification in effect as of the date of the filing of the request for reexamination, and not relative to the prior amendment.

## III.    AMENDMENT AFTER THE PATENT HAS EXPIRED

Pursuant to 37 CFR 1.530(j), "[n]o amendment may be proposed for entry in an expired patent." Thus, if a patent expires during the pendency of a reexamination proceeding for a patent, all amendments to the patent claims and all claims added during the proceeding are withdrawn. This is carried out by placing a diagonal line across all amended and new claims (and text added to the specification) residing in the amendment papers. The patent owner should be notified of this in the next Office action. The Office action will hold the amendments to be improper, and

state that all subsequent reexamination will be on the basis of the unamended patent claims. This procedure is necessary since no amendments will be incorporated into the patent by a certificate after the expiration of the patent.

37 CFR 1.530(j) further states that "[m]oreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent."

Thus, at the time the NIRC is to be issued, the examiner should ensure that all rejected and objected to claims are canceled. The examiner should issue an examiner's amendment canceling any such claims not already canceled.

The cancellation of the original patent claims is the only "amendatory" change permitted in an expired patent.

## IV.    EXAMPLES

A substantial number of problems arise in the Office because of improper submission of proposed amendments in reexamination proceedings. The following examples are provided to assist in the preparation of proper proposed amendments in reexamination proceedings.

(A) Original Patent Description Or Patent Claim Amended

(1) Specification - submit a copy of the entire paragraph (of the specification of the patent) being amended with underlining and bracketing. Thus, the amendment would be presented as follows:

> Replace the paragraph beginning at column 4, line 23 with the following:
>
> Scanning [is] are controlled by clocks which are, in turn, controlled from the display tube line synchronization. The signals resulting from scanning the scope of the character are delivered in parallel, then converted into serial mode through a shift register, wherein the shift signal frequency is controlled by a clock that is controlled from the display tube line synchronization.

(2) Claims - for changes to the patent claims, one must submit a copy of the entire patent claim with the amendments shown by underlining and bracketing. Thus, the amendment would be presented as follows:

Exhibit K-005

Amend claim 6 as follows:

Claim 6. (amended), The apparatus of claim [5] 1 wherein the [first] second piezoelectric element is parallel to the [second] third piezoelectric element.

If the dependency of any original patent claim is to be changed by amendment, it is proper to make that original patent claim dependent upon a later filed higher numbered claim.

(B) Cancellation of Entire Claim(s)

(1) Original patent claim canceled - in writing, direct cancellation of the entire patent claim.

Cancel claim 6.

(2) Proposed new claim (previously added in the reexamination) canceled - in writing, direct cancellation of the entire claim.

Cancel claim 15.

(C) Presentation Of New Claims

Each proposed new claim (i.e., a claim not found in the patent, that is newly presented in the reexamination proceeding) should be presented with underlining throughout the claim.

Claim 7. The apparatus of claim 5 further comprising electrodes attaching to said opposite faces of the second and third piezoelectric elements.

Even though an original claim may have been canceled, the numbering of the original claims does not change. Accordingly, any added claims are numbered beginning with the next higher number than the number of claims in the original patent. If new claims have been added to the reexamination proceeding which are later canceled prior to the issuance of the reexamination certificate, the examiner will renumber, at the time of preparing the NIRC for subsequent issuance of the certificate, any remaining new claims in numerical order to follow the highest number of the claims in the original patent.

A claim number previously assigned to a new claim that has been canceled should not be reassigned to a different new claim during the reexamination proceeding. For example, if new claim 5 added in a prior amendment is canceled in a later amendment, a different new claim added in a later amendment during the reexamination proceeding would be claim 6. Of course, at the time of preparing the NIRC, claim 6 would be renumbered for issue of the reexamination certificate as claim 5.

(D) Amendment Of New Claims

An amendment of a new claim (i.e., a claim not found in the patent, that was previously presented in the reexamination proceeding) must present the entire text of the new claim containing the amendatory material, and it must be underlined throughout the claim. The presentation cannot contain any bracketing or other indication of what was in the previous version of the claim. This is because all changes in the reexamination are made *vis-a-vis* the original patent, and not in comparison with any prior amendment. Although the presentation of the amended claim does not contain any indication of what is changed from a previous version of the claim, patent owner must point out what is changed, in the "Remarks" portion of the amendment. Also, as per 37 CFR 1.530(e), each change made in the claim must be accompanied by an explanation of the support in the disclosure of the patent (i.e., the reexamination specification) for the change.

(E) Amendment Of Original Patent Claims More Than Once

The following example illustrates proper claim amendment of original patent claims in reexamination proceedings, where more than one amendment to a claim is made:

(1) Patent claim.

Claim 1. A cutting means having a handle portion and a blade portion.

(2) Proper first amendment format.

Claim 1. (amended), A [cutting means] knife having a bone handle portion and a notched blade portion.

(3) Proper second amendment format.

Claim 1. (twice amended), A [cutting means] knife having a handle portion and a serrated blade portion.

Note that the second amendment must include (1) the changes previously presented in the first amendment; i.e., [cutting means] knife, as well as (2) the new changes presented in the second amendment; i.e., serrated.

The word bone was presented in the first amendment and is now to be deleted in the second amendment. Thus, "bone" is NOT to be shown in brackets in the second amendment. Rather, the word "bone" is

Exhibit K-006

simply omitted from the claim, since "bone" never appeared in the patent.

The word underlined notched which was presented in the first amendment is replaced by the word serrated in the second amendment. The word notched is being deleted in the second amendment and did not appear in the patent; accordingly, "notched" is not shown in any form in the claim. The word serrated is being added in the second amendment, and accordingly, "serrated" is added to the claim and is underlined.

It should be understood that in the second amendment, the deletions of "notched" and "bone" are not changes from the original patent claim text and therefore, are not shown in the second amendment. In both the first and the second amendments, the entire claim is presented only with the changes from the original patent text.

If the patent expires during an *ex parte* or *inter partes* reexamination proceeding and the patent claims have been amended in that *ex parte* reexamination proceeding, the Office will hold the amendments as being improper, and all subsequent reexamination will be on the basis of the unamended patent claims. This procedure is necessary since no amendments will be incorporated into the patent by certificate after the expiration of the patent.

## V.    CROSS REFERENCES TO OTHER AREAS

(A) For clerical handling of amendments, see MPEP § 2270 for *ex parte* reexamination proceedings, and see MPEP § 2670 for *inter partes* reexamination proceedings.

(B) As to amendments in a merged proceeding, see MPEP § 2283 for an *ex parte* reexamination merged with another *ex parte* reexamination and MPEP § 2285 for an *ex parte* reexamination merged with a reissue application. If an *inter partes* reexamination proceeding is included in the merger, see MPEP § 2686.01 and § 2686.03.

(C) As to amendments in a pending reexamination proceeding where a reexamination certificate has issued for the patent based on a prior concluded reexamination, pursuant to MPEP § 2295, any amendment made in the pending reexamination proceeding must be presented as if the changes made to the patent text via the reexamination certificate (for the prior concluded reexamination) are a part of the original patent.

All italicized text of the certificate is considered as if the text was present without italics in the original patent. Further, any text of the reexamination certificate found in brackets is considered as if it were never present in the patent at all. Thus, for making an amendment in the pending reexamination, all italicized text of the reexamination certificate is presented in the amendment without italics. Further, any text found in brackets in the reexamination certificate is omitted in the amendment.

(D) As to amendments in a pending reexamination proceeding where a reissue patent has been granted, pursuant to MPEP § 2285, subsection II.A., an amendment in a reexamination of a reissued patent is made the same way as in a reexamination of a reexamined patent (i.e., as per MPEP § 2295). Thus, all italicized text of the reissue patent is presented in the amendment (made in the pending reexamination proceeding) without italics. Further, any text found in brackets in the reissue patent is omitted in the amendment (made in the pending reexamination proceeding).

(E) For handling a dependent claim in reexamination proceedings, see MPEP § 2260.01.

## 2250.01    Correction of Patent Drawings [R-3]

*37 CFR 1.530. Statement by patent owner in ex parte reexamination: amendment by patent owner in ex parte or inter partes reexamination; inventorship change in ex parte or inter partes reexamination.*

*****

(d) *Making amendments in a reexamination proceeding.* A proposed amendment in an *ex parte* or an *inter partes* reexamination proceeding is made by filing a paper directing that proposed specified changes be made to the patent specification, including the claims, or to the drawings. An amendment paper directing that proposed specified changes be made in a reexamination proceeding may be submitted as an accompaniment to a request filed by the patent owner in accordance with § 1.510(e), as part of a patent owner statement in accordance with paragraph (b) of this section, or, where permitted, during the prosecution of the reexamination proceeding pursuant to § 1.550(a) or § 1.937.

*****

(3) *Drawings.* Any change to the patent drawings must be submitted as a sketch on a separate paper showing the proposed changes in red for approval by the examiner. Upon approval of the changes by the examiner, only new sheets of drawings including the changes and in compliance with § 1.84 must be filed.

HeinOnline -- 8 MPEP 2200-76 August 2006

Exhibit K-007