1  J. MICHAEL KALER, SBN 158296
2  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
3  Telephone (858) 362-3151
4  michael@kalerlaw.com

5  MELODY A. KRAMER, SBN 169984
6  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
7  Telephone (858) 362-3150
8  mak@kramerlawip.com

9  Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
10 DEVELOPMENT TRUST

11

12                       UNITED STATES DISTRICT COURT

13                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                              SAN JOSE DIVISION

15

16 | JENS ERIK SORENSEN, as Trustee of ) Case No. 08 CV 00095 JW
   | SORENSEN RESEARCH AND            )
17 | DEVELOPMENT TRUST,                ) **DECLARATION OF EDWARD**
                                      ) **TRUITT IN SUPPORT OF**
18 |                        Plaintiff  ) **PLAINTIFF'S MOTION FOR**
19 |            v.                     ) **APPLICATION OF 35 U.S.C. § 295**
                                      ) **PRESUMPTION OF**
20 | LEXAR MEDIA, INC., a Delaware     ) **INFRINGEMENT**
21 | Corporation; and DOES 1 – 100,    )
                                      ) Date:  June 9, 2008
22 |                        Defendants.) Time:  9:00 A.M.
23 |                                   ) Courtroom 8, 4th Floor
                                      ) Judge: The Hon. James Ware
24 |                                   )
25 |                                   ) *Oral Argument is Respectfully Requested*
                                      ) *at Hearing on This Matter.*
26 |_____)

27

28

I, EDWARD TRUITT, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney conducting research on a contractual basis for counsel to Sorensen Research and Development Trust ("SRDT"), Plaintiff in the above-captioned matter.

3. This declaration is made in support of Plaintiff's Motion for Application of 35 U.S.C. § 295 Presumption of Infringement.

4. I recently conducted extensive research on the factual and legal aspects of conducting discovery of Chinese nationals and Chinese companies in U.S. courts. My research revealed the following:

5. Two agreements govern the ability of the U.S. courts to compel discovery including depositions in China. Neither agreement provides an avenue for reasonable discovery in this matter.

6. Article 27(1) of the U.S.-China Consular Convention of 1980 allows consular officers of either nation to take and witness statements and testimony for use in connection with a legal proceeding of either nation; 33 U.S.T. 3048. China clarified this Convention in a series of diplomatic notes from the Chinese Ministry of Foreign Affairs to the U.S. Embassy in Beijing. The Chinese government stated that depositions under oath may only be taken by a U.S. Consular official or foreign attorney if, and only if, Beijing first gives express permission after receiving a letter rogatory through the Bureau of International Judicial Assistance of the Ministry of Justice of the People's Republic of China. (Diplomatic Note No. 106 dated 6 November 1981, Diplomatic Note No. 88 dated 11 September, and Diplomatic Note No. 77 dated 11 September 1996).

7. On only one occasion has the Chinese government ever granted permission for a limited deposition. *United States v. Leung Pak Lun, et al* CR 88

0214-WHO. In connection with this one deposition, China informed the U.S. government that the grant of permission should not be construed as precedent.

8.  The second agreement governing discovery in China is The Hague Conference on Private International Law Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Upon China's accession to The Hague Evidence Convention, China declared that the provisions of Chapter II of the Convention except for Article 15 will not be applicable; China means that diplomatic and consular officers may take evidence without compulsion of nationals of the United States, only with express permission given upon application to the Chinese government. *See* Dept of State, *China Judicial Assistance*, available at http://travel.state.gov/law/info/judicial/judicial_694.html. No depositions have ever been allowed under this Convention. Further, it is not possible for any U.S. Court to compel production of evidence thereby. *Id.* Attached as Exhibit A.

9.  The Chinese strictly guard the laws on administering and swearing of oaths. This makes voluntary depositions between private parties both very difficult and a criminal act. When foreign attorneys or consular officials administer an unauthorized oath in China, the penalties include arrest, detention, expulsion, or deportation of all participants in the oath. (http://travel.state.gov/law/info/judicial/judicial_694.html). Attached as Exhibit B.

10.  In *Popular Imports, Inc. v. Wong's Intern., Inc.*, 166 F.R.D. 276 (E.D.N.Y. 1996) the court upheld the admissibility of depositions taken in China, without the use of letters rogatory. However, this was only because the issue of legality had not been raised prior to the depositions and was deemed waived:

> Had plaintiff raised this issue prior to the taking of the depositions, and had the Court concluded that the procedures proposed would in fact have violated Chinese law, the Court would of course have been loathe to authorize procedures that would have put counsel at risk and might well have generated diplomatic friction.

1. *Id.* at 279.

2. 11.  U.S. judgments cannot and will not be enforced in China. Chinese law requires the existence of a treaty or de facto reciprocity in order to enforce a foreign judgment. Neither of this exists between the United States and China.

3. 12.  Research reveals specific cases in which enforcement was refused and no cases in which enforcement was granted. *See* Clarke, Donald C., "The Enforcement of United States Court Judgments in China: A Research Note" (May 27, 2004). GWU Legal Studies Research Paper No. 236 Available at SSRN: http://ssrn.com/abstract=943922.

I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraphs are true and correct to the best of my own personal knowledge.

DATED this Thursday, April 10, 2008.

/s/ Edward Truitt
Edward Truitt, Esq.