# Kramer Law Office, Inc.
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

November 7, 2007

Mr. Bruce D. Kuyper
Latham & Watkins
633 West 5th Street, Suite 4000
Los Angeles, CA 90071-2007

**CONFIDENTIAL OFFER OF COMPROMISE**
Subject To Federal Rules Of Evidence § 408

RE:   Sorensen Research & Development Trust v. Lexar Media, Inc.
      U.S. Patent No. 4,935,184
      Matter No. 5493

Dear Mr. Kuyper:

Please be advised that I am outside litigation counsel for Sorensen Research & Development Trust. I will be coordinating with Mr. Kaler in obtaining prompt resolution of the above-referenced dispute either through receipt of a declaration of process, licensing, or litigation.

To summarize the posture of this matter, Lexar has been on actual notice since April 2005 that the Lexar Media JumpDrive 128 MB is substantially likely, within the meaning of 35 U.S.C. § 295, manufactured with a process that infringes on the '184 patent. It has been on constructive notice since the issuance of the patent in June 1990. Your law firm and Lexar's prior General Counsel have provided us with hearsay statements claimed to be from two suppliers that, if verified, could demonstrate non-infringement and resolve this matter once and for all.

However, rather than backing up your client's representations of a non-infringing process being used, Lexar is adamantly refusing to back up its story of non-infringement under oath. If Lexar won't swear to its story under penalty of perjury, than it is as good as saying nothing. It also makes us question the veracity of the statements in the first place.

Be assured that Lexar cannot defend a patent infringement case based upon unsworn testimony. If Lexar can provide admissible sworn testimony regarding the

manufacturing process for the Accused Products, now is the time to do it before a suit is filed. My client has no interest in pursuing companies that do not infringe on its patent rights, but absolutely will not be hoodwinked into accepting assurances of the existence of material facts without them being made under penalty of perjury.

With all that being said, I am sure that you and your client would be happy to be able to close this file and move on with other business. That can be done, but only with cooperation. This is what I need to close this file.

First, in order to gain some credibility with me, I need to receive copies of the written assurances Lexar received from the two suppliers as referenced in letters to Mr. Kaler, as well as the letters to those suppliers to which those letters responded.

Second, I need to know whether Lexar is able to execute a declaration regarding the manufacturing process for the Accused Process, assuming we agree on one, or whether I need to go up the chain of ownership to Micron Technology, Inc. You have previously represented to Mr. Kaler that the acquisition of Lexar by Micron Technology, Inc. precluded Lexar from signing any declaration. If that is the case, then I will be contacting Micron directly.

I will look forward to receipt of the requested materials and information <u>no later than November 30, 2007</u>. Thank you in advance for your cooperation in working to resolve this matter for both of our clients.

Sincerely,


Melody A. Kramer

Case 5:08-cv-00095-JW     Document 20-10     Filed 04/11/2008     Page 3 of 5

Melody A. Kramer, Esq.
December 6, 2007
Page 2

**LATHAM&WATKINS**LLP

them confidential and accessed only by you and Mr. Kaler; (2) to never use them for any purpose other than evaluating SRD Trust's infringement allegations against Lexar concerning the '184 patent; (3) that Lexar has not waived any privileges by sharing them; and (4) that SRD Trust will never claim any waiver as a result of our sharing them.

    We continue to consider this matter closed.

            Sincerely,

            *Bruce D. Kuyper*
            Bruce D. Kuyper
            of LATHAM & WATKINS LLP

LA\1801870.3

# Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FAX 213-891-8763

Copy

December 6, 2007

Bruce D. Kuyper
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

**CONFIDENTIAL OFFER OF COMPROMISE**
Subject To Federal Rules of Evidence § 408

RE:   Sorensen Research & Development Trust v. Lexar Media, Inc.
      U.S. Patent No. 4,935,184

Dear Mr. Kuyper:

I had hoped that you would work with me to resolve this matter for both of our clients. However, based upon your letter, it appears that you are not willing to cooperate.

We will not agree to your proposed terms for disclosure of your inquiries to suppliers or written assurances claimed to have been received from suppliers stating that Lexar does not infringe the '184 patent. Such documents are not privileged and you would have to provide them in litigation discovery. You have repeatedly challenged us to provide evidence that Lexar's suppliers' statements could be incorrect while simultaneously refusing to give those statements to us.

In addition to refusing to show us the "evidence" upon which you based your assertions of non-infringement, your client also is refusing to back up those assertions under oath. As such, you have presented with nothing but argument. That is wholly insufficient for purposes of wrapping up this matter.

It is apparent that Lexar has chosen litigation in lieu of informal resolution and we will be acting accordingly.

Sincerely,

Melody A. Kramer