1  JARED BOBROW (Bar No. 133712)
   jared.bobrow@weil.com
2  JOSEPH H. LEE (Bar No. 248046)
   joseph.lee@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA  94065
   Telephone: (650) 802-3000
5  Facsimile: (650) 802-3100

6  Attorneys for Defendant
   LEXAR MEDIA, INC.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                SAN JOSE DIVISION

11

12 | JENS ERIK SORENSEN, as Trustee of        | Case No. C08-00095 JW RS
   | SORENSEN RESEARCH AND
13 | DEVELOPMENT TRUST,                        | DEFENDANT LEXAR MEDIA'S REPLY
   |                                            | IN SUPPORT OF ITS MOTION TO STAY
14 |              Plaintiff,                    | THIS LITIGATION PENDING THE
   |                                            | OUTCOME OF REEXAMINATION
15 |          v.                                | PROCEEDINGS

16 | LEXAR MEDIA, INC., a Delaware corporation; | Date:        May 5, 2008
   | and DOES 1 - 100,                          | Time:        9:00 a.m.
17 |                                            | Courtroom:   8, 4th Floor
   |              Defendants.                   | Judge:       Hon. James Ware
18

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

REPLY BRIEF ISO LEXAR'S MOTION TO STAY
PROCEEDINGS

1    I.    **ISSUE TO BE DECIDED**

2    　　　　Whether a stay of the above-captioned proceeding should be granted pending the

3    outcome of the multiple ongoing U.S. Patent and Trademark Office ("PTO") reexaminations of

4    expired U.S. Patent No. 4,935,184 ("the '184 patent"), given that plaintiff has not shown undue

5    prejudice, discovery on this case has not yet begun, and a trial date has not been set.

6    II.    **INTRODUCTION**

7    　　　　Plaintiff Sorensen Trustee has presented no valid reason for denying Lexar's stay

8    motion. The '184 patent has expired. There is no prospect of injunctive relief. Sorensen and

9    Lexar do not compete in the market. And multiple courts–four of them–already have stayed

10   litigation on this patent–including in this District. These undisputed facts strongly favor a stay.

11   　　　　Moreover, Sorensen has failed to show that any of the *Guthy-Renker* factors favor

12   proceeding with this litigation. Sorensen cannot and does not dispute that a stay would simplify

13   the issues in question and the trial of the case. Nor does Sorensen dispute that discovery has not

14   yet begun and that no trial date has been set.

15   　　　　The only factor that Sorensen addresses is prejudice, and there the Trustee makes

16   no showing whatsoever. Because Sorensen cannot secure an injunction, the only relief the

17   Trustee can claim is money damages. Yet, Sorensen makes no showing that Lexar is at risk of

18   insolvency or financial hardship. Nor does Sorensen explain why the interest rate statutes do not

19   provide adequate protection for any delay that may result from the reexamination proceedings.

20   　　　　Sorensen Trustee's assertion that he will be prejudiced by the loss of relevant

21   evidence during the stay is groundless. The argument is based on the premise that Sorensen can

22   and will conduct discovery from Lexar's suppliers. Yet, at the same time that Sorensen makes

23   this argument, the Trustee also argues in a pending Motion for Application of 35 U.S.C. § 295

24   Presumption of Infringement ("Motion for § 295 Presumption") that he cannot obtain discovery

25   regarding the accused process. The argument also ignores the fact that Lexar has agreed to

26   provide the names of its suppliers (so the Trustee can conduct his own investigation) under

27   appropriate confidentiality.

28

1    To deny a stay would unnecessarily require investment, by both parties, of

2    substantial resources in a case that otherwise might be easily and efficiently resolved via the

3    reexamination process.  As the purpose behind a stay pending the outcome of reexamination

4    proceedings is to avoid this very outcome, a stay should be granted.

5    **III.    PLAINTIFF HAS FAILED TO SHOW UNDUE PREJUDICE**

6    Sorensen cannot show that a stay is unwarranted under the *Guthy-Renker* factors.

7    Two of the factors–whether a stay will simplify the issues in question and the trial of the case, and

8    whether discovery is completed and a trial date is set–are not even addressed by Sorensen.  This

9    is not surprising, as both factors strongly favor a stay.  The third factor–whether a stay would

10    unduly prejudice or present a clear tactical disadvantage to the nonmoving party–weighs in favor

11    of a stay.

12    **A.    Sorensen Will Not Suffer Any Undue Prejudice From Loss Of Evidence**

13    Sorensen's assertion that he will suffer undue prejudice from loss of evidence is

14    unfounded.  First, Lexar has complied and will comply with its obligations under the Federal

15    Rules regarding the preservation of documents during the stay.  Lexar already has taken steps to

16    preserve documents.  (Ashmore Decl.[1] ¶ 5.)  There is no reason to believe that these steps will be

17    insufficient.[2]

18    Second, to the extent that Sorensen is concerned about discovering information

19    from Lexar's suppliers, Sorensen is free to contact them directly.  Lexar is willing to provide

20    Sorensen with the identities of its suppliers.  All Lexar asks in return is that Sorensen agree in a

21    written stipulation that it will protect that information under terms similar to a protective order

22

23    [1] All references to Ashmore Decl. are to the Declaration of David Ashmore in Support of
Defendant's Reply in Support of Its Motion to Stay This Litigation Pending the Outcome of
24    Reexamination Proceedings.

25    [2] Sorensen points to *Telemac Corp. v. Telenet, Inc.*, 450 F. Supp. 2d 1107 (N.D. Cal. 2006), to
support his point, but the facts of the case undermine his position.  In *Telemac*, unlike the present
26    case, the party requesting a stay had already failed to preserve documents.  *Id.* at 1111.  The court
made the point that "the likely length of reexamination is not, in itself, evidence of undue
27    prejudice" and only found a clear tactical disadvantage for the plaintiff after concluding that,
among other things, defendants had failed to preserve records.  *Id.*  Here, of course, no such
28    allegations have been made and Lexar has no intention of destroying preserved documents during
the stay.

1    that may be entered into during litigation. The Trustee can then take whatever steps he deems

2    necessary with respect to Lexar's suppliers. Sorensen could have had this information prior to

3    filing suit, but refused to agree to those reasonable terms. (Ashmore Decl. ¶¶ 2-4.) The Trustee

4    should not be heard to argue prejudice from lack of information about Lexar's suppliers when he

5    was responsible for this lack of knowledge in the first place.

6        Additionally, Sorensen's assertion that a stay will harm his ability to collect

7    evidence from Lexar's suppliers is contradicted by his own words. In his Motion for § 295

8    Presumption, the Trustee bases his claim for a presumption of infringement almost entirely on his

9    purported inability in this case to obtain discovery from Lexar's suppliers and a claim that any

10   information obtained from them is inherently untrustworthy. If Sorensen truly believes this to be

11   so, he cannot then turn around and argue against a stay on the basis that it would lead to a delay in

12   obtaining discovery from the manufacturers, since a delay would not affect his ability to obtain

13   discovery.

14       Finally, Sorensen's purported concern about possible loss of evidence is not

15   reflected in his pre-suit conduct. As he admits, Sorensen first contacted Lexar on April 16, 2005.

16   He did not file suit, however, until almost three years later, on January 7, 2008. Other courts have

17   found that delay by the patent holder in initiating litigation weighed in favor of a stay. In *Ingro v.*

18   *Tyco Indus. Inc.*, 227 U.S.P.Q. 69 (N.D. Ill. 1985), the court granted a motion to stay litigation

19   pending the completion of a reexamination proceeding, based in part on the plaintiff's own delay

20   in initiating litigation. *Id.* at 71. *See also Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808,

21   1993 U.S. Dist. LEXIS 6449, at *5 (N.D. Cal. May 5, 1993) (granting motion for stay and noting

22   that plaintiff's delay weighed heavily in favor of motion). If Sorensen were truly concerned

23   about the risk of evidence lost to time, he could have filed suit in 2005. Instead, he delayed

24   almost three years and only now raises the issue of preservation.

25       Sorensen raised the purported loss of evidence as a reason against granting a stay

26   in three other cases involving the '184 patent. (Supp. Lee Decl.[3], Exhs. A, B, and C.)

27   ---

[3] Citations to Supp. Lee Decl. are to the Supplemental Declaration of Joseph H. Lee Supporting
28   Lexar's Reply in Support of Its Motion to Stay This Litigation Pending the Outcome of
     Reexamination Proceedings.

1   Nevertheless, in each case, the motion for stay was granted. (Lee Decl.[4], Exhs. H, I, and J.)  The

2   circumstances here are no different than in those other cases and Lexar's Motion for Stay should

3   be granted.

4   **B.    Sorensen Will Not Suffer Undue Prejudice From The Duration Of A Stay**

5           Whether a stay in this case lasts 18 to 24 months or five years, Sorensen will not

6   be unduly prejudiced by its duration.  Sorensen spends much of his Opposition attempting to

7   establish that a stay may last five years.  But Sorensen does not show why the additional three

8   years would create any undue prejudice where none exists after a possible two year delay.

9   Instead, Sorensen uses the purported additional delay as an excuse to justify his rejection of the

10  liberal policy in favor of granting motions to stay pending the outcome of reexamination

11  proceedings.   None of Sorensen's arguments in that regard matters because the purported

12  possibility of a five year delay does not change the rationale for granting stays pending the

13  outcome of reexamination proceedings.

14          Sorensen first argues that Congress's intent behind the reexamination process is

15  undermined if the reexamination takes five years.  In making this argument, Sorensen misses the

16  point of reexamination.  Reexamination was intended to be "a useful and necessary alternative for

17  challengers and for patent owners to test the validity of United States patents in an efficient and

18  relatively inexpensive manner." H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4, reprinted in

19  1980 U.S. Code Cong. & Ad. News 6460, 6463.   Congress specifically contrasted this with

20  "costly pre-trial maneuvering."  *Id.*   The emphasis is on efficiency and cost, not just speed.

21  Sorensen does not deny that reexamination can be a much more cost-effective and efficient way

22  of resolving an infringement dispute than costly litigation.  It is not surprising that defendants in

23  patent infringement suits would want to make use of the reexamination process, as it provides an

24  efficient way to resolve the dispute at a lower cost to both parties compared to patent litigation.

25  Congress explicitly acknowledged such use.  *Id.* (acknowledging that patent challengers, as well

26  as owners, would find reexamination useful and necessary).  A stay pending the outcome of a

27

28  [4]  Citations to Lee Decl. are to the Declaration of Joseph H. Lee Supporting Lexar's Motion to
    Stay This Litigation Pending the Outcome of Reexamination Proceedings.

1    reexamination proceeding benefits both parties, as expensive litigation is potentially avoided and

2    issues regarding patent validity are potentially resolved. An additional three years to wait for the

3    outcome of a reexamination proceeding does not change the benefits received.

4           Sorensen's arguments based on the Patent Local Rules are similarly flawed. First,

5    the Patent Local Rules are only intended to govern the course of litigation. As a reexamination is

6    an extra-judicial activity, the Patent Local Rules do not address its use. Second, as Sorensen

7    admits, the purpose of the Patent Local Rules is to reduce costs for all parties involved. A

8    reexamination is intended to do just that. To use the Patent Local Rules to argue against the use

9    of reexamination as an efficient and less costly means of dispute resolution–thus furthering one of

10   the purposes of the Patent Local rules–is therefore a perversion of the very purpose behind the

11   rules.

12          Finally, Sorensen attempts to avoid the body of case law that supports liberal

13   application of stays pending reexamination by citing to a few cases where a stay has not been

14   granted. But the very cases on which Sorensen relies actually support Lexar's position. Sorensen

15   cites to *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556 (E.D. Va. 2007), *NTP, Inc. v.*

16   *Research in Motion, Ltd.*, 397 F. Supp. 2d 785 (2005), and *Blackboard, Inc. v. Desire2Learn,*

17   *Inc.*[5], CA No. 9:06-CV-155 (E.D. Tex. 2008), as cases in which a stay was denied.[6] But, unlike

18   in the present case, in every case cited by Sorensen, discovery and the litigation were well

19   advanced.

20          In *NTP*, not only had a trial been conducted and a verdict reached before Research

21   in Motion moved for a stay, the case had gone up on appeal, was briefed, argued, and remanded.

22   *NTP*, 397 F. Supp. 2d at 786-87. The *NTP* court relied heavily on the history of the litigation,

23   including that a trial had occurred and an appeal had been taken and decided, in determining that

24   a stay was inappropriate. *Id.* at 788. There is no indication that, without this *Guthy-Renker* factor

---

25   [5] Sorensen does not provide a citation for this case. Lexar, after reviewing the docket for this

26   case, has identified an order from it denying a motion to stay and will assume that Sorensen intended to refer to this order.

27   [6] Sorensen also cites to *Telemac*, but not for the proposition that the length of a reexamination is

28   determinative in evaluating whether a stay is warranted. Nevertheless, in *Telemac*, discovery was well advanced when a stay was requested. 450 F. Supp. 2d at 1111.

1   weighing heavily against a stay, the court still would have decided that a stay was inappropriate.

2          Even assuming that *NTP* is unclear on how much weight should be given to the

3   potential duration of a reexamination, *MercExchange* is clear–virtually no weight at all.   In

4   *MercExchange*, eBay moved for a stay based on reexamination of two patents, the '265 patent

5   and the '051 patent.  *MercExchange*, 500 F. Supp. 2d at 562.  Both patents were at the same stage

6   of the reexamination process.  *Id.* at 562-63.  The only difference between the two was that a trial

7   was held and a verdict reached on the '265 patent, while a trial had not been held on the '051

8   patent.  *Id.* at 563.  Based solely on that difference, the *MercExchange* court denied a stay as to

9   proceedings involving the '265 patent, but granted a stay as to proceedings involving the '051

10   patent.  *Id.*

11          Finally, Sorensen cites to *Blackboard* as another case where, despite a

12   reexamination in progress, a motion to stay was denied and the case proceeded to a verdict.  In

13   that case, the court orally denied a motion to stay on December 8, 2006, and denied via written

14   order a motion to reconsider its decision on the motion to stay on March 10, 2007.  *Blackboard,*

15   *Inc. v. Desire2Learn, Inc.*, CA No. 9:06-CV-155, Docket No. 62 (E.D. Tex. Mar. 10, 2008)

16   (Supp. Decl. Lee, Exh. D.).  In denying the motion for reconsideration, the court emphasized that

17   substantial discovery had been conducted in the case and a *Markman* hearing set, thus increasing

18   the weight of the factors against a stay that was first discussed at the hearing on the earlier motion

19   for stay.  *Id.*  Thus, as with the other cases cited by Sorensen, the *Blackboard* court based its

20   decision on the advanced procedural posture of the case.

21          As Sorensen has failed to show any reason why a five year stay is any more

22   prejudicial than an 18 to 24 month stay, and as the bases for his argument actually support a stay

23   regardless of duration, Lexar respectfully asserts that, even if the stay lasts five years, Sorensen

24   will not suffer undue prejudice as a result.

25          **C.    Sorensen Can Be Fully Compensated For Any Stay**

26          There is no dispute that the '184 patent has expired.  Sorensen can therefore only

27   seek monetary relief in this case.  As such, even if the claims of the '184 are not invalidated by

28   the reexaminations and Sorensen ultimately prevails in this suit, any delay due to a stay can be

REPLY BRIEF ISO LEXAR'S MOTION TO STAY
PROCEEDINGS                                          7

1  fully accounted for by the statutes on interest. Furthermore, Sorensen has not and cannot point to
2  anything which might raise a concern that Lexar would be unable to satisfy any judgment in favor
3  of Sorensen. Accordingly, Sorensen will not be unduly prejudiced by a stay in obtaining relief,
4  even if the reexaminations of the '184 patent last five years, instead of less than two.

5  **IV.  PLAINTIFF'S ANALYSIS OF THE PENDENCY OF REEXAMINATION**
6  **PROCEEDINGS IS FLAWED**

7           While the length of a reexamination proceeding is irrelevant to whether a stay
8  should be granted (given the absence of prejudice from delay under the circumstances here), even
9  if it were relevant, Sorensen's arguments based on it are plainly flawed because of his suspect
10 analysis. At a minimum, Sorensen fails to consider both the special circumstances inherent in a
11 reexamination of an expired patent that would tend to shorten the duration of reexamination
12 compared to a typical reexamination and the recent changes to the reexamination process at the
13 PTO. The credibility of Sorensen's argument also is suspect. The data on which Sorensen relies
14 was publicly available long before the stay motions in the other cases involving the '184 patent
15 were filed, yet only now, for the first time, does Sorensen make the argument.

16          There is every reason to believe that the reexamination proceedings of the '184
17 patent will be much shorter than a typical reexamination. Unlike the typical reexamination,
18 Sorensen will be prohibited from amending the claims of the '184 patent. 37 C.F.R. § 1.530
19 (Sept. 8, 2000); *Manual of Patent Examining Procedure* (Eight Edition, rev. 6, Sept. 2007) §
20 2250 (III) (section last revised Aug. 2006) (Lee Decl., Exh. K.). As a result, the additional time
21 that might normally be taken by the examiner to consider whether an amendment might change
22 any grounds for rejection will not occur during reexamination of the '184 patent. This is likely to
23 lead to a shorter reexamination than in the typical case.

24          Sorensen's analysis also fails to consider the recent changes that the PTO has
25 made to the reexamination process in order to ensure that the PTO continues to meet its
26 obligations under law that any reexamination proceedings be "conducted with special dispatch."
27 35 U.S.C. § 305. Plaintiff notes that the PTO acknowledged in 2004 that it was having problems
28 meeting its obligations under the law to complete reexaminations with special dispatch.

1    (Opposition to Stay at 9-10.)  But Sorensen fails to mention that, in order to ensure compliance

2    with the law, the PTO took steps shortly thereafter to improve the processing of reexaminations.

3    Press Release, United States Patent and Trademark Office, USPTO Improves Process for

4    Reviewing Patents (July 29, 2005), http://www.uspto.gov/web/offices/com/speeches/05-38.htm

5    (Supp. Lee Decl., Exh. E.).    The PTO has assigned dedicated examiners specifically for

6    reexaminations and has resolved to complete all future reexamination proceedings within two

7    years.  *Id.*  The success of this increased focus on reexaminations is reflected in the number of

8    reexamination certificates issued.  The number of reexamination certificates issued in 2003 was

9    193, 138 in 2004, 223 in 2005, 329 in 2006, and 367 in 2007.  (Declaration of Melody A. Kramer

10    in Support of Plaintiff's Opposition to Motion for Stay Pending Reexamination, Ex. A, p. 8.)  The

11    number of reexamination certificates jumped significantly beginning in 2005, and the number has

12    increased substantially every year since.    Furthermore, this trend of increasing numbers of

13    reexamination certificates continues in 2008.  Based on the 130 reexamination certificates issued

14    in the first sixteen weeks of 2008, the total number of reexamination certificates for 2008 projects

15    to be 422.  (Lee Supp. Decl. at ¶ 2.)  This continual increase lends further weight to the PTO's

16    promise that all reexaminations will be completed within two years.

17    **VI.    CONCLUSION**

18          Because all the *Guthy-Renker* factors favor a stay and because Sorensen has made

19    no showing of undue prejudice, Lexar respectfully requests that the Court order this case stayed

20    pending completion of the PTO's ongoing reexaminations of the '184 patent.

21    Dated:  April 21, 2008          WEIL, GOTSHAL & MANGES LLP

22

23                                     BY: _____/s/_____

24                                          JARED BOBROW
                                         jared.bobrow@weil.com

25                                         Attorneys for Defendant,

26                                         LEXAR MEDIA, INC.

27

28