# EXHIBIT B

1  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE, INC.
2  9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4
5  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
6  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
7  Telephone (858) 362-3151

8  Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
9  DEVELOPMENT TRUST

10                  UNITED STATES DISTRICT COURT

11           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12
   JENS ERIK SORENSEN, as Trustee of        )  Case No. 07-CV-02121-BTM-CAB
13 SORENSEN RESEARCH AND                     )
   DEVELOPMENT TRUST,                        )
14                                           )  **OPPOSITION TO DEFENDANT'S**
                                             )  **MOTION TO STAY PENDING OUTCOME**
15                          Plaintiff,       )  **OF REEXAMINATION PROCEEDINGS**
        v.                                   )
16                                           )
   GIANT INTERNATIONAL (USA) LTD., a         )  Date:  February 8, 2008
17 Delaware corporation, and DOES 1-10,      )  Time:  11:00 a.m.
                                             )  Courtroom 15 – 5th Floor
18                          Defendants.      )  The Hon. Barry T. Moskowitz
                                             )
19 _____ )
                                             )  *NO ORAL ARGUMENT*
20 GIANT INTERNATIONAL (USA) LTD., a         )  *UNLESS REQUESTED BY THE COURT*
   Delaware corporation,                     )
21                                           )  **PLAINTIFF HAS FILED A SEPARATE**
                                             )  **REQUEST TO CONDUCT ORAL**
22                     Cross-Complainant,    )  **ARGUMENTS WITH REGARD TO THIS**
                                             )  **MATTER**
23      v.                                   )
                                             )
24 JENS ERIK SORENSEN, as Trustee of         )
   SORENSEN RESEARCH AND                     )
25 DEVELOPMENT TRUST,                        )
                                             )
26                     Cross-Defendant.      )
                                             )
27 _____ )

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................iii

SUMMARY OF OPPOSITION .............................................................................. 1

FACTUAL SUMMARY ......................................................................................... 1
    *Procedural status of this case* ........................................................................ 1
    *Status of relevant evidence* ............................................................................ 2
    *Status of '184 patent reexaminations* ............................................................ 2

ARGUMENT      ...................................................................................... 3

I.    A COMPLETE STAY IS INAPPROPRIATE BECAUSE OF UNDUE
        PREJUDICE AND A CLEAR TACTICAL DISADVANTAGE TO
        THE NON-MOVING PLAINTIFF. ....................................................... 3

        A.    Plaintiff Will Be Prejudiced Through The Loss
              Of Evidence. .............................................................................. 4

        B.    Plaintiff Will Be Prejudiced Through a Delay in Filing a
              Motion for Invoking the 35 U.S.C. § 295
              Presumption of Infringement. ..................................................... 6

        C.    Plaintiff Will Be Prejudiced Through Inability To
              Identify and Serve All Proper Defendants................................. 7

        D.    Plaintiff Will Be Prejudiced and Placed at a
              Tactical Disadvantage By Being Subjected To An
              Indefinite Stay Predicated on Multiple Reexamination
              Requests. .................................................................................. 8

        E.    Plaintiff Will Be Prejudiced By a Complete Stay Which
              Would Later Result in Significant Additional Delay
              In Conducting A Claim Construction Hearing In The
              Black & Decker Case................................................................ 10

II.    GIANT HAS FAILED TO DEMONSTRATE ANY HARDSHIP, AND
        IS JUDICIALLY ESTOPPED FROM CLAIMING HARDSHIP BY
        ITS JUDICIAL ADMISSION THAT GIANT WOULD BE
        IRREPARABLY PREJUDICED IF THE CASE "IS NOT PROMPTLY

Case No. 07-CV-02121

ADJUDICATED." ...............................................................................11

A.   Defendant has not demonstrated that it will suffer any hardship
     if it must proceed with this case. ...............................................11

B.   Giant Has Judicially Admitted That It Would Be Irreparably
     Harmed By Any Stay Or Delay Of Adjudication Of The Present
     Lawsuit.......................................................................................12

III.   JUDICIAL ECONOMY AND THE INTERESTS OF BOTH
       PARTIES WOULD BE BEST SERVED BY A PARTIAL STAY OF
       THIS CASE. .................................................................................14

CONCLUSION ...............................................................15

Case No. 07-CV-02121

# TABLE OF AUTHORITIES

*American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988) ....................................13

*ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378 (N.D.Cal. 1994) ......................3

*Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F.Supp.2d 1228 (M.D.Ala. 2000) ............8

*Hughes v. Vanderbilt University* 215 F.3d 543 (6th Cir., 2000) ....................................................13

*IMAX Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030 (C.D. Cal. 2005) ....................................11, 12

*In re Fordson Engineering Corp.,* 25 B.R. 506 (Bankr.E.D.Mich.1982) ...............................13, 14

*In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D.Cal. 2005)...5

*In re Trans Texas Holdings Corp.,* 2007 U.S.App. LEXIS 19909 (Fed. Cir. Aug. 22, 2007)......11

*Landis v. North Am. Co.,* 299 U.S. 248 (1936) ...............................................................................11

*Jain v. Trimas Corp.*, 2005 WL 2397041 (E.D.Cal. Sept. 27, 2005) ...........................................3, 4

*KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661 (N.D.Cal. Mar. 16, 2006)...................4

*Reid v. Sears, Roebuck & Co.,* 790 F.2d 453 (6th Cir.1986) ........................................................13

*Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069 (N.D.Cal. Dec. 14, 2006) ......................................3

*Soo Line R. Co. v. St. Louis Southwestern Ry.,* 125 F.3d 481 (7th Cir. 1997) .............................14

*Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107 (N.D.Cal. 2006).................................4, 5

*Unidisco v. Schattner,* 210 U.S.P.Q. 622 (D.Md.1981) .................................................................11

*Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316 (Fed. Cir. 2001) ...................................3

*White v. Arco/Polymers, Inc.,* 720 F.2d 1391 (5th Cir.1983).........................................................14

1

## SUMMARY OF OPPOSITION

Defendant/Counterclaimant Giant's motion for stay should be DENIED because there is a substantial likelihood that the non-moving Plaintiff would suffer prejudice as a result of a complete stay in the form of loss of evidence, inability to timely name additional defendants, and in other ways.

Because of the likelihood of prejudice to Plaintiff is high, Giant would have to make out a clear case of hardship which it has not, and Giant is estopped via its judicial admissions from doing so. Defendant's Counterclaim states that Giant will suffer "irreparable harm" if this case is not "promptly adjudicated." Defendant is bound by its pleadings.

A balancing of the parties' interests weigh in favor of a partial stay of proceedings that would allow this case to reach procedural parity with the related <u>Sorensen v. Black & Decker</u>, Case No. 06-CV-1572 case for a joint claim construction hearing of the two cases after the '184 patent reexamination is completed.

Plaintiff respectfully requests that the Court deny Giant's Motion for Stay and issue an alternative order, which is a PARTIAL stay of the case, postponing claim construction briefing and trial, but allowing the parties to proceed with discovery related to production methods, sales data, motion practice and other matters for which claim construction is not critical, including discovery to identify all proper defendants, to avoid the delays and potential loss of evidence.

## FACTUAL SUMMARY

*Procedural Status of This Case.* On November 6, 2007, Plaintiff Sorensen Research and Development Trust ("SRDT") filed this action for patent infringement against Defendant Giant International (USA) Ltd. ("Giant"). On December 3, 2007, Giant filed a Counterclaim along with its answer, including the following allegation:

10.  Giant will be damaged in its business by the aforesaid charges of infringement by Soresen [sic] and <u>will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated</u>.

Docket #7, page 12:1-3 (emphasis added).

Both a Reply and the Magistrate's ENE Order were filed the following day, setting an ENE conference for January 28, 2008.  On December 10, 2007, Giant reversed its position and filed the pending Motion for Stay, asking for an indefinite delay in the litigation pending the outcome of a patent reexamination filed by Black & Decker.

*Status of Relevant Evidence.*   Giant's attorneys have informally advised SRDT's counsel that all of Giant's manufacturing personnel and information are located in China. *Kaler Decl.* ¶ 3.   Thus, to SRDT's knowledge, all of the manufacturing process information is likely held by companies over which this Court has no jurisdiction. *Id.*

Giant is owned by a myriad of foreign companies.  According to Docket #8 Statement of Financial Interest, Giant has disclosed that it is 100% owned by a British Virgin Island entity, which is in turn 100% owned by a Bermuda entity with a principal place of business in Hong Kong and publicly traded on the Singapore Exchange.  This Bermuda company is partly owned by two British Virgin Islands entities, which are in turn 100% owned by a Hong Kong entity.  It is unknown which company or companies have access and/or control to the relevant manufacturing and process information. *Kaler Decl.* ¶ 4.

*Status of '184 Patent Reexaminations.*  As the Court is aware, another patent infringement case involving the '184 patent, <u>Sorensen v. Black & Decker Corporation, et al,</u> Case No. 06cv1572, has been stayed pending a third-party patent reexamination requested filed in July 2007 by Black & Decker ("1st reexamination").  The 1st reexamination is already in its seventh month and the first office action has not yet issued. *Kaler Decl.* ¶ 5.

1    Plaintiff declined to file an optional patent owner's statement in response to
2    the reexamination request in order to shorten the reexamination process.  Black &
3    Decker was thereby barred from a second filing with the USPTO.  *Kaler Decl.* ¶ 6.
4    Shortly thereafter, and a full six months after the 1st reexamination request had been
5    filed, co-defendants Phillips Plastics and Hi-Tech Plastics filed their own third-party
6    reexamination request ("2nd reexamination") with the USPTO, citing some of the
7    same prior art listed in the 1st reexamination request.  *Kaler Decl.* ¶ 7.  Although the
8    USPTO has not yet issued any response to the 2nd reexamination request, it is likely
9    that this 2nd reexamination request will significantly delay completion of the
10    reexamination.  *Kaler Decl.* ¶ 8.

## ARGUMENT

**I.    A COMPLETE STAY IS INAPPROPRIATE BECAUSE OF UNDUE PREJUDICE AND A CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY.**

The court is not required to stay judicial resolution of a patent case in view of
reexaminations.  *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328
(Fed. Cir. 2001).  A court must weigh the parties competing interests as presented by
the specific facts of the case at bar.  *Jain v. Trimas Corp.*, 2005 WL 2397041, at *1
(E.D.Cal. Sept. 27, 2005).

When determining the appropriateness of a stay pending a patent
reexamination, courts consider three factors: "(1) whether a stay would unduly
prejudice or present a clear tactical disadvantage to the nonmoving party; (2)
whether a stay will simplify the issues in question and trial of the case; and (3)
whether discovery is complete and whether a trial date has been set.  *Ricoh Co. v.
Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D.Cal. Dec. 14, 2006) (quoting *ASCII
Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D.Cal. 1994));

Case No. 07-CV-02121

1    *see also Jain*, 2005 WL 2397041, at *1; *KLA-Tencor Corp. v. Nanometrics, Inc.*,

2    2006 WL 708661, at *2 (N.D.Cal. Mar. 16, 2006).

3        In this case, Plaintiff would be unduly prejudiced and subjected to a clear

4    tactical disadvantage by a complete stay for the following reasons: (A) loss of

5    evidence during the stay; (B) delay in Plaintiff's filing of a motion to invoke the 35

6    U.S.C. ¶ 295 presumption of infringement to establish the burden of proof; (C)

7    inability to identify and serve all defendants; (D) being subjected to an indefinite stay

8    as a result of multiple, staggered reexamination requests by accused infringers; and

9    (E) a corresponding delay in claim construction of the related Black & Decker case

10   until this case reaches procedural parity.

11       The prejudice described above (and any claimed prejudice to the moving

12   party) can be ameliorated through a partial stay directed only to claim construction

13   discovery, briefing and hearing.  Such a partial stay would allow other discovery to

14   proceed.  It would then allow claim construction to proceed immediately after lift of

15   the stay in the Black & Decker case (see Section III, below).

16

17       A.    Plaintiff Will Be Prejudiced Through The Loss Of Evidence.

18       Plaintiff will likely suffer substantial prejudice if a complete stay is granted in

19   this case because the intervening time will result in the loss of crucial, relevant

20   evidence.  Motions to stay pending patent reexamination have been denied where the

21   likely length of reexamination served to exacerbate the risk of lost evidence.   In

22   *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006), the

23   court noted:

24       [Defendant's] failure to preserve individual records suggests that
25       further delay could lead to further loss of information.  Although the
         likely length of reexamination is not, in itself, evidence of undue
26       prejudice, in the circumstances of this case, a possible lengthy delay
27       would put [plaintiff] at a clear tactical disadvantage.  The Court finds
         that this favor weighs strongly against a stay.
28

1    *Id.*

2         In this case, a delay of several years would make it extraordinarily difficult to

3    locate information regarding the process used to manufacture the accused products,

4    as well as damages and willfulness.  No initial disclosures have been exchanged.

5    Plaintiff cannot confirm location of manufacture of the accused products or the

6    identity of knowledgeable witnesses and other evidence.  Plaintiff is unaware of

7    whether relevant documents and witnesses are within the control of the named

8    Defendant or non-parties.  If the supplier is, as appears probable, a third-party

9    Chinese contractor, Plaintiff cannot compel discovery of evidence, and Giant may

10   not have the ability or authority to preserve any such evidence.

11        The likely length of multiple reexaminations[1] will only serve to exacerbate the

12   high risk of loss of evidence in this case.  Thus, as in *Telemac*, a stay will serve to

13   unduly prejudice Plaintiff and place Plaintiff at a clear tactical disadvantage in its

14   efforts to prove its case of infringement.

15        The loss of critical evidence of the actual processes utilized to manufacture the

16   accused products is a very real risk over the course of time between now and when

17   the two reexaminations are completed.  The likelihood of this loss is magnified if

18   Plaintiff is unable to even perform preliminary discovery to learn who has the

19   manufacturing information and take appropriate legal steps to at least preserve, if not

20   immediately access, that information.  Therefore, a complete stay should not be

21   granted.

22

23   _____

24       [1] Reexaminations generally take from six months to three years.  *Telemac*, 405 F.

25   Supp.2d at 1110 (citing *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F.Supp.2d
     1022, 1023 (N.D.Cal. 2005).  The '184 patent reexamination is already in its seventh month

26   and the first office action has not yet issued.  Furthermore, a second reexamination has been
     filed by Defendants in the <u>Sorensen v. Black & Decker, et al</u> case, further delaying

27   completion of the reexamination process.

28

Case No. 07-CV-02121

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.    <u>Plaintiff Will Be Prejudiced Through a Delay in Filing a Motion for Invoking the 35 U.S.C. § 295 Presumption of Infringement</u>.

The '184 patent is a process patent and requiring Plaintiff to conduct discovery of the actual manufacturing process to prove its infringement case.  Plaintiff cannot gain access to the manufacturing plants where the accused products are manufactured without the authority of legal processes through this suit.  This problem is the reason for the existence of 35 U.S.C. § 295[2] and its presumption of infringement when a process patent holder makes reasonable efforts to obtain process information, but without success.

In this case, Plaintiff made reasonable efforts pre-litigation to obtain process information from Giant as to the accused products.  SRDT's counsel wrote letters asking for process information and notifying Giant of the intent to use the 35 U.S.C. § 295 presumption of infringement if insufficient information were provided.  *Kaler Decl.* ¶ 9.

Prior to initiation of this case, Giant's counsel asserted that "all of Giant's manufacturing people and manufacturing information is [*sic*] in China."  It follows that plants, molds and other tooling, drawings and other process evidence may be beyond the Court's power to compel discovery.  Giant has already represented to the Court that the only decision-makers for this Giant that could attend an ENE were both located in Hong Kong.  Docket #16, *Borland Declaration*, ¶ 5.

Plaintiff must be allowed the opportunity to file a motion to invoke the 35 U.S.C. § 295 presumption of infringement so that both parties can know who will have the burden of proof as to the manufacturing process when this case proceeds.

---

[2] "In actions alleging infringement of a process patent based on the importation, sale, offer for sale, or use of a product which is made from a process patented in the United States, if the court finds-- (1) that a substantial likelihood exists that the product was made by the patented process, and (2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine, the product shall be presumed to have been so made, and the burden of establishing that the product was not made by the process shall be on the party asserting that it was not so made." 35 U.S.C. § 295.

Case No. 07-CV-02121

1   Resolving the issue of burden of proof as to the accused processes would focus the

2   issue of potential loss of evidence in China (if Plaintiff bears the burden), or

3   Defendant's self-interest in protecting and preserving the evidence if Defendant

4   bears the burden of proof.

5        If Plaintiff cannot discover the location and custodian of manufacturing

6   process information until the completion of reexamination which might be delayed

7   for years, it is entirely likely that the evidence will simply disappear.

8

9        C.    Plaintiff Will Be Prejudiced Through Inability To Identify and Serve All
               Proper Defendants.

10  Federal Rules of Civil Procedure, Rule 15, places limitations on a party's

11  ability to amend pleadings to add or substitute parties, as well as placing restrictions

12  on when such amendments relate back to the date of the initial filings.

13

14      (c) Relation Back of Amendments.

15      (1) *When an Amendment Relates Back.* An amendment to a pleading
        relates back to the date of the original pleading when:

16          …
            (C) the amendment changes the party or the naming of the party

17          against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied
            and if, within the period provided by Rule 4(m) for serving the

18          summons and complaint [120 days from original filing], the party
            to be brought in by amendment:

19              (i) received such notice of the action that it will not be

20              prejudiced in defending on the merits; and
                (ii) knew or should have known that the action would have

21
                been brought against it, but for a mistake concerning the

22              proper party's identity.

23

24  Fed.R.Civ.P. Rule 15(c).

25      The substitution of a named party for a fictitious party named in a prior

26  complaint is considered a change of parties, not a change of name of the original

27  party, for purposes of applying relation back doctrine. *Bowden ex rel. Bowden v.*

28  *Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228 (M.D.Ala. 2000).

Case No. 07-CV-02121

1    In this case, Plaintiff has named one Defendant, and identified 100 DOES as
2    responsible parties to the manufacture, import, sale and/or offer for sale of the
3    accused products.  It is substantially likely that additional companies are involved in
4    these actions, but Plaintiff cannot identify or name them until some preliminary
5    discovery is done, including initial disclosures.

6    If Plaintiff is precluded from conducting discovery that would allow it to
7    identify all potential defendants, add them to the case, and serve them with the
8    Complaint, Plaintiff could later be precluded from adding them to the case.  This
9    would result in prejudice to Plaintiff and provides further grounds for denial of this
10   motion for stay.

11   Potential defendants that are not made aware of this suit may also be in a
12   position to claim that they would be prejudiced by late addition to the suit because
13   they did not have the opportunity to preserve their own evidence.

14   A complete stay of litigation before any preliminary steps are taken to identify
15   proper parties and ensure initial discovery or preservation of evidence greatly
16   prejudices the Plaintiff and may well prejudice the entire judicial process in this case.

17

18      D.    Plaintiff Will Be Prejudiced and Placed at a Tactical Disadvantage By
19            Being Subjected To An Indefinite Stay Predicated on Multiple
              Reexamination Requests.

20   Defendant Giant seeks a tactical advantage over Plaintiff through use of the
21   serendipitous event of patent reexamination proceedings filed by other accused
22   patent infringers.  In considering this motion, the Court should review the current
23   status of those reexamination proceedings and the Black & Decker defendants'
24   attempts to extend the '184 patent reexamination process.

25   The patent reexamination referred to in Giant's motion was filed by Black &
26   Decker after almost a year of intense patent infringement litigation before this very

27

28

Case No. 07-CV-02121

1    Court.[3]  Black & Decker's reexamination request was filed with the USPTO when a

2    claim construction hearing, and trial of affirmative defenses and willfulness, already

3    on calendar to commence within a matter of months.    The timing of the

4    reexamination filing was immediately after the entry of an order adverse to Black &

5    Decker on a hotly contested issue between the parties – turnover of the documents of

6    Black & Decker's late employee, Dennis Dearing ("Dearing Documents").

7          On July 26, 2007, U.S. Magistrate Judge Cathy A. Bencivengo ordered Black

8    & Decker to turn over the so-called Dearing Documents.  Docket # 177 from the

9    Black & Decker case.  Black & Decker had vigorously opposed Sorensen's request

10   for these documents in multiple briefings and arguments over the course of several

11   months. Only four days after the Judge Bencivengo's order to for Black & Decker to

12   produce the documents, and without having provided them, Black & Decker filed a

13   petition for reexamination of the '184 patent and a request to stay the lawsuit.  See

14   Docket # 178 from Black & Decker case.  Black & Decker also appealed Judge

15   Bencivengo's order up to Judge Moskowitz.  Docket # 240 from Black & Decker

16   case.

17         This Court ordered a stay of the Black & Decker lawsuit pending the

18   reexamination request, citing the delay between the initial infringement contact and

19   lawsuit filing (something not present in the Giant case) as one of the factors in its

20   decision.  The Court further noted that reexamination proceedings are required to be

21   conducted with special dispatch.  Docket # 243 in Black & Decker case.

22         Plaintiff has been expeditiously proceeding with the reexamination

23   proceedings with the USPTO.  Plaintiff elected not to file an optional patent owner's

24   statement, in order to shorten the reexamination process.  Consistent with their

25   history of delaying tactics, defendants in the Black & Decker case seek further delay

26   of the lawsuit by filing a second reexamination.

27   _____

28        [3] Sorensen Research and Development Trust v. Black & Decker Corporation, et al,
     Case No. 06cv1572.

Case No. 07-CV-02121

On December 21, 2007, Black & Decker's co-defendants, Phillips Plastics and Hi-Tech Plastics, filed a second petition for reexamination to the PTO. This second reexamination filing was made only nine days after Judge Moskowitz affirmed Judge Bencivengo's order requiring Black & Decker to produce the Dearing Documents (see Docket # 263 in Black & Decker case), and very shortly after Plaintiff declined to file the optional patent owner's statement in the first reexamination.

Without regard to the lack of merit to the two reexamination petitions, the second reexamination will further delay the eventual conclusion of reexamination proceedings on the '184 patent.

E.    Plaintiff Will Be Prejudiced By a Complete Stay Which Would Introduce Additional Delay Into The Black & Decker Case.

In June 2007, the Court stated its intention to conduct a consolidated claim construction hearing on all of the '184 patent cases. Docket # 147, page 4, in the Black & Decker case.

The Black & Decker stay issued after a year of heavy litigation and discovery, only shortly before a scheduled claim construction hearing. Upon completion of reexamination, the Black & Decker case would be ready for rescheduling of a claim construction hearing within 90 days of termination of the stay. Assuming that the Court proceeds with a consolidated claim construction with other '184 patent cases that have not completed a year of discovery, it would take many months before the other cases would be procedurally ready for claim construction. Thus, the delays would compound each other, making a complete stay of this case a substantial extension of the delay in the Black & Decker case.

It is the best use of judicial resources that this Court conduct a single claim construction hearing on all pending '184 patent cases. For the Court to accomplish that goal, the more recently filed cases would need to be advanced to procedural parity with the Black & Decker case, a task that can be best accomplished by

Case No. 07-CV-02121

1    denying the pending motion and allowing discovery and motion practice prior to
2    claim construction to proceed.

3        Because Plaintiff has demonstrated the substantial likelihood of prejudice if a
4    complete stay is issued, Defendant's motion should be denied.

6    **II.    GIANT HAS FAILED TO DEMONSTRATE ANY HARDSHIP, AND IS
        JUDICIALLY ESTOPPED FROM CLAIMING HARDSHIP BY ITS
7        JUDICIAL ADMISSION THAT GIANT WOULD BE IRREPARABLY
        PREJUDICED IF THE CASE "IS NOT PROMPTLY ADJUDICATED."**

9        A.    Defendant has not demonstrated that it will suffer any hardship if it
            must proceed with this case.

11    "**The suppliant for a stay must make out a clear case of hardship or
12    inequity in being required to go forward**, if there is even a fair possibility that the
13    stay for which he prays will work damage to someone else." *IMAX Corp. v. In-*
14    *Three, Inc.*, 385 F.Supp.2d 1030, 1032 (C.D. Cal. 2005) (emphasis added) (quoting
15    *Unidisco v. Schattner,* 210 U.S.P.Q. 622, 629 (D.Md.1981) (citing *Landis v. North*
16    *Am. Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).    There is a
17    substantial risk that Plaintiff will be damaged by a stay, and Giant has not shown that
18    it will suffer hardship or inequity if its motion for stay is denied.    Giant's moving
19    papers do not identify any hardship that Giant would suffer beyond that of being a
20    defendant in a patent infringement case.

21        Giant cites *In re Trans Texas Holdings Corp.,* 2007 U.S.App. LEXIS 19909,
22    at *14-19 (Fed. Cir. Aug. 22, 2007) case for the proposition that Defendant could
23    suffer irreparable harm if the Court found the patent valid and infringed, and
24    Defendant could pay damages that it might not recover in the event of a later USPTO
25    finding of invalidity.    This sole claim of prejudice is entirely mooted if the Court
26    issues a partial stay as to claim construction and trial, while allowing discovery and
27    other matters to go forward during reexamination.

28        Not only has Giant failed to demonstrate any hardship, Giant is estopped from

11.

1    asserting that it will be prejudiced by the denial of a stay because it has asserted in its

2    Counterclaim that it would be "irreparably harmed" if this case is not "promptly

3    adjudicated."

### B.    Giant Has Judicially Admitted That It Would Be Irreparably Harmed By Any Stay Or Delay Of Adjudication Of The Present Lawsuit.

In *IMAX Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030, 1032 (C.D.Cal. 2005) (emphasis added) (quoting *Unidisco v. Schattner*, 210 U.S.P.Q. 622, 629 (D.Md.1981), the court denied a stay in part because both parties claimed in their motions for preliminary injunction that they would be irreparably damaged absent immediate action from the court.  Although the court denied both preliminary injunction motions, it accepted both parties' representations that they will be prejudiced by further delays.  "A swift resolution of the issues, according to both parties, is in the best interest of all involved."

Giant and its attorneys have asserted in Rule 11-governed pleadings[4] the existence of irreparable harm if this dispute is not promptly adjudicated.  Their

---

[4] "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . ."

Fed.R.Civ.P. Rule 11(b).  Plaintiff is not asking for Rule 11 sanctions, but rather pointing out the seriousness and consequences of factual allegations that are made in pleadings.

1    Counterclaim for Declaratory Relief reads in relevant part as follows:

2

3        Giant will be damaged in its business by the aforesaid charges of
         infringement by Soreson [*sic*] and will be **irreparably harmed if the**
4        **existing controversy between the parties is not promptly**
         **adjudicated**.
5

6    Docket # 7, Counterclaim, paragraph 10 (emphasis added).

7        The allegations in Giant's pleadings are judicial admissions, which cannot be

8    overcome by Giant simply by filing a motion and declaration asserting that a stay is

9    appropriate.  Rather, Giant is held to its judicial admission that it will be "irreparably

10   harmed if the existing controversy between the parties is not promptly adjudicated."

11       Due to Giant's judicial admission, Giant is estopped from arguing for a stay of

12   the present litigation.  Parties "are bound by admissions in their pleadings, and a

13   party cannot create a factual issue by subsequently filing a conflicting affidavit."

14   *Hughes v. Vanderbilt University* 215 F.3d 543, 549 (6th Cir., 2000) *citing  Reid v.*

15   *Sears, Roebuck & Co.,* 790 F.2d 453, 460 (6th Cir.1986)  790 F.2d 453, 460 (6th Cir.

16   1986).

17       The Court in *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th,

18   Cir. 1988) stated: "Factual assertions in pleadings and pretrial orders, unless

19   amended, are considered judicial admissions conclusively binding on party who

20   made them."  The *American Title* Court further observed that:  "Judicial admissions

21   are formal admissions in the pleadings which have the effect of withdrawing a fact

22   from issue and dispensing wholly with the need for proof of the fact."  *In re Fordson*

23   *Engineering Corp.,* 25 B.R. 506, 509 (Bankr.E.D.Mich.1982).  Factual assertions in

24   pleadings and pretrial orders, unless amended, are considered judicial admissions

25   conclusively binding on the party who made them.   *See White v. Arco/Polymers,*

26   *Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983);  *Fordson,* 25 B.R. at 509.

27       Further, the Court in *Soo Line R. Co. v. St. Louis Southwestern Ry.,* 125 F.3d

28   481, 483 (7th Cir. 1997) concluded:  "although the rule smacks of legalism, judicial

                                        13.                    Case No. 07-CV-02121

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible."

Because Giant has not, and is not permitted to, demonstrate that it would suffer any harm from proceeding in this lawsuit, Giant's request for stay must be denied.

## III.     JUDICIAL ECONOMY AND THE INTERESTS OF BOTH PARTIES WOULD BE SERVED BY A PARTIAL STAY OF THIS CASE.

As demonstrated above, Plaintiff would be greatly prejudiced by a complete stay, and Defendant Giant has pled that it will be harmed if the case is not promptly adjudicated.    Therefore, the weighing the balancing interests of the parties, it is imperative that the parties proceed with this case at least partially.

Plaintiff is not proposing that this case progress to the eve of trial, or claim construction, during the pendency of the existing reexamination.    Rather, Plaintiff agrees that expert depositions on claim construction, claim construction briefing and hearing, as well as trial on infringement, can and should wait until the stay is lifted. Defendant will not suffer any prejudice by attending an ENE, preparing a discovery plan, or responding to limited discovery requests aimed at identifying the proper defendants and the preservation of evidence.

Some examples of critical discovery that does not require completion of the reexamination include:   (1) information on the manufacturing processes used; (2) production and sales numbers; and (3) the identities and locations of knowledgeable witnesses, documents and physical evidence.

Because judicial interests and the interests of both parties would be best served by only a partial stay, Giant's motion should be denied.

## CONCLUSION

Giant's motion for a complete stay of litigation must be denied because the non-moving Plaintiff, will suffer great prejudice from likely loss of evidence during

14.

1   the stay, moving Defendant is estopped from asserting that proceeding with
2   adjudication of the case will cause it harm, and proper DOE defendants will not be
3   identified until actions against them are time-barred.  The requested complete stay
4   should further be denied because judicial economy is best served by enabling
5   discovery to identify all proper defendants and allowing this case to procedurally
6   catch-up to the Black & Decker case to allow for a consolidated claim construction
7   hearing.

8        Plaintiff respectfully requests that the Court deny Defendant Giant's motion
9   for stay as framed, and allow the parties to conduct limited discovery to avoid the
10  loss of evidence during the reexamination.  The Court can then schedule claim
11  construction briefing and trial immediately following lift of the stay.  Specifically,
12  Plaintiff requests the Court to issue an order as follows:

13       1.    Require the parties to engage in a Rule 26 discovery conference to
14  outline the scope of discovery anticipated by all parties and propose a discovery
15  schedule to cover aspects of the case that do not directly bear on the scope of
16  invalidity being considered by the USPTO in reexamination or on explicit claim
17  construction;

18       2.    Require the parties to exchange initial disclosures pursuant to Rule 26;

19       3.    Allow both parties to conduct depositions and written discovery
20  requests to preserve evidence for the purposes of later trial as follows:  the identity
21  and location of manufacturers of the Accused Products to be named as Additional
22  DOE Defendants, the volume of sales of the Accused Products identified in the
23  Amended Complaint; and the manufacturing processes used to produce the Accused
24  Products.

25  RESPECTFULLY SUBMITTED this Friday, January 25, 2008.

27              JENS ERIK SORENSEN, as Trustee of
                SORENSEN RESEARCH AND DEVELOPMENT
28              TRUST, Plaintiff

15.

Case No. 07-CV-02121

1

2          /s/ J. Michael Kaler

3          _____
           Melody A. Kramer, Esq.
4          J. Michael Kaler, Esq.
           Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-02121

1

**PROOF OF SERVICE**

2

I, J. Michael Kaler declare:  I am and was at the time of this service working within the
County of San Diego, California.  I am over the age of 18 year and not a party to the within action.
My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego,
California, 92121.  I am a member of the State Bar of California and the Bar of this Court.

3

4

5

On January 25, 2008, I served on the parties to this action the following documents:

6

**OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS**

7

8

9

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Allison Goddard<br>J. Christopher Jaczko<br>Jaczko Goddard LLP<br>4401 Eastgate Mall<br>San Diego, CA  92121<br>agoddard@jaczkogoddard.com<br>cjaczko@jaczkogoddard.com<br>858-225-3500 FAX | Defendant Giant<br>International (USA) Ltd. | Email – Pleadings Filed<br>with the Court |
| Dale Lischer<br>Elizabeth G. Borland<br>Kerri A. Hochgesang<br>Smith, Gambrell & Russell, LLP<br>Promenade II, Suite 3100<br>1230 Peachtree St., N.E.<br>Atlanta, GA  30309<br>404-685-6945 FAX | Defendant Giant<br>International (USA) Ltd. | Email – Pleadings Filed<br>with the Court |

10
11
12
13
14
15
16
17
18
19
20
21

22

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered
to the office of counsel during regular business hours.

23

24

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a
sealed envelope containing a true copy of the foregoing documents with fees fully
prepaid addressed to the above noted addressee for overnight delivery.

25

26

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by
facsimile machine to the above noted addressees.  The facsimile transmissions were
reported as complete and without error.

27

28

17.

1

2          ☐   (Email) I emailed a true copy of the foregoing documents to an email address
               represented to be the correct email address for the above noted addressee.
3

4          ☒   (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed
               this document via the CM/ECF system for the United States District Court for the
5              Southern District of California.

6

7   I declare that the foregoing is true and correct, and that this declaration was executed on Friday,
    January 25, 2008, in San Diego, California.

8                                                      /s/ J. Michael Kaler

9                                              _____

10                                                 J. Michael Kaler

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                    Case No. 07-CV-02121