# EXHIBIT C

1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151

5  MELODY A. KRAMER, SBN 169984
6  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
7  San Diego, California 92121
8  Telephone (858) 362-3150

9  Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
10 DEVELOPMENT TRUST

11                  UNITED STATES DISTRICT COURT
12              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff, <br> v. <br><br> HELEN OF TROY Texas Corporation; OXO International Ltd.; and DOES 1-100, <br><br> Defendants. | Case No. 07-CV-02278-BTM-CAB <br><br> **OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF REEXAMINATION PROCEEDINGS** <br><br> Date: February 22, 2008 <br> Time: 11:00 a.m. <br> Courtroom 15 – 5th Floor <br> The Hon. Barry T. Moskowitz <br><br> *NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT* |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

SUMMARY OF OPPOSITION ............................................................................................. 1

FACTUAL SUMMARY ........................................................................................................ 2
    *Procedural status of this case*................................................................................... 2
    *Failure of proper parties to enter appearances* .......................................................
    *Status of relevant evidence* ..................................................................................... 2
    *Status of '184 patent reexaminations* ..................................................................... 2

ARGUMENT........................................................................................................................... 3

    I.  REVIEWS OF REQUESTS FOR STAY MUST BE BASED UPON THE
        SPECIFIC CIRCUMSTANCES OF EACH CASE....................................

    II.  PLAINTIFF WOULD BE UNDULY PREJUDICED AND PLACED
        AT A TACTICAL ADVANTAGE IF A COMPLETE STAY ISSUES. ...... 4

        A.  Plaintiff Would Be Prejudiced Through Inability To Identify and
            Serve All Proper Defendants................................................................. 5
        B.  Plaintiff Would Be Prejudiced Through The Loss Of Evidence. .......... 6
        C.  Plaintiff Would Be Prejudiced and Placed at a Tactical Disadvantage
            By Being Subjected To An Indefinite Stay Predicated on
            Multiple Reexamination Requests. ........................................................ 8
        D.  Plaintiff Would Be Prejudiced By a Complete Stay Which Would
            Later Result in Significant Additional Delay In Conducting A
            Claim Construction Hearing In The Black & Decker Case......................

    III.  THE MOVING PARTIES HAVE FAILED TO DEMONSTRATE ANY
         HARDSHIP. ................................................................................................ 9

    IV.  JUDICIAL ECONOMY AND THE INTERESTS OF BOTH
         PARTIES WOULD BE BEST SERVED BY A PARTIAL STAY OF
         THIS CASE. ............................................................................................... 10

CONCLUSION..................................................................................................................... 11

# TABLE OF AUTHORITIES

*ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378 (N.D.Cal. 1994) .......................................................................................................3

*Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F.Supp.2d 1228 (M.D.Ala. 2000) .......................................................................................................7

*IMAX Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030 (C.D. Cal. 2005) ......................9

*In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F.Supp.2d 1022 (N.D.Cal. 2005) .......................................................................................................5

*In re Trans Texas Holdings Corp.,* 2007 U.S.App. LEXIS 19909 (Fed. Cir. Aug. 22, 2007)..................................................................................10

*Landis v. North Am. Co.,* 299 U.S. 248 (1936) ........................................................9

*Jain v. Trimas Corp.*, 2005 WL 2397041 (E.D.Cal. Sept. 27, 2005).........................3

*KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661 (N.D.Cal. Mar. 16, 2006) .......................................................................................................3

*Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069 (N.D.Cal. Dec. 14, 2006)................3

*Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107 (N.D.Cal. 2006) ...............5

*Unidisco v. Schattner,* 210 U.S.P.Q. 622 (D.Md.1981) ............................................9

*Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316 (Fed. Cir. 2001) ..............3

**SUMMARY OF OPPOSITION**

Defendants' Motion for Stay (Docket # 6) should be DENIED because of the substantial likelihood that the non-moving Plaintiff would suffer prejudice as a result of a complete stay, and the moving parties would not be harmed if the stay request is denied. A partial stay is fully sufficient to ameliorate the prejudice to Plaintiff, protect the Defendants and result in the maximum judicial efficiency, including allowing Plaintiff to obtain a default against the Defendant that has not yet appeared in this case.

The 15 pending '184 patent infringement cases now before this Court are not identical in terms of scope of dispute between the parties, and each should be carefully evaluated and a tailored partial stay order issued to balance the interests of the parties in each case.

Defendants' motion is little more than a copycat of motions for stay in the related cases of <u>Sorensen v. Black & Decker Corporation, et al</u>, Case No. 06-cv-1572 and <u>Sorensen v. Giant International, et al</u>, Case No. 07-cv-02121. The argument is simply that all litigation over a valid patent should stop in its tracks because other infringers have belatedly requested the USPTO to reexamine the patent. Such a one-size-fits-all approach would result in substantial prejudice to Plaintiff in terms of lost ability to identify and name all responsible defendants, lost evidence, and would, in general, delay in all of the related infringement cases.

The required balancing of the parties' interests weighs in favor of only a partial stay of proceedings that would allow initial discovery and motion practice to continue, thus allowing this case to advance to procedural parity with the case for a joint claim construction hearing of the '184 cases after the patent reexamination is completed.

**FACTUAL SUMMARY**

*Procedural Status of This Case.* On December 4, 2007, Plaintiff Sorensen Research and Development Trust ("SRDT") filed this action for patent infringement against Defendants Helen of Troy Texas Corporation and OXO International Ltd. On January 7, 2008, parties identified only as "Helen of Troy and OXO International Ltd." filed the pending Motion for Stay. No party has filed any responsive pleading as required pursuant to FRCP Rules 8 and 12.

*Failure of Proper Parties to Enter Appearances.* Defendant "Helen of Troy Texas Corporation" (hereinafter "HOTTC") is a Texas corporation in good standing according to the Texas Secretary of State's office. *Kramer Decl.* ¶ 4; see allegation in Docket #1 Complaint ¶ 2. HOTTC has not entered any appearance in this case. To the contrary, Corporate Disclosure statement (Docket #8) references another Helen of Troy company based in Barbados – Helen of Troy Limited (Docket #8, page 1, lines 2-3) (hereinafter "HOTL"). Based upon this disclosure, it can be inferred that the moving party "Helen of Troy" mentioned in the pending Motion for Stay refers to HOTL, not the named and served Defendant HOTTC.

*Status of '184 Patent Reexaminations.* As the Court is aware, a related '184 patent case, <u>Sorensen v. Black & Decker Corporation, et al</u>, Case No. 06cv1572, has been stayed pending a third-party patent reexamination requested filed in July 2007 by Black & Decker ("1st reexamination"). The 1st reexamination is already in its seventh month and the first office action has not yet issued. *Kaler Decl.* ¶ 4.

Plaintiff declined to file an optional patent owner's statement in response to the reexamination request in order to shorten the reexamination process. Black & Decker was thereby barred from a second filing with the USPTO regarding the 1st reexamination. *Kaler Decl.* ¶ 5.

Shortly thereafter, and a full six months after the 1st reexamination request had been filed, co-defendants Phillips Plastics and Hi-Tech Plastics filed their own third-party reexamination request ("2nd reexamination") with the USPTO, citing some of

the same prior art listed in the 1st reexamination request. *Kaler Decl.* ¶ 6. Although the USPTO has not yet issued any response to the 2nd reexamination request, which is not due until about March 23, 2008, it is likely that this 2nd reexamination request will complicate and lengthen the time from the 1st reexamination filing to completion of the reexamination. *Kaler Decl.* ¶ 7.

Based on more recent research, the likely time period for conclusion of a reexamination is approximately five years, extending to nearly eight years if an appeal to the Federal Circuit is sought. *Kaler Decl.* ¶ 8.

## ARGUMENT

### I. REVIEWS OF REQUESTS FOR STAY MUST BE BASED UPON THE SPECIFIC CIRCUMSTANCES OF EACH CASE.

The court is not required to stay judicial resolution of a patent case in view of reexaminations, rather the decision to stay is within the discretion of the Court. *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

A court must weigh the parties competing interests as presented by the specific facts of the case at bar. *Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D. Cal. Sept. 27, 2005).

When determining the appropriateness of a stay pending a patent reexamination, courts consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D.Cal. Dec. 14, 2006) (quoting *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D.Cal. 1994)); *see also Jain*, 2005 WL 2397041, at *1; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D.Cal. Mar. 16, 2006).

When this Court entered the stay in the related Black & Decker case, the order was based upon an evaluation of all the factors in that case and reached a decision on those facts.

The specific critical facts in this case are substantially different than those in Black & Decker. In Black & Decker, the stay request was made just months before a claim construction hearing and a scheduled bifurcated trial. Additional parties had been added as defendants. The Court and the parties were well aware of the issues for trial, and many of those issues had been briefed at length. Substantial discovery had been done. Furthermore, the Court made note of the length of time between initial discussions between the parties regarding the '184 patent prior to the filing of the complaint.

This case is substantially different. Plaintiff first became aware of potential infringement by OXO/Helen of Troy barely two years ago. Plaintiff has not yet been able to identify all potentially liable defendants, has conducted no discovery, and has not even received the benefit of an initial pleading stating the Defendants' responses to the Complaint as required under Federal Rules.

A partial stay is most appropriate in this case. Issuance of a complete stay before the parties have even answered the Complaint and identified their general position in the case would be a mistake.

## II. PLAINTIFF WOULD BE UNDULY PREJUDICED AND PLACED AT A TACTICAL ADVANTAGE IF A COMPLETE STAY ISSUES.

Plaintiff would be unduly prejudiced and subjected to a clear tactical disadvantage by a complete stay for the following reasons: (A) inability to identify and serve all defendants; (B) loss of evidence during the stay; (C) being subjected to an indefinite stay as a result of multiple, staggered reexamination requests by other accused infringers; and (D) a corresponding delay in the Black & Decker case when

1  the stay in that case is lifted arising from the need to coordinate claim construction
2  across cases.

**The inability to timely identify and make contact with all potential defendants magnifies the problem of loss of evidence in that all relevant parties may not even know that there is any need to preserve evidence.**

This prejudice, and any prejudice asserted by the moving party, can be ameliorated through a partial stay and scheduling order that only stays claim construction specific discovery, briefing and hearing, until after the reexamination(s) have been concluded (see Section IV, below).

    A.    <u>Plaintiff Would Be Prejudiced Through Inability To Identify and Serve All Proper Defendants</u>.

Federal Rules of Civil Procedure, Rule 15(c), places limitations on a party's ability to amend pleadings to add or substitute parties, and places restrictions on when such amendments relate back to the date of the initial filings.

> (c) Relation Back of Amendments.
> (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
> …
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint [120 days from original filing], the party to be brought in by amendment:
>     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>     (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. Rule 15(c).

The substitution of a named party for a fictitious party named in a prior complaint is considered a change of parties, not a change of name of the original

party, for purposes of applying relation back doctrine. *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F.Supp.2d 1228 (M.D.Ala. 2000).

In this case, Plaintiff has named two defendants, and identified 100 DOES as responsible parties to the manufacture, import, sale and/or offer for sale of the accused products. It is substantially likely that additional companies are involved in these actions, but Plaintiff cannot identify or name them until some preliminary discovery is done, including initial disclosures.

If Plaintiff is precluded from conducting discovery that would allow it to identify all potential defendants, add them to the case, and serve them with the Complaint, Plaintiff could later be precluded from adding them to the case. This would result in prejudice to Plaintiff and provides further grounds for denial of this motion for stay.

Potential defendants that are not made aware of this suit may also be in a position to claim that they would be prejudiced by late notice of and addition to the suit because they did not have the opportunity to preserve their own evidence.

A complete stay of litigation before any preliminary steps are taken to identify proper parties and ensure initial discovery or preservation of evidence greatly prejudices the Plaintiff and may well prejudice the entire judicial process in this case.

B.  Plaintiff Would Be Prejudiced Through The Loss Of Evidence.

Plaintiff will likely suffer substantial prejudice if a complete stay is granted in this case because the intervening delay will result in the loss of crucial, relevant evidence. Motions to stay pending patent reexamination have been denied where the likely length of reexamination[1] (a period reasonably estimated to be at least five

---

[1] In the past, it was reported that reexaminations generally take from six months to three years. *Telemac*, 405 F. Supp.2d at 1110 (citing *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D.Cal. 2005). These numbers appear to be based on outdated information. The San Diego Intellectual Property Lawyers Association ("SDIPLA") newsletter, SDIPLA News, Vol. 11, Issue 10, Feb. 2008, reports that when one looks only at recent years, "**the average ex parte reexamination now takes about 5**

years and close to eight years if an appeal is filed) will serve to exacerbate the risk of lost evidence. In *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006), the court noted:

> [Defendant's] failure to preserve individual records suggests that further delay could lead to further loss of information. Although the likely length of reexamination is not, in itself, evidence of undue prejudice, in the circumstances of this case, a possible lengthy delay would put [plaintiff] at a clear tactical disadvantage. The Court finds that this favor weighs strongly against a stay.

*Id.*

A delay that could reasonably extend to more than seven years would make it extraordinarily difficult to locate information regarding the process used to manufacture the accused products, as well as damages and willfulness. No answer or responsive pleading has been filed. No initial disclosures have been exchanged. It is unknown to Plaintiff and the Court whether all parties in possession of discoverable evidence have knowledge of this suit or therefore, under the circumstances, have any legal obligations to preserve evidence.

If the case is completely stayed without even this initial information, Plaintiff cannot confirm location of manufacture of the accused products or the identity of knowledgeable witnesses and other evidence and there is no way to guarantee that relevant, discoverable evidence would not be lost in the next five years. Plaintiff is unaware of whether relevant documents and witnesses are within the control of the named Defendant or non-parties.

Because of the very real possibility of loss of evidence during a complete stay, the Court should deny a complete stay, and instead issue a partial stay that would

---

**years (vs. the PTO's claim that it takes 2 years). If an appeal to the CAFC is involved, that extends the period to 7.7 years.**"

delay claim construction matters, but ensure preservation of manufacturing process, sales, and willfulness evidence.

      C.    <u>Plaintiff Would Be Prejudiced and Placed at a Tactical Disadvantage By Being Subjected To An Indefinite Stay Predicated on Multiple Reexamination Requests.</u>

Defendants seek a tactical advantage over Plaintiff through use of the serendipitous event of patent reexamination proceedings filed by unrelated accused patent infringers in a wholly different lawsuit. In considering this motion, the Court should review the current status of those reexamination proceedings.

The 1st reexamination request by Black & Decker was filed seven months ago, and the first office action has not yet issued in that matter. A 2nd reexamination request was filed by Black & Decker's suppliers, Phillips Plastics and Hi-Tech Plastics, in December 2007. No response to that request is expected until mid- to late March.

It is certainly understandable that the accused infringers in the Black & Decker suit would want to use every weapon in their arsenal to try to avoid liability; the sheer magnitude of potential damages in entices defendants to take every colorable action to delay obtaining a judgment. However, the existence of defensive reexamination requests filed with the USPTO by Defendants in a huge lawsuit should not *de facto* govern how a much smaller suit should proceed.

      D.    <u>Plaintiff Would Be Further Prejudiced By a Complete Stay Which Would Introduce Additional Delay Into The Black & Decker Case.</u>

In June 2007, the Court stated its intention to conduct a consolidated claim construction hearing on all of the '184 patent cases. Docket # 147, page 4, in the Black & Decker case.

The Black & Decker stay issued after a year of intense litigation and discovery, only shortly before a scheduled claim construction hearing. In its Order

staying the Black & Decker case, this Court stated that discovery was not nearing completion. However, it was just months prior to a scheduled and agreed claim construction hearing. Upon completion of reexamination, the Black & Decker case would be ready for rescheduling of a claim construction hearing within 90 days of termination of the stay. Assuming that the Court proceeds with the planned consolidated claim construction with other '184 patent cases that have not completed a year of discovery, it would take many months before the other cases would be procedurally ready for claim construction. Thus, the delays would compound each other, making a complete stay of this case a substantial further extension of the already lengthy delay in the Black & Decker case.

It is the best use of judicial resources that this Court conduct a single claim construction hearing on all pending '184 patent cases. For the Court to accomplish that goal, the more recently filed cases would need to be advanced to procedural parity with the Black & Decker case, a task that can be best accomplished by denying the pending motion and allowing discovery and motion practice prior to claim construction to proceed.

Because Plaintiff has demonstrated the substantial likelihood of prejudice if a complete stay is issued, Defendant's motion should be denied.

III. THE MOVING PARTIES HAVE FAILED TO DEMONSTRATE ANY HARDSHIP.

"**The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward**, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *IMAX Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030, 1032 (C.D. Cal. 2005) (emphasis added) (quoting *Unidisco v. Schattner,* 210 U.S.P.Q. 622, 629 (D.Md.1981) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). There is a substantial risk that Plaintiff will be damaged by a stay, and the moving parties have

not shown that they will suffer hardship or inequity if its motion for stay is denied, beyond that of being a defendant in a patent infringement case.

The ruling cited *In re Trans Texas Holdings Corp.,* 2007 U.S.App. LEXIS 19909, at *14-19 (Fed. Cir. Aug. 22, 2007) is inapposite to the situation here. That case stands for the proposition that Defendant could suffer irreparable harm if the Court found the patent valid and infringed, and Defendant could pay damages that it might not recover in the event of a later USPTO finding of invalidity. Defendants' sole claim of prejudice is entirely mooted if the Court issues a partial stay as to claim construction and trial, while allowing discovery and other matters to go forward during reexamination.

IV.  JUDICIAL ECONOMY AND THE INTERESTS OF BOTH PARTIES WOULD BE BEST SERVED BY A PARTIAL STAY OF THIS CASE.

As demonstrated above, Plaintiff would be greatly prejudiced by a complete stay, and Defendants would not be significantly harmed if a complete stay were denied. A balancing of the respective interests weighs in favor of a partial stay.

Plaintiff is not proposing that this case progress all the way to the eve of trial, or claim construction, during the pendency of the existing reexamination. Rather, Plaintiff agrees that claim construction-specific discovery, briefing and hearing can wait until the lift of stay in the Black & Decker case. Defendants will not suffer any prejudice by attending an ENE, preparing a discovery plan, or responding to limited discovery requests aimed at identifying the proper defendants and the preservation of evidence.

Some examples of critical discovery that do not require completion of the reexamination include: (1) identification of all entities involved in the manufacture, import, marketing and sale of the accused products; (2) information on the manufacturing processes used; (3) production and sales numbers; and (4) the

1  identities and locations of knowledgeable witnesses, documents and physical evidence.

Because judicial interests and the interests of both parties would be best served by only a partial stay, the Motion for Stay should be denied.

## CONCLUSION

The moving parties' motion for a complete stay of litigation must be denied in its current form, because the non-moving Plaintiff will suffer great prejudice if it is granted, and the moving parties will not be harmed if it is denied.

**The inability to timely identify and make contact with all potential defendants and holders of relevant evidence would result in irreparable loss of evidence in this case. If all relevant parties do not even know that there is any need to preserve evidence, there is no reason to believe that necessary evidence will be maintained.**

Because of the very real possibility of loss of evidence during a complete stay, the Court should deny a complete stay, and instead issue a partial stay that would delay claim construction matters, but ensure preservation of manufacturing process, sales, and willfulness evidence.

Judicial economy is best served by allowing initial discovery to identify all proper defendants and allowing this case to procedurally catch-up to the Black & Decker case to allow for a consolidated claim construction hearing.

Therefore, Plaintiff respectfully requests that the Court deny the Motion for Stay as framed, and provide the alternate remedy of a partial stay which allows the parties to conduct limited discovery to avoid the loss of evidence during the reexamination. The Court can then schedule claim construction briefing and trial immediately following lift of the stay. Specifically, Plaintiff requests the Court to issue an order as follows:

1. Require the Defendants to file responsive pleadings as required by Fed.R.Civ.P. Rules 8 and/or 12.

2. Require the parties to engage in a Rule 26 discovery conference to outline the scope of discovery anticipated by all parties and propose a discovery schedule to cover aspects of the case that do not directly bear on the scope of invalidity being considered by the USPTO in reexamination or on explicit claim construction;

3. Require the parties to exchange initial disclosures pursuant to Rule 26;

4. Allow both parties to conduct depositions, inspections and written discovery requests to preserve evidence for the purposes of later trial as follows: the identity and location of manufacturers of the Accused Products, the volume of sales of the Accused Products identified in the Amended Complaint; and the manufacturing processes used to produce the Accused Products.

RESPECTFULLY SUBMITTED this Friday, February 08, 2008.

> JENS ERIK SORENSEN, as Trustee of
> SORENSEN RESEARCH AND DEVELOPMENT
> TRUST, Plaintiff
>
> /s/ J. Michael Kaler
>
> ---
>
> Melody A. Kramer, Esq.
> J. Michael Kaler, Esq.
> Attorneys for Plaintiff

# PROOF OF SERVICE

I, J. Michael Kaler declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121. I am a member of the State Bar of California and the Bar of this Court.

On February 8, 2008, I served on the parties to this action the following documents:

**OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF REEXAMINATION PROCEEDINGS**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Erik B. Von Ziepel<br>Seyfarth Shaw LLP<br>2029 Century Park East, Suite 3300<br>Los Angeles, CA 90067<br>evonzeipel@seyfarth.com | Helen of Troy Texas Corporation; OXO International (USA) Ltd. | Email--Pleadings Filed with the Court via CM/ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

I declare that the foregoing is true and correct, and that this declaration was executed on Friday, February 08, 2008, in San Diego, California.

/s/ J. Michael Kaler
_____
J. Michael Kaler

13.

Case No. 07-CV-02278