JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
JOSEPH H. LEE (Bar No. 248046)
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
LEXAR MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>               Plaintiff,<br><br>    v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>               Defendants. | Case No. C08-00095 JW RS<br><br>REPLY DECLARATION OF DAVID ASHMORE IN SUPPORT OF DEFENDANT'S MOTION TO STAY THIS LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS |

I, David Ashmore, declare:

    1.    I am Senior Assistant General Counsel for Micron Technology, Inc., parent corporation to its wholly-owned subsidiary, Lexar Media, Inc. ("Lexar").  I submit this declaration in support of Defendant's Reply to Plaintiff's Opposition to Motion to Stay This Litigation Pending the Outcome of Reexamination Proceedings.  My understanding is that the facts stated herein are true and correct, and if called upon as a witness, I could competently testify to them.

    2.    During the course of the pre-suit discussions between Lexar and Sorensen Research and Development Trust ("Sorensen"), Lexar offered to provide to Sorensen copies of correspondence with Lexar's suppliers regarding Lexar's non-infringement of the patent in suit.

1   This correspondence would identify Lexar's suppliers.

2           3.    The conditions under which the correspondence was offered were that

3   Sorensen and Sorensen's counsel would agree: (1) to keep them confidential and accessed only

4   by Sorensen and Sorensen's counsel; (2) to never use them for any purpose other than evaluating

5   Sorensen's infringement allegations against Lexar concerning the patent-in-suit; (3) that Lexar

6   has not waived any privileges by sharing them; and (4) that Sorensen will never claim any waiver

7   as a result of Lexar's sharing the correspondence with Sorensen.

8           4.    Sorensen refused to agree to the conditions under which Lexar was willing

9   to share correspondence with its suppliers.

10          5.    Lexar has taken affirmative steps to preserve relevant documents in

11  connection with this litigation, including providing a written "hold" notice to employees likely to

12  have such documents.

13          I declare under penalty of perjury under the laws of the United States of America

14  that the foregoing is true and correct.

15          Executed this 18th day of April, 2008, at Boise, Idaho.

16

17                                          _____

18                                              David Ashmore

19

20

21

22

23

24

25

26

27

28