1   JARED BOBROW (Bar No. 133712)
    jared.bobrow@weil.com
2   JOSEPH H. LEE (Bar No. 248046)
    joseph.lee@weil.com
3   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
4   Redwood Shores, CA  94065
    Telephone: (650) 802-3000
5   Facsimile: (650) 802-3100

6   Attorneys for Defendant
    LEXAR MEDIA, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

| | |
|---|---|
| 12  JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND | Case No. C08-00095 JW RS |
| 13  DEVELOPMENT TRUST, | MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL |
| 14              Plaintiff, | RULE 7-11 TO CONTINUE THE HEARING DATE FOR PLAINTIFF'S |
| 15         v. | MOTION FOR 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT |
| 16  LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100, | |
| 17 | Hon. James Ware |
| 18              Defendants. | |

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1     Pursuant to Local Rule 7-11, Defendant Lexar Media, Inc. ("Lexar") respectfully

2 requests that the Court continue the hearing date for Plaintiff's Motion for 35 U.S.C. § 295

3 Presumption of Infringement ("Motion for Presumption") from June 9, 2008, to July 7, 2008[1].

4 Plaintiff, with his unusual motion, seeks to establish, for purposes of this case, a presumption that

5 the product identified by the Plaintiff is manufactured using a process claimed by the patent in

6 suit.   If the Motion for Presumption is granted, the evidentiary burden on the issue of non-

7 infringement would shift from Plaintiff to Lexar.   Given this possibility, Lexar must be given a

8 fair opportunity to be heard.   Unfortunately, Plaintiff's failure to confer with Lexar regarding the

9 selection of June 9, 2008 as the hearing date for the Motion for Presumption prior to filing has

10 denied Lexar that opportunity.   To restore Lexar's fair opportunity to be heard, Lexar's request

11 for a continuance should be granted.   Lexar's request for a continuance should also be granted in

12 light of the prejudice to Lexar from the current hearing date and the lack of prejudice to the

13 Plaintiff if a continuance were granted.

14     Plaintiff Jens Erik Sorensen, as trustee for Sorensen Research and Development

15 Trust ("Sorensen") filed his Motion for Presumption on April 11, 2008.   Despite this Court's

16 standing order regarding the need to confer with opposing counsel prior to setting a hearing date,

17 Sorensen unilaterally noticed the Motion for Presumption for hearing on June 9, 2008.   After

18 filing the Motion for Presumption, Sorensen's counsel, J. Michael Kaler, attempted, later that day,

19 to contact Lexar's lead counsel, Jared Bobrow, and left a voicemail message for Mr. Bobrow

20 requesting post-filing acquiescence to the June 9, 2008, hearing date included in the already-filed

21 Motion for Presumption. (Lee Decl., ¶ 2.) As Mr. Bobrow was preparing for an arbitration at the

22 time, he was unable to immediately return the call.   (*Id.*, ¶ 3.)   On April 16, 2008, Lexar's

23 counsel, Joseph H. Lee, contacted Mr. Kaler to inform him that Mr. Bobrow would be

24 unavailable for most of June, including June 9, 2008, as he would be out of the country. (*Id.*,

25 ¶ 4.)

26 / / /

27

28   [1] Lexar reserves the right to request additional time for discovery, if necessary, in light of witness availability and after further investigation.

1    After learning that Lexar's lead counsel would be out of the country and

2    unavailable for most of June, Mr. Kaler proposed that the Motion for Presumption be re-noticed

3    for July 7, 2008, as that would be the earliest date available on the Court's calendar after the end

4    of June. (*Id.*, ¶ 5.) After checking Mr. Bobrow's schedule to determine whether he would be

5    available on July 7, 2008, Mr. Lee attempted to contact Mr. Kaler to confirm that Mr. Bobrow

6    would be available July 7, 2008, and that the Motion for Presumption could be heard on that date.

7    (*Id.*, ¶ 6.) Mr. Lee left both voicemail and e-mail messages with Mr. Kaler on April 22, 2008.

8    (*Id.*, ¶ 7, Exh. A (Lee 4/22/08 Email).) In reply, Mr. Kaler retracted his offer to move the hearing

9    to July 7, 2008, and insisted that, despite Mr. Bobrow's unavailability, the Motion for

10   Presumption be heard on the original, unilaterally chosen date of June 9, 2008. (*Id.*, Exh. B

11   (Kaler 4/22/08 Email).)

12   Sorensen's failure to follow this Court's standing order regarding the selection of

13   hearing dates necessitates this request. According to this Court's standing order, "[b]efore

14   selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel

15   must confer with opposing counsel to determine that the proposed hearing date will not cause

16   undue prejudice." Standing Order Regarding Case Management in Civil Cases, ¶ 4. If Sorensen

17   had properly followed this order and conferred with Lexar's counsel prior to selecting a hearing

18   date for the Motion for Presumption, he would have known that the earliest date consistent with

19   the Court's calendar and Mr. Bobrow's availability is July 7, 2008, and noticed the Motion for

20   Presumption accordingly. Instead, as a result of failing to following this Court's standing orders,

21   Sorensen has chosen a date on which the attorney chosen by Lexar to argue the Motion for

22   Presumption is unavailable. Sorensen should not gain a benefit from his failure to follow the

23   Court's standing orders. Denying Lexar's request for a continuance would do exactly that.

24   The prejudice to Lexar from the date unilaterally chosen by Sorensen for the

25   hearing on the Motion for Presumption is significant. Lexar's lead counsel is out of the country

26   on June 9, 2008, and would be unable to attend the hearing to argue the motion. July 7, 2008, is

27   the earliest date after June 9, 2008, open on the Court's calendar for which Lexar's lead counsel

28   will be available. Given the nature of the Motion for Presumption, which if granted will shift the

evidentiary burden on the issue of infringement from Sorensen to Lexar, a short delay in order to allow Lexar's lead counsel to attend the hearing on the Motion for Presumption is not unreasonable, especially given the early stage of this case and the fact that discovery has not yet begun, and will not unduly prejudice Sorensen. If, on the other hand, the hearing date is not changed, Lexar's lead counsel will be unable to attend, which will significantly prejudice Lexar. As Sorensen, despite the lack of prejudice to him, refuses to re-notice the Motion for Presumption for July 7, 2008, Lexar respectfully requests the Court continue the hearing on the Motion for Presumption to July 7, 2008.

As Sorensen's failure to follow the Court's standing orders is the reason why this request is necessary, and as the current date for the hearing on the Motion for Presumption would unduly prejudice Lexar whereas a continuance would not prejudice Sorensen, Lexar respectfully requests that the Court continue the hearing date for the Motion for Presumption to July 7, 2008.

Dated: April 29, 2008                    WEIL, GOTSHAL & MANGES LLP


BY: _____/s/_____
                          JARED BOBROW
                          jared.bobrow@weil.com

                          Attorneys for Defendant,
                          LEXAR MEDIA, INC.