1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   Email: michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9  Email: mak@kramerlawip.com
10
11 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
12
13
                    UNITED STATES DISTRICT COURT
14
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
                           SAN JOSE DIVISION
16

17 | JENS ERIK SORENSEN, as Trustee of ) Case No. C08-00095 JW
   | SORENSEN RESEARCH AND              )
18 | DEVELOPMENT TRUST,                  ) **OPPOSITION TO DEFENDANT**
19 |                                     ) **LEXAR's REQUEST PURSUANT TO**
   |                  Plaintiff          ) **LOCAL RULE 7-11 TO CONTINUE**
20 |         v.                          ) **HEARING ON PLAINTIFF'S**
21 |                                     ) **MOTION FOR APPLICATION OF**
   | LEXAR MEDIA, INC., a Delaware       ) **35 U.S.C. § 295 PRESUMPTION OF**
22 | corporation; and DOES 1 – 100,      ) **INFRINGEMENT**
23 |                                     )
   |                  Defendants.        )
24 |                                     ) Courtroom 8, 4th Floor
25 | _____  ) Judge: The Hon. James Ware
26 | and related counterclaims.          )
   |                                     )
27 |                                     )
28 |                                     )

**I.   The Requirement To Confer With Opposing Counsel On Hearing Dates Is Not Intended To Allow The Party Opposing A Motion To Obtain Unreasonable Delay By Refusing To Agree To Any Reasonable Hearing Date.**

Defendant's motion for continuance (Docket #25) omits a few critical facts and fails to establish any undue prejudice. The critical facts ignored by Defendant are as follows:

Attorney Joseph H. Lee is counsel of record for Defendant Lexar Media, Inc.. He has been the attorney involved in essentially all communications with Plaintiff's counsel subsequent to filing of the complaint, appears to be the most knowledgeable attorney at Defendant's counsel's firm (Weil, Gotshal & Manges, LLP) as to this case, and has never asserted that he is unavailable for hearing on June 9, 2008.

More than 65 attorneys practice in the Silicon Valley office of Weil Gotshal where both Mr. Lee and Mr. Bobrow are located.  Further, Weil Gotshal has 1,300 attorneys in 19 offices according to its website, www.weil.com.  There is no evidence or suggestion that 1,299 of them are unavailable for a routine law and motion hearing on June 9, 2008.  Only Mr. Jared Bobrow seems to be indisposed.

No undue prejudice will be occasioned to Defendant by one attorney of record (Mr. Bobrow) not being able for a hearing when another attorney of record (Mr. Lee) is free to attend.

**II.   Defendant Acquiesced To The Scheduled Hearing Date By Failing To Timely Respond To Plaintiff's Request To Confer.**

Plaintiff's counsel, Michael Kaler, accidentally filed the pending motion on April 11, 2008 before remembering to call defense counsel to confirm the available date, but then called the same day as the filing.  The Court's electronic service sent copies of the motion not only to Mr. Bobrow, but also to Judi Tallett of defense counsel's firm.

Defense counsel waited five days after receiving the voicemail and the

1  electronic service of the motion before responding to Mr. Kaler's phone call. Five
2  days of silence after the phone call and service strongly suggests acceptance of the
3  noticed date.

4  When Mr. Lee contacted Mr. Kaler on April 16 to object to the hearing date,
5  the July 7, 2008 was the last motion hearing date available on the Court's calendar
6  prior to September. Mr. Kaler offered Mr. Lee each date from June 9 up to July 7 for
7  consideration and Mr. Lee verbally rejected each and every one. It was only after
8  Mr. Kaler made it clear that he was not prepared to accept a delay into September
9  and thus, could not even consider moving the hearing to any date later than the July 7
10 date, did Mr. Lee even suggest that he would ask Mr. Bobrow if the July 7 date was
11 acceptable.

12 Mr. Kaler heard nothing back from Mr. Lee until April 22, a full eleven days
13 after filing of the motion. At that point, Mr. Lee sought to take the last possible date
14 prior to September. By this time, Mr. Kaler had reasonably concluded that the
15 continued silence of Defense counsel was acceptance of the pending hearing date.

16 Defendant's aspersions about Mr. Kaler's unintentional failure to call
17 opposing counsel prior to filing the pending motion is disingenuous. Defendant's
18 counsel did not confer with Plaintiff's counsel about the hearing date actually set on
19 Lexar's motion for stay. Rather, Mr. Bobrow obtained approval of a different date,
20 then changed the date at the time of filing, before communicating the change to Mr.
21 Kaler.

22 The Court's standing order regarding the selection of hearing dates requires
23 conferring with opposing counsel to ensure that no undue prejudice will result. It
24 does not give *carte blanche* for the non-moving party to delay the filing or hearing of
25 motions by simply not returning phone calls in a reasonable period of time.

26 Defendant should not be rewarded for its own failure to address the
27 scheduling issue promptly and reasonably with an eye toward obtaining the earliest
28 available date for hearing. Defendant's request should be denied.

DATED this Thursday, May 01, 2008.

    JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ J. Michael Kaler
_____
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorney for Plaintiff

3.

Case No. 08CV0095

**PROOF OF SERVICE**

I, J. Michael Kaler, declare:  I am and was at the time of this service working within in the County of San Diego, California.  I am over the age of 18 year and not a party to the within action.  My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121.

On Thursday, May 01, 2008 I served the following documents:

OPPOSITION TO DEFENDANT LEXAR's REQUEST PURSUANT TO LOCAL RULE 7-11 TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT

DECLARATION OF J. MICHAEL KALER IN SUPPORT OF OPPOSITION TO DEFENDANT LEXAR's REQUEST PURSUANT TO LOCAL RULE 7-11 TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Joseph H. Lee<br>joseph.lee@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

1
2  [X] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

3
4  [ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

5  I declare that the foregoing is true and correct, and that this declaration was executed on Thursday,

6  May 01, 2008, in San Diego, California.

7

8                                                          /s/ J. Michael Kaler
9                                                          J. Michael Kaler

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28