1  J. MICHAEL KALER, SBN 158296
2  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
3  Telephone (858) 362-3151
4  michael@kalerlaw.com

5  MELODY A. KRAMER, SBN 169984
6  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
7  Telephone (858) 362-3150
8  mak@kramerlawip.com

9  Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
10 DEVELOPMENT TRUST

11

12              UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15 | JENS ERIK SORENSEN, as Trustee of ) Case No. 08 CV 00095 JW
16 | SORENSEN RESEARCH AND              )
   | DEVELOPMENT TRUST,                 )
17 |                                    ) **DECLARATION OF J. MICHAEL**
   |                                    ) **KALER IN SUPPORT OF**
18 |                  Plaintiff         ) **OPPOSITION TO DEFENDANT**
   |     v.                             ) **LEXAR's REQUEST PURSUANT TO**
19 |                                    ) **LOCAL RULE 7-11 TO CONTINUE**
20 | LEXAR MEDIA, INC., a Delaware      ) **HEARING ON PLAINTIFF'S**
   | Corporation; and DOES 1 – 100,     ) **MOTION FOR APPLICATION OF**
21 |                                    ) **35 U.S.C. § 295 PRESUMPTION OF**
22 |                  Defendants.       ) **INFRINGEMENT**
   |                                    )
23 |                                    ) Courtroom 8, 4th Floor
24 |                                    ) Judge: The Hon. James Ware
   |                                    )
25 |                                    )
26 |                                    )
   |                                    )
27 |                                    )

28

I, J. MICHAEL KALER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in the above-captioned matter.

3. This declaration is made in support of Plaintiff's Opposition To Defendant Lexar's Request Pursuant To Local Rule 7-11 To Continue Hearing On Plaintiff's Motion For Application Of 35 U.S.C. § 295 Presumption Of Infringement.

4. Attorney Joseph H. Lee is counsel of record for Defendant Lexar Media, Inc. He provided the supporting declaration for Lexar's motion. He has been the attorney involved in essentially all communications with Plaintiff's counsel subsequent to filing of the complaint. He appears to be the most knowledgeable attorney at Defendant's counsel's firm (Weil, Gotshal & Manges, LLP) as to this case. Neither in Court papers, nor in communication with me has ever asserted that he is unavailable for hearing on June 9, 2008.

5. I checked the website of Weil Gotshal at www.weil.com. The website provides that more than 65 attorneys practice in the Silicon Valley office of Weil Gotshal where both Mr. Lee and Mr. Bobrow are located. Further, Weil Gotshal has 1,300 attorneys in 19 offices. There is no evidence or suggestion that 1,299 of those attorneys are unavailable for a routine law and motion hearing on June 9, 2008. The evidence of unavailability submitted only relates to Mr. Jared Bobrow.

6. It is true that I accidentally filed the pending motion on April 11, 2008

before remembering to call defense counsel to confirm the available date, but then called the same day as the filing. The Court's electronic service shows that it sent copies of the motion not only to Mr. Bobrow, but also to Judi Tallett of defense counsel's firm. So, in addition to my voicemail, Defendant's counsel had two other sources of information of the scheduled hearing date on April 11.

7. Defense counsel waited five days after receiving the voicemail and the electronic service of the motion before Mr. Lee first responded to my phone call.

8. When Mr. Lee called me on April 16 to object to the hearing date, the July 7, 2008 was the last motion hearing date available on the Court's calendar prior to September. I went through the Court's listing of available hearing dates and offered Mr. Lee each date from June 9 up to July 7 for consideration and Mr. Lee verbally rejected each and every one. It was only after I made it clear that I was not prepared to accept a delay into September and thus, could not even consider moving the hearing to any date later than the July 7 date that Mr. Lee reluctantly agreed to ask Mr. Bobrow if the July 7 date was acceptable.

9. I heard nothing back from Mr. Lee or anyone else representing Lexar until April 22, a full eleven days after filing of the motion. At that point, Mr. Lee sought to take the last possible date prior to September. By this time, I had reasonably concluded that the continued silence of Defense counsel was acceptance of the pending hearing date.

10. Defendant has attacked my inadvertent failure to speak with Mr. Bobrow prior to filing the motion by asserting that Mr. Bobrow complied with obtaining scheduling clearance prior to filing Lexar's motion for stay. This is not accurate. Mr. Bobrow did not confer with me about the hearing date actually set on

Lexar's motion for stay. Rather, Mr. Bobrow obtained approval of a different date, then changed the date at the time of filing, before communicating the change to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraphs are true and correct to the best of my own personal knowledge.

DATED this Thursday, May 01, 2008.

                       /s/ J. Michael Kaler
                       J. Michael Kaler, Esq.