# EXHIBIT A

1  J. MICHAEL KALER, SBN 158296
2  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
3  Telephone (858) 362-3151
   E-mail: michael@kalerlaw.com
4
   MELODY A. KRAMER, SBN 169984
5  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
6  Telephone (858) 362-3150
7  E-mail: mak@kramerlawip.com

8  Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
9  DEVELOPMENT TRUST

10

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13

14  JENS ERIK SORENSEN, as Trustee of     ) Case No. 08-CV-00095 RW
    SORENSEN RESEARCH AND                 )
15  DEVELOPMENT TRUST,                    ) **INTERROGATORIES TO**
                                          ) **DEFENDANT LEXAR MEDIA, INC.**
16              Plaintiff                 ) **(SET ONE) NOS. 1 thru 6**
        v.                                )
17                                        )
18  LEXAR MEDIA, INC., a Delaware         )
    corporation; and DOES 1 – 100,        )
19                                        )
20              Defendants.               )
                                          )
21  _____       )
                                          )
22  and related counterclaims.            )
                                          )
23                                        )
                                          )
24  _____       )

25

26

27

28

TO DEFENDANT LEXAR MEDIA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to *Fed.R.Civ.Proc.* Rule 33, you are hereby requested to answer the following interrogatories fully in writing, under oath. If objection is made, the Responding Party shall state the reasons therefore.

## **DEFINITIONS**

1. "Lexar Media, Inc.", "Lexar", "you", "your", and "Defendant" shall mean and include the named defendant, Lexar Media, Inc., to whom these requests for document production are addressed and include any and all subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly or partially owned entities of Lexar Media, Inc., and any entities acting or purporting to act for the foregoing or who are subject to the direction or control of the foregoing, including any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators, and consultants of the foregoing.

2. "Plaintiff" or "SRDT" means the plaintiff in this lawsuit, Jens Erik Sorensen as Trustee of the Sorensen Research & Development Trust.

3. In case of doubt as to the scope of a clause including "and", "or," "any," "all," "each" or "every" the intended meaning is inclusive rather than exclusive.

4. The term "patent in suit" or "the '184 patent" means United States Patent No. 4,935,184, issued on June 19, 1990.

5. The term "document" means any medium in the possession, custody or control of Lexar for storing or recording written or spoken words or symbols or sounds or any communication or thing that is capable of sensory perception within the broad context of Rule 34, Fed. R. Civ. P., including without limiting the generality of the foregoing, each original, master, and every non-identical copy or

reproduction of any and all written documents, papers, letters, correspondence, agreements, contracts, licenses, studies, surveys, notices, bulletins, circulars, facsimiles, pamphlets, minutes of meetings, memoranda of conversations, memoranda of meetings, intracompany memoranda, notes, including notes from telephone or other conversations, and notes from meetings, diaries, desk calendars, appointment books, transcripts, time sheets, logs, job and transaction files, abstracts, reports, journals, magnetic tapes, teletype messages, telegrams, radiograms, cablegrams, maps, graphic matter, microfilm, photographs, video tapes, any other visual recordings, sound recordings, electronic recordings of every kind, any computer or other machine readable storage medium, disks, floppy disks, diskettes, CD-ROMs, and working papers and drafts, whether or not used at any time. For purposes of these document requests, any such document bearing on any part thereof, any marks, such as initials, stapled indicia, comment or notation, of any character not part of the original document, is to be considered and identified as a separate document.

6. "Agreement" or "license" includes any license or indemnification agreement, sublicense agreement, cross-license, or any agreement or contract including a provision(s) granting a license, sublicense, cross-license, rights, or permission to develop, manufacture, use or sell; including any modification or addenda to any of the foregoing.

7. The words "relate to", "relating to", or "regarding" or "reflect" means in any way, directly or indirectly, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, constituting, evidencing or otherwise pertaining to, directly or indirectly, in whole or in part.

8. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, specifically including, but not limited to, letters,

personal or telephonic conversations, discussions, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects any such communication.

9. "Person" and "entity" include any legal entity, including but not limited to individuals, corporations, not-for-profit organizations, sole proprietorships, partnerships, associations, joint ventures, unincorporated associations, and cooperatives or any other entity, and all present and former directors, officers, partners, agents, employees, representatives, consultants, experts, attorneys, and all others acting or purporting to act for or on behalf of such person.

10. "Prior art" of a patent means all publications, patents, physical devices, prototypes, uses, sales, offers for sale or other activity relating to the subject matter of the patent and having or occurring at a date such as to be relevant under any subdivision of 35 U.S.C. § 102 or 35 U.S.C. § 103.

11. "Accused Products" refers to the external plastic shell or casing of all LEXAR MEDIA JumpDrive 128MB manufactured, imported, offered for sale or sold in the United States during the period from January 7, 2002 through, February 8, 2008, inclusive, and all other Lexar products manufactured with the same or similar processes manufactured, imported, offered for sale or sold in the United States during the same period.

12. "JumpDrive 128MB" refers to the external plastic shell or casing of all LEXAR MEDIA JumpDrive 128MB manufactured, imported, offered for sale or sold in the United States during the period from January 7, 2002 through, February 8, 2008, inclusive.

13. "'184 patented process" means the process set forth in U.S. Patent No. 4,935,184.

14.   "Identify" with respect to documents shall mean to list by date, author, recipient, general description of contents, and location of document.

**INTERROGATORIES**

1.   For all JumpDrive 128MB, set forth the total number of units sold, or otherwise transferred or removed from inventory, <u>without adjusting for any units returned</u>, by Lexar and/or its subsidiaries during the period from January 7, 2002 through, February 8, 2008, inclusive.

2.   For all JumpDrive 128MB, set forth the total number of units manufactured by or for Lexar and/or its subsidiaries during the period from January 7, 2002 through, February 8, 2008, inclusive, whether or not sold or offered for sale.

3.   For all JumpDrive 128MB, set forth the total number of units imported into the United States, <u>without adjusting for any units returned</u>, by Lexar and/or its subsidiaries during the period from January 7, 2002 through, February 8, 2008, inclusive, whether or not sold or offered for sale.

4.   For all JumpDrive 128MB, set forth total dollar amounts received by Lexar and/or its subsidiaries from sales or transfers of each of the products, <u>without adjusting for any units returned</u>, during the period from January 7, 2002 through, February 8, 2008, inclusive, by model number.

5.   For all JumpDrive 128MB, identify the manufacturing entity, location, and

5.

Case No. 08 CV 00095 RW

dates of manufacture for all production of all Accused Products manufactured, imported, offered for sale or sold in the United States by or for Lexar and/or its subsidiaries during the period from January 7, 2002 through, February 8, 2008, inclusive.

6. Identify by full name, title(s), and last known address, all employees and agents of Lexar that have knowledge regarding the manufacture, import, sale, and/or offers for sales of the Accused Products during the period from January 7, 2002 through, February 8, 2008, inclusive.

DATED this Thursday, May 22, 2008.

> JENS ERIK SORENSEN, as Trustee of
> SORENSEN RESEARCH AND DEVELOPMENT
> TRUST, Plaintiff
>
> /s/ J. Michael Kaler
>
> _____
> J. Michael Kaler
> Melody A. Kramer
> Attorneys for Plaintiff

**PROOF OF SERVICE**

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121. I am a member of the State Bar of California and the Bar of this Court.

On May 22, 2008, I served on the parties to this action the following documents:

INTERROGATORIES TO DEFENDANT LEXAR MEDIA, INC. (SET ONE) NOS. 1 thru 6

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |

[X] (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

[ ] (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

[ ] (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

[X] (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

[ ] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

[ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

1
2    I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, May 22, 2008, in San Diego, California.
3
4                                            /s/ J. Michael Kaler
                                             _____
5                                            J. Michael Kaler

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28