# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>vs.<br><br>THE BLACK & DECKER CORPORATION,<br><br>Defendant. | CASE NO. 06cv1572 BTM (CAB)<br>**ORDER RE:**<br>**(1) DEFENDANT'S MOTION TO CONTINUE HEARING DATES ON PLAINTIFF'S PENDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT [Doc. # 40]**<br>**and**<br>**(2) PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT [Docs. #27 and 33]** |

In early November, Plaintiff filed two motions which are scheduled to be heard on January 19, 2007: (1) Plaintiff's Motion for Presumption that the Accused Processes Infringe the '184 Patent [Doc. #27]; and (2) Plaintiff's Motion for Summary Determination of Infringement as to Subject Tools [Doc. #33]. Soon after these motions were filed, and in accordance with the local patent rules, Magistrate Judge Bencivengo issued a case management order that lays out the schedule for discovery and disclosures to be made in preparation for a claim construction hearing before this Court on May 21, 2007. Defendant recently moved this Court to continue the hearing dates on both of Plaintiff's summary judgment motions until after the claim construction hearing because their determination would require construction of the claims of the '184 patent. The Court, finding that good cause exists to defer ruling upon these motions, hereby **GRANTS** Defendant's motion.

A review of the Plaintiff's motions reveals that both motions explicitly call for the construction of the '184 patent, including the terms "hollow," "stabilizing regions," "laminated

walls," "common mold part" and others. (Pl.'s 11/1/06 Mem. at 12-17; Pl.'s 11/8/06 Mem. at 9-13.) Accordingly, this Court finds that both of Plaintiff's motions "raise[] claim construction issues." Patent L.R. 1.3. The determination of claim construction issues in a piecemeal fashion, as would be required by ruling on Plaintiff's motions prior to the full claim construction hearing, would result in significant inefficiencies. As such, good cause exists to defer consideration of Plaintiff's motions until after this Court issues a claim construction ruling.

In addition, the Court finds that, as Plaintiff's motions affirmatively rely upon constructions of the '184 patent, the summary adjudication process would be significantly aided by allowing Plaintiff the opportunity to amend and re-file its motions to take into account the relevant claim construction rulings that will be issued by the Court. Accordingly, rather than simply continuing the hearing dates on Plaintiff's motions, the Court will **DENY** the motions as premature at this point. Plaintiff is free to renew these motions, either with or without change, as appropriate, after the Court issues its ruling in the wake of the May claim construction hearing.

Thus, Plaintiff's Motion for Presumption that the Accused Processes Infringe the '184 Patent [Doc. #27] and Plaintiff's Motion for Summary Determination of Infringement as to Subject Tools [Doc. #33] are both **DENIED** as premature. Accordingly, the Clerk shall vacate the pending January 19, 2007 hearing dates on these motions. Any renewed motion for summary judgment based upon these grounds, or any other summary judgment motion that depends upon construction of the claims of the '184 patent, may be filed subsequent to the issuance of this Court's claim construction ruling.

**IT IS SO ORDERED.**

DATED: December 29, 2006

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge