1  JARED BOBROW (Bar No. 133712)
   jared.bobrow@weil.com
2  JOSEPH H. LEE (Bar No. 248046)
   joseph.lee@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA 94065
   Telephone: (650) 802-3000
5  Facsimile: (650) 802-3100

6  KEVIN KUDLAC (*pro hac vice* pending)
   Kevin.kudlac@weil.com
7  WEIL, GOTSHAL & MANGES LLP
   8911 Capital of Texas Highway
8  Building One, Suite 1350
   Austin, TX 78759
9  Telephone: (512) 349-1930
   Facsimile: (512) 527-0798
10
   Attorneys for Defendant
11 LEXAR MEDIA, INC.

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>Defendants. | Case No. C08-00095 JW RS<br><br>DECLARATION OF DAVID ASHMORE IN SUPPORT OF DEFENDANT LEXAR MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT |

I, David Ashmore, declare:

1.   I am Senior Assistant General Counsel for Micron Technology, Inc., parent corporation to its wholly-owned subsidiary, Lexar Media, Inc. ("Lexar"). I submit this declaration in support of Defendant Lexar Media's Opposition to Plaintiff's Motion for Application of 35 U.S.C. § 295 Presumption of Infringement. My understanding is that the facts

1  stated herein are true and correct, and if called upon as a witness, I could competently testify to
2  them.
3       2.   On April 16, 2005, Sorensen Research and Development Trust
4  ("Sorensen") sent Lexar a letter informing it of the '184 patent in connection with the process
5  used by Lexar or its foreign suppliers to manufacture the LEXAR MEDIA JumpDrive 128MB
6  ("Accused Product").
7       3.   During the course of the pre-suit discussions between Lexar and Sorensen,
8  Lexar provided Sorensen with information concerning the process used to manufacture the
9  Accused Product.
10      4.   Sorensen admitted that, if the information provided by Lexar accurately
11 described the manufacturing process of the Accused Product, then the process used to
12 manufacture the Accused Product would not infringe.
13      5.   Sorensen indicated that an affidavit from a U.S.-based Lexar employee,
14 using language provided by Sorensen, that the process used to make the Accused Product did not
15 infringe the process claimed by the '184 patent, would be sufficient to overcome any presumption
16 of infringement that Sorensen held.
17      6.   Lexar offered to provide to Sorensen copies of correspondence with
18 Lexar's suppliers regarding Lexar's non-infringement of the patent in suit, confirming that the
19 process used by the suppliers to manufacture the Accused Product did not infringe the claimed
20 process.
21      7.   The conditions under which the correspondence was offered were that
22 Sorensen and Sorensen's counsel would agree: (1) to keep them confidential and accessed only
23 by Sorensen and Sorensen's counsel; (2) to never use them for any purpose other than evaluating
24 Sorensen's infringement allegations against Lexar concerning the patent-in-suit; (3) that Lexar
25 has not waived any privileges by sharing them; and (4) that Sorensen will never claim any waiver
26 as a result of Lexar's sharing the correspondence with Sorensen.
27      8.   Sorensen refused to agree to the conditions under which Lexar was willing
28 to share correspondence with its suppliers.

ASHMORE DECL. ISO DEF. LEXAR MEDIA'S OPP. TO
PL.'S MOT. FOR APPLICATION OF 35 U.S.C. § 295          2          Case No. C08-00095 JW RS

1 | I declare under penalty of perjury under the laws of the United States of America
2 | that the foregoing is true and correct.
3 | Executed this 9st 10th day of June, 2008, at Boise, Idaho.

David Ashmore