J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
Email: michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
Email: mak@kramerlawip.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 – 100,<br><br>　　　　　　　Defendants.<br><br>and related counterclaims. | Case No. C08-00095 JW<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT**<br><br>Date: June 30, 2008<br>Time: 9:00 A.M.<br>Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware<br><br>*Oral Argument is Respectfully Requested at Hearing on This Matter.* |

I.   PLAINTIFF'S MOTION IS NOT PREMATURE BECAUSE CLAIM CONSTRUCTION IS NOT NECESSARY YET, AND BECAUSE NO OPPORTUNITY FOR THE RELEVANT DISCOVERY EXISTS.

   A.   <u>The facts in this case exemplify the situation envisioned by the drafters of 35 U.S.C. § 295</u>.

   B.   <u>Claim construction is not required prior to application of 35 U.S.C. § 295</u>.

   C.   <u>No opportunity for discovery of the manufacturing facilities for the Accused Products is available.</u>

II.  PLAINTIFF HAS ESTABLISHED BOTH ELEMENTS REQUIRED FOR INVOCATION OF THE 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT.

   A.   <u>Plaintiff's Evidence Of Substantial Likelihood Of Infringement Stands Unrefuted.</u>

   B.   <u>Plaintiff Has Made Reasonable Efforts To Obtain Actual Manufacturing Process Information, But Has Been Unable To.</u>

**SUMMARY OF REPLY**

The express purpose of 35 U.S.C. § 295, is to place the burden of proof in process patent infringement actions upon the party with superior access to manufacturing information, i.e., the accused infringer. Placing the burden of proof on the party with best access to the evidence is an ideal way to level the playing field in a process patent infringement case, particularly where the manufacturers (the ones practicing the patented process) are non-party companies outside the jurisdiction of this Court, in a jurisdiction where the discovery laws can not reach.

Defendant acknowledges it already possesses manufacturing information, and claims that it can prove that the accused processes do not infringe the '184 patent. As such, Defendant has no good reason to oppose this motion.

Claim construction is not required for this motion because Plaintiff does not seek a finding of infringement. This motion is simply a procedural request for the Court to shift the burden of proof regarding the actual manufacturing method from the Plaintiff to the Defendant – the party with superior access to the relevant evidence, as provided in 35 U.S.C. § 295.

**ARGUMENT**

**I.   PLAINTIFF'S MOTION IS NOT PREMATURE BECAUSE CLAIM CONSTRUCTION IS UNNECESSARY TO RESOLVE THIS MOTION.**

   A.   The Facts In This Case Exemplify The Situation Envisioned By
        The Drafters Of 35 U.S.C. § 295.

The 35 U.S.C. § 295 "presumption addresses a great difficulty a patentee may have in proving that the patented process was actually used in the manufacture of the product in question in those cases, where the manufacturer is not subject to discovery under the Federal Rules of Civil Procedure. . . . Shifting the presumption should create no substantial burden, as an accused infringer should be in a much better

position to establish that the product was made by another method." *House Committee on the Judiciary, Process Patents Amendments Act of 1987*, H.R. REP. NO. 100-60, at 16 (1987).

Defendant acknowledges that the manufacture of the accused products occurs in China where the manufacturer is not subject to discovery under the Federal Rules of Civil Procedure. Defendant also acknowledges its superior position to establish the manufacturing process, boldly asserting that it already possesses evidence confirming non-infringement[1], yet Defendant has not produced any evidence to date.

Because this case exemplifies the situation envisioned by Congress in enacting section 295, the Court should invoke the section 295 presumption of infringement and place the burden on Defendants to prove that they are not using an infringing process. This burden shifting would prevent the wasting of judicial and party resources in discovery to maximize judicial efficiency.

The excuses provided by Defendant for postponing this matter are unsupported by law and relevant fact. For instance, Defendant falsely asserts that it offered to provide evidence of non-infringement provided that: "(1) to keep the information confidential and **accessed only by Sorensen and Sorensen's counsel."** Opposition Brief, p. 1:24-25 (emphasis added). In fact, the proposed restrictions were much more narrow than that. The December 6, 2007 letter from Mr. Kuyper directed to Ms. Kramer stated:

> We are conditionally willing to share with you copies of correspondence with suppliers that evidence their written assurances to Lexar of their use of a non-infringing process. We will do so if you, Mr. Kaler, and SRD Trust agree: (1) **to keep them confidential and accessed only by you and Mr. Kaler**;

Kaler Declaration ¶ 4, and Exhibit F (emphasis added).

---

[1] "Lexar was willing to provide documents and other evidence sufficient to establish that the method used by Lexar's suppliers was not the process claimed by the '184 patent." Ashmore Decl. ¶¶ 6-7. Opposition Brief, p. 15:6-8.

Defendant's insistence on forbidding review of the correspondence by patentee and its experts made the offer meaningless.

B. Claim construction is not required prior to application of 35 U.S.C. § 295.

Neither the statutory language of Section 295 nor the underlying legislative history requires a court to engage in claim construction prior to a determination under Section 295. Defendant has not cited a single legal citation that would support such a proposition. Although Defendant cites cases that it asserts are in support, none of those cases state that a claim construction is required prior to a request for shifting of this burden of proof. Rather, Defendant cites to inapposite cases regarding the extreme relief of preliminary injunction, and asks the Court to extrapolate from that body of law to the mild procedural remedy of shifting the burden of proof on a narrow issue under section 295. None of the law cited by Defendant is applicable to this motion.

The referenced order in *Sorensen v. Black & Decker* does not stand for the proposition that Defendant claims. Rather, the Order deferred a ruling on a motion for summary judgment that was based, in part, on a presumption of infringement under 35 U.S.C. § 295. As such, the Court decided to defer the motion until after a claim construction hearing had been completed. The Court in the *Black & Decker* case has never undertaken any analysis of 35 U.S.C. § 295 or issued any rulings about its application.

By contrast, this is not a motion for summary judgment. The Court is not being asked to make any final determination of infringement now. This is merely a motion requesting a shifting of the burden of proof for later purposes of summary judgment motions and/or trial.

In *Amazon.com, Inc. v. BarnesandNoble.com, Inc.*, 239 F.3d 1343 (Fed.Cir. 2001) the court dealt exclusively with preliminary injunctions in patent cases and

made no reference whatsoever to Section 295. The portion of *Amazon* referenced by Defendant relates only to how infringement analysis is conducted, not how 35 U.S.C. § 295 motions should be determined.

In *Ajinomoto Co. v. Archer-Daniels-Midland Co.*, 1996 WL 621837 (D.Del. 1996) the court addressed Section 295, but only in the context of dueling motions for summary judgment relating to infringement, validity, and willfulness. Faced with these summary judgment motions, the *Ajinomoto* court had no choice but to conduct a preliminary claim construction. The court only reached the issue of Section 295 because the patentholder relied on Section 295 in support of its infringement motion (as in the *Black & Decker* case). Never did the *Ajinomoto* court state, much less imply, that reliance on Section 295 requires a preliminary claim construction.

Finally, Defendant misleads the Court with the incorrect assertion that the court in *Aventis Pharms., Inc. v. Barr Labs., Inc.*, 411 F.Supp.2d 490 (D.N.J. 2006) expressly required claim construction prior to determining a request for application of Section 295. The *Aventis* court made no such ruling. Rather, the *Aventis* court addressed Section 295, but in the context of the patentee's application for preliminary injunction. The court, applying the law set forth in *Amazon.com,* first engaged in claim construction before considering the elements of a preliminary injunction. The court only reached the issue of Section 295 because the patentee relied on Section 295 in support of its request for an injunction. As in *Ajinomoto*, the *Aventis* court never explicitly or implicitly stated that claim construction is a required first step in a determination of burden shifting under Section 295.

A preliminary injunction in a patent case amounts to proof of probable success on the merits, a much higher burden of proof then does a request for the 35 U.S.C. § 295 presumption of infringement. It is no wonder that the Federal Circuit describes a preliminary injunction as a "drastic and extraordinary remedy." *Intel Corp. v. ULSI Sys. Tech. Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993); *see also Amazon.com*, 239 F.3d 1343, 1359 (Fed. Cir. 2001). It follows that claim construction is a mandatory

1  step in the injunction analysis. S*ee Amazon.com*, 239 F.3d at 1351.

2  No court has described Section 295 as requiring that claim construction must precede a determination under Section 295. In fact, the Federal Circuit has noted that the appropriate time for making a Section 295 determination will vary from case to case. "The specific point during a trial when the trial court should decide a § 295 motion raised by the patentee will vary with the facts and circumstances of each case." *Nutrinova Nutrition Specialties & Food Ingredients v. Int'l Trade Comm'n*, 224 F.3d 1356, 1360 (Fed. Cir. 2000) (noting that the fact dependence of this decision made it properly a matter of discretion for the trial court).

There is no law that supports the argument that claim construction is a prerequisite to a 35 U.S.C. § 295 motion or ruling and thus none should be required here.

C.  <u>No Opportunity For Discovery Of The Manufacturing Facilities For The Accused Products Is Available.</u>

Defendant overstates the role of discovery under Section 295. It cannot be contested that discovery is one way of satisfying the reasonable efforts requirement. However, exhaustion of U.S. discovery procedures is not required under Section 295. As the relevant House and Senate Committee Reports make clear, the reasonableness of the effort must be determined on a case-by-case basis and recourse to discovery is but one option. As noted by the House Committee on the Judiciary, "[c]oncerning reasonable efforts by the patentee, such efforts *can* be made by attempting to obtain discovery, *or showing that efforts to obtain discovery of information located in a foreign country would be futile*." H. REP. NO. 100-60, at 16 (1987) (emphasis added).

In a similar vein the sister committee in the Senate noted as follows:

> *The reasonableness of the effort would depend on the facts of the case* but should generally avoid the need for such measures as letters rogatory or suits in a foreign country.

5.  Case No. 08CV0095
Reply Brief in Support of Motion for Presumption of Infringement

S. REP. NO. 100-83, at 44-45 (1987) (emphasis added).[2]

Likewise, no court has held that exhaustion of U.S. discovery procedures is a prerequisite to application of Section 295. Not only is Defendant's reliance on *Nutrinova* misplaced, but also Defendant's description of that case is misleading. The Federal Circuit did not reject a patentholder argument that discovery from non-parties was futile, but rather found Section 295 to be inapplicable because there was sufficient information to determine the process used to produce the accused sweetener. *Nutrinova*, 224 F.3d at 1360. In addition, the Federal Circuit did not rule on whether the ITC's timing of its Section 295 decision was appropriate. Rather, the Federal Circuit refused to interfere with the ALJ's broad discretion to manage the timing of its decision on such a procedural matter. *Nutrinova*, 224 F.3d at 1360.

Defendant does not dispute that the products in question are manufactured in China, outside of the jurisdiction of this Court. Defendant does not claim that it has possession, custody, or control over the manufacturing facilities. Nor has Defendant refuted the fact that Plaintiff has no ability to compel access to Chinese manufacturing plants, compel production of Chinese documents, or compel depositions of Chinese witnesses. Plaintiff cannot utilize discovery procedures to get this information making discovery a futile task.

Defendant's disingenuous suggestion that perhaps a Chinese national would agree to fly to another country for the conduct of a deposition hardly falls within the reasonable efforts required to be made by Plaintiff. Plaintiff can do nothing to select and compel a proper witness with first-hand, relevant information and cannot do anything to ensure that the witness could get the necessary visas to travel outside of

---

[2] Defendant offers an incomplete quote from legislative history to incorrectly suggest that the legislature intended for discovery to be a prerequisite to application of Section 295: "The reasonableness of the effort would include the use of discovery procedures under the Federal Rules of Civil Procedure or other good-faith methods, *such as requesting the information from the manufacturer, if not subject to U.S. jurisdiction.*" S.R. 100-83 at 58 (1987) (emphasis added).

China. Indeed, based on Chinese laws that make voluntary depositions between private parties a criminal act, it is absurd to suggest that a visa would issue for a Chinese national to travel to another country for purposes of a deposition that would be illegal under Chinese law.

Furthermore, even if a witness were able to leave China and be deposed elsewhere, the witness would be free to say anything they wanted without fear of penalty of perjury once they returned to China.

Because the actual manufacturing process at issue is located in a country that is inaccessible to compulsory discovery, and is controlled by non-parties, the Court need not wait until later in these proceedings to invoke the presumption of infringement. It is precisely this situation for which the presumption was created.

Defendant claims to have the ability through its business relationships to obtain manufacturing information that Plaintiff is unable to compel. Thus, in keeping with the purpose of 35 U.S.C. § 295, Defendant should have the burden of proof as to the actual manufacturing process, something that should not present a substantial burden on the Defendant per its own representations, since Defendant claims to already possess evidence that the process does not infringe.

## II. PLAINTIFF HAS ESTABLISHED BOTH ELEMENTS REQUIRED FOR INVOCATION OF THE 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT.

### A. Plaintiff's Evidence Of Substantial Likelihood Of Infringement Stands Unrefuted.

To obtain the § 295 presumption, Plaintiff must only establish a *substantial likelihood* that the accused process infringes the patented process; it need not prove infringement. The patentee's burden is less than by a fair preponderance of the evidence. *See* Senate Committee on the Judiciary, Process Patents Amendment Act of 1987, S. REP. NO. 100-83, at 45 (1987).

Plaintiff's expert, Dr. Petrie, examined the Accused Products and determined that every element of Claim 1 of the '184 patented process that can be determined without access to the manufacturer's first-hand information is present.

By contrast, Defendant has presented no evidence that it has either physically examined the Accused Products or examined the manufacturing process in comparison with the '184 patent, either by lay person or expert witness.

Defendant has not made any evidentiary objections to the declaration of Plaintiff's expert and has offered no contradictory expert testimony of its own.

Defendant has not provided any evidence to the Court to support its blanket assertions that Dr. Petrie's analysis is insufficient. Only an expert could do that, and although Defendant has had months to prepare briefing for this motion, it has not offered any such expert testimony, perhaps because no qualified expert could support Defendant's position.

### B. Plaintiff Has Made Reasonable Efforts To Obtain Actual Manufacturing Process Information, But Has Been Unable To.

Plaintiff's opening brief detailed its efforts to obtain actual manufacturing process information. Defendant provides no competent evidence to the contrary, but merely offers an inadmissible declaration of an attorney, without personal knowledge, from Defendant's parent company.

Plaintiff has no legal capacity to compel and verify information from unidentified manufacturers in China. It could not do so prior to filing suit, and it cannot now that suit is filed. All Plaintiff can do is have experts analyze the products sold here in the United States, and contact the identified seller or distributor requesting information about manufacture to confirm any additional details that cannot be definitively determined with a thorough expert examination of the product. Plaintiff did all these things.

# CONCLUSION

This case exemplifies the situation for which the 35 U.S.C. § 295 presumption of infringement was created. Defendant has produced no facts, nor applicable law, to refute that reality.

Plaintiff has established through expert testimony and documentary evidence that a substantial likelihood exists that the '184 patented process was used in the manufacture of the Accused Product, and has made reasonable efforts to ascertain the actual manufacturing information for the Accused Products.

By contrast, Defendant has provided absolutely no evidence contradicting Dr. Petrie's expert testimony as to substantial likelihood of infringement.

Because Defendant is in the position contemplated by 35 U.S.C. § 295, of being the accused infringer with a business relationship with its foreign suppliers, the Court should issue an order invoking the burden shifting provisions of 35 U.S.C. § 295 and require Defendant to prove that the Accused Products were not made with an infringing process.

DATED this Monday, June 16, 2008.

        JENS ERIK SORENSEN, as Trustee of
        SORENSEN RESEARCH AND DEVELOPMENT
        TRUST, Plaintiff

        /s/ J. Michael Kaler
        J. Michael Kaler, Esq.
        Melody A. Kramer, Esq.
        Attorney for Plaintiff

# PROOF OF SERVICE

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121.

On Monday, June 16, 2008 I served the following documents:

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT

EVIDENTIARY OBJECTION TO DECLARATION OF DAVID ASHMORE IN SUPPORT OF DEFENDANT LEXAR MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT (DOCKET #36)

DECLARATION OF J. MICHAEL KALER IN SUPPORT OF PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

1  [X] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

[ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Monday, June 16, 2008, in San Diego, California.

/s/ J. Michael Kaler
—————————————
J. Michael Kaler

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12. Reply Brief in Support of Motion for Presumption of Infringement

Case No. 08CV0095