MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　　Plaintiff<br>　v.<br>LEXAR MEDIA, INC., a Delaware Corporation; and DOES 1 – 100,<br>　　　　　　　　Defendants.<br>_____<br>and related counterclaims. | Case No. 08 CV 00095 JW<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF DAVID ASHMORE IN SUPPORT OF DEFENDANT LEXAR MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT (DOCKET #36)**<br><br>Date: June 30, 2008<br>Time: 9:00 A.M.<br>Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware<br><br>*Oral Argument is Respectfully Requested at Hearing on This Matter* |

Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen") makes the following evidentiary objections to Document 36 in this case, captioned

> "Declaration of David Ashmore in Support of Defendant Lexar Media's Opposition to Plaintiff's Motion for Application of 35 U.S.C. § 295 Presumption of Infringement"

(hereinafter "Ashmore Declaration").

Plaintiff hereby requests that the Court strike all portions of the Ashmore Declaration that are not admissible evidence under the Federal Rules of Evidence. The rules referenced are set forth first for reference.

> **Rule 401. Definition of "Relevant Evidence."** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> **Rule 402**. **Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.** All relevant evidence is admissible, . . . Evidence which is not relevant is not admissible.
>
> **Rule 602. Lack of Personal Knowledge.** A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.
>
> **Rule 802. Hearsay Rule.** Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

| Portion of Declaration | Evidentiary Objections |
|---|---|
| Entire declaration | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801).<br><br>The declaration was not made upon personal knowledge of Mr. Ashmore. Paragraph 1 specifically states "[m]y understanding is that the facts stated herein are true and correct . . ." thereby admitting that he does not have personal knowledge.<br><br>The acknowledged absence of personal knowledge renders all of the details of the declaration hearsay. |
| Paragraph 3 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801).<br><br>Mr. Ashmore was not party to any of the pre-suit discussions and thus has no personal knowledge, and is apparently trying to give a hearsay summary of something he read or spoke to others about.<br><br>Furthermore, this statement is false. Lexar did nothing but have its attorneys make hearsay statements about what Lexar's suppliers supposedly said. |
| Paragraph 4 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801).<br><br>Mr. Ashmore was not party to any of the pre-suit discussions and thus has no personal knowledge, and is apparently trying to give a hearsay summary of something he read or spoke to others about.<br><br>Furthermore, this statement is false. Sorensen made no admissions about manufacturing processes because its counsel was trying to obtain accurate, verified, and sufficiently complete information. |
| Paragraph 5 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, |

|  | |
|---|---|
|  | 801). <br><br>Mr. Ashmore was not party to any of the pre-suit discussions and thus has no personal knowledge, and is apparently trying to give a hearsay summary of something he read or spoke to others about. <br><br>Furthermore, this statement is false. Sorensen never tied a requested affidavit to overcoming a presumption of infringement. |
| Paragraph 6 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801). <br><br>Mr. Ashmore was not party to any of the pre-suit discussions and thus has no personal knowledge, and is apparently trying to give a hearsay summary of something he read or spoke to others about. <br><br>Furthermore, this statement is false. Lexar explicitly did not offer to provide Sorensen copies of supplier correspondence. It offered to provide them to Sorensen's counsel if counsel agreed to not allow Sorensen or its experts to see them (along with other conditions). |
| Paragraph 7 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801). <br><br>Mr. Ashmore was not party to any of the pre-suit discussions and thus has no personal knowledge, and is apparently trying to give a hearsay summary of something he read or spoke to others about. <br><br>Furthermore, this statement is false. Lexar explicitly did not offer to provide Sorensen copies of supplier correspondence. It offered to provide them to Sorensen's counsel if counsel agreed to not allow Sorensen or its experts to see them (along with other conditions). |
| Paragraph 8 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801). |

| | |
|---|---|
| | Mr. Ashmore was not party to any of the pre-suit discussions and thus has no personal knowledge, and is apparently trying to give a hearsay summary of something he read or spoke to others about. |

DATED this Monday, June 16, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff


/s/ J. Michael Kaler
_____
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorney for Plaintiff