1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   Email: michael@kalerlaw.com
5

6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
7  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
8  Telephone (858) 362-3150
9

10   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>  Plaintiff<br>  v.<br><br>LEXAR MEDIA, INC., *et al*<br><br>  Defendants. | Case No. C08-00095 JW<br>Case No. CV 08-3094 MHP<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed concurrently with Proposed Order and Declaration of inability to stipulate) |
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>  Plaintiff<br>  v.<br><br>PHILLIPS PLASTICS CORP., *et al*<br><br>  Defendants. | Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware<br><br>*No Oral Argument Unless Requested by the Court.* |

Please take notice that Plaintiff Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust, will move and hereby does administratively move pursuant to Civil L.R. §§ 7-11 and 3-12(b) for the Court to consider whether *Sorensen v. Phillips Plastics*, Case No. CV08-3094 MHP ("*Phillips*"), should be related to the lower numbered case of *Sorensen v. Lexar Media*, Case No. CV08-0095 JW ("*Lexar*"). This motion is supported by this Notice Of Motion And Administrative Motion To Consider Whether Cases Should Be Related (L.R. Rule 3-12 (B)); Memorandum Of Points And Authorities; and by the Declaration of J. Michael Kaler, filed concurrently herewith.

## SUMMARY

The newly filed case, *Sorensen v. Phillips Plastics*, Case no. CV08-3094 MHP ("*Phillips*"), in addition to having the same plaintiff as the low numbered case, *Sorensen v. Lexar Media*, Case no. CV08-0095 JW ("*Lexar*"), also is an action to recover for infringement of the same property, U.S. Patent No. 4,935,184 ("the '184 patent"). Because the two disputes relate to the same intellectual property, and both cases will turn on the issue of claim construction of the '184 patent, substantial judicial resources can be conserved by having the two cases heard by the same Court, and consolidating certain specific procedures such as claim construction and validity. For these reasons, the cases should be determined to be related cases and assigned to the judge in the low numbered *Lexar* case for all further proceedings.

**I.   THE TWO CASES ARE RELATED WITHIN THE MEANING OF LOCAL RULE § 3-12.**

Northern District Local Rule § 3-12(a) provides that an action is related to another when:

> (1) The actions concern substantially the **same parties, property**, transaction or event; and

> (2) It appears likely that there will be an **undue burdensome duplication of labor and expense or conflicting results** if the cases are conducted before different judges.

The two cases at issue share a common plaintiff, and share a dispute over the same property, a single United States patent. This confluence of partial commonality of parties and complete commonality of the subject property in the two cases satisfies the requirements of L.R. § 3-12(a)(1).

If the two cases are considered separately by different judges, rulings on several key issues will substantially impact rights in the other case. In particular, rulings on the key issues of the claim construction and validity of the subject patent will strongly impact ongoing proceedings in the parallel case.

Further, claim construction is an involved and often complex procedure in patent litigation, which requires the Court to become educated about the subject technology and the details of the file history of the subject patent. To have the cases heard by two separate judges not only requires the Plaintiff to duplicate effort in briefing and arguing the claim construction issues twice, but requires two different judges to expend the considerable judicial resources to make the determination on claim construction. Moreover, if there are even slight differences in the claim construction rulings issued by two different judges, such minor differences can cause wholly different results in the two cases. The conservation of party and judicial resources, and avoidance of inconsistent rulings, that will come from relating the two cases in front of a single judge is the purpose of Local Rule § 3-12(a)(2).

Similarly, the issue of validity is critical to most patent infringement lawsuits. Much like claim construction, validity is an issue, which requires the court to study the matter and the relevant prior art in great detail, typically after extensive briefing by the parties. Much like claim construction, a different finding by two different courts will likely result in wholly inconsistent determinations on the merits. Thus, like claim construction, the validity issue should be determined by a single court to

conserve resources and to avoid conflicting results, again independently satisfies the requirements of Local Rule § 3-12(a)(2).

## II. THESE TWO CASES ARE THE ONLY ACTIVE '184 PATENT CASES PENDING IN THIS DISTRICT.

*Lexar* and *Phillips* are the only actively litigated cases involving Plaintiff Sorensen and the '184 patent pending in the Northern District.

There are three other cases involving the '184 patent that are on file in the Northern District. Previously, Judge Claudia Wilken referred those cases for determination if they were related. The three cases addressed were: *Sorensen v. First International Digital*, Case no. CV07-5525 JSW ("*FID*"); *Sorensen v. Digital Networks of North America*, Case no. CV07-5568 JSW ("*DNNA*") and *Sorensen v. Ampro Tools*, Case no. CV08-0096 CW ("*Ampro*"). Counsel for Sorensen and DNNA both opposed relation of those three cases because of the default status of both FID and Ampro. DNNA's opposition included the following statement:

> As reflected in the Docket Reports for Case No. CV-05525-JSW and Case No. CV-00096-CW. Judge White has entered a default judgment against First International, and Judge Wilken's Clerk has entered a Notice of Default against Ampro Tools. Unlike the suit against DNNA, the First International and Ampro Tools cases are likely to involve the enforcement of default judgments rather than the interpretation of Sorensen's asserted patent.

DNNA's Response To Judicial Referral For Purpose Of Determining Relationship Of Cases (Dkt. #43), Case No. 07 CV5568 JSW.

Additionally, the *DNNA* case is stayed pending reexamination. The defaults and stay in those cases leave the *Lexar* and *Phillips* cases as the only active cases involving the '184 patent in this district. There was no benefit to relating two defaulted cases and one stayed case, as there were no judicial efficiencies to derive. By contrast, the two active cases, *Lexar* and *Phillips*, can benefit from a substantial

conservation of judicial resources if they are related before the Honorable Judge James Ware, the Judge in the low numbered *Lexar* case.

## **CONCLUSION**

For the reasons cited hereinabove regarding the overlap of common parties, the commonality of intellectual property in dispute, the substantial conservation of judicial resources, and the avoidance of inconsistent decisions that arise from having a single judge conduct all claim construction and other determinations with regard to the subject '184 patent, the *Phillips* case should be deemed related to the *Lexar* case and transferred to the judge in the low-numbered case.

DATED this Thursday, July 17, 2008.

>JENS ERIK SORENSEN, as Trustee of
>SORENSEN RESEARCH AND DEVELOPMENT
>TRUST, Plaintiff
>
>/s/ J. Michael Kaler
>_____
>J. Michael Kaler, Esq.
>Melody A. Kramer, Esq.
>Attorney for Plaintiff

**PROOF OF SERVICE**

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121.

On Thursday, July 17, 2008, I served the following documents:

NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b)); MEMORANDUM OF POINTS AND AUTHORITIES

DECLARATION OF J. MICHAEL KALER IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

[PROPOSED ORDER] GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b))

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |
| Robert L. Binder<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>414/297-4900 FAX<br>rbinder@foley.com | Phillips Plastics Corp. | Email-- to an email address represented to be the correct email address for the above noted addressee |
| Richard L. Schwaab<br>Pavan K. Agarwal<br>C. Edward Polk, Jr.<br>Foley & Lardner LLP<br>3000 K Street, N.W. Suite 500<br>Washington, DC 20007<br>202/672-5399 FAX<br>rschwaab@foley.com<br>pagarwal@foley.com<br>epolk@foley.com | Phillips Plastics Corp. | Email-- to an email address represented to be the correct email address for the above noted addressee |
| Phillips Plastics Corp.<br>C/o CT Corporation System<br>8040 Excelsior Drive, Ste. 200 | Phillips Plastics Corp. | U.S. Mail |

| Madison, WI 53717 | | |
|---|---|---|

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☒ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☒ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, July 17, 2008, in San Diego, California.

/s/ J. Michael Kaler
J. Michael Kaler

6.

Case No. 08CV0095
Case No. 08CV3094