```
J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
Email: michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                    Plaintiff<br>  v.<br><br>LEXAR MEDIA, INC., *et al*<br><br>                    Defendants.<br>_____<br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                    Plaintiff<br>  v.<br><br>PHILLIPS PLASTICS CORP., *et al*<br><br>                  Defendants. | Case No. C08-00095 JW<br>Case No. CV 08-3094 MHP<br><br>**DECLARATION OF J. MICHAEL KALER IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware<br><br>*No Oral Argument Unless Requested by the Court.* |

I, J. MICHAEL KALER, declare:

1.  I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2.  At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in both of the above-captioned matters.

3.  Civil L.R. 7-11 requires that administrative motions be accompanied either by a stipulation or a declaration of why no stipulation is attached. This declaration explains that a stipulation was sought from all opposing counsel in both the above-captioned cases, and each declined to stipulate to relating the two cases.

4.  On Friday, July 11, 2008, I telephoned Joseph Lee, an attorney at Weil, Gotschal & Manges LLP, who represents Defendant Lexar Media, Inc., and has always been the point person for communication with Defendant in *Sorensen v. Lexar Media*, Case no. CV08-0095 JW ("*Lexar*"). I explained that I anticipated that Plaintiff would be bringing a motion to relate this case to the newly filed case of *Sorensen v. Phillips Plastics*, Case no. CV08-3094 MHP ("*Phillips*") pursuant to Civil L.R. 3-12(b) and inquired as to whether Lexar would be interested in stipulating to relating the two cases. Some hours later, Mr. Lee left me a voice mail, and an email, confirming that Lexar would NOT stipulate to the relation of the two cases.

5.  On Friday, July 11, 2008, I telephoned Robert Binder, an attorney at Foley & Lardner, LLP, who represents Defendant Phillips Plastics Corp. and has always been the point person for communication with Defendant in the *Phillips* case. I explained that I anticipated that Plaintiff would be bringing a motion to relate the *Phillips* case to the low numbered *Lexar* case pursuant to Civil L.R. § 3-12(b) and inquired as to whether Phillips would be interested in stipulating to relating the two cases. Mr. Binder explained while we were on the telephone that he

saw no need to relate the two cases, that Phillips would probably be seeking some other kind of relief, and that Phillips would NOT stipulate to relation of the two cases.

6. The two subject cases share a single plaintiff (Sorensen) in both cases. Further, the property in dispute in both cases is United States patent 4,935,184 ("the '184 patent").

7. If the two cases are considered separately, rulings on several key issues will substantially impact rights in the other case. In particular, rulings on the key issues of the claim construction and other issues will strongly impact ongoing proceedings in the parallel case.

8. Patent claim construction is an involved and often complex procedure in patent litigation, which requires the Court to become educated about the subject technology and the details of the file history of the subject patent. To have the cases heard by two separate judges not only requires the Plaintiff to duplicate effort in briefing and arguing the claim construction issues twice, but requires two different judges to expend the considerable judicial resources to make the determination on claim construction. Moreover, if there are even slight differences in the claim constructions issued by two different judges such minor differences can cause wholly different results in the two cases.

9. *Lexar* and *Phillips* are the only actively litigated cases involving Plaintiff Sorensen and the '184 patent pending in the Northern District. At an earlier juncture, Judge Claudia Wilken referred the three other cases involving the '184 patent for determination if they were related. The three cases addressed were: *Sorensen v. First International Digital*, Case no. CV07-5525 JSW ("*FID*"); *Sorensen v. Digital Networks of North America*, Case no. CV07-5568 JSW ("*DNNA*") and *Sorensen v. Ampro Tools*, Case no. CV08-0096 CW ("*Ampro*"). Counsel for Sorensen and DNNA both opposed relation of those three cases because of the default status of both FID and Ampro. Additionally, the *DNNA* case is stayed. The

1  defaults and stay leave the *Lexar* and *Phillips* as the only active cases involving the
2  '184 patent in this district.

3　　　10.　There was no benefit to relating two defaulted cases and one stayed
4  case, as there were no judicial efficiencies to derive.  By contrast, the two active
5  cases, *Lexar* and *Phillips*, can benefit from a substantial conservation of judicial
6  resources if they are related before the Honorable Judge James Ware, the Judge in
7  the low numbered *Lexar* case.

> As reflected in the Docket Reports for Case No. CV-05525-JSW and Case No. CV-00096-CW. Judge White has entered a default judgment against First International, and Judge Wilken's Clerk has entered a Notice of Default against Ampro Tools. Unlike the suit against DNNA, the First International and Ampro Tools cases are likely to involve the enforcement of default judgments rather than the interpretation of Sorensen's asserted patent.

Defendant DNNA's Response To Judicial Referral For Purpose Of Determining Relationship Of Cases (Dkt. #43) Case No. 07 CV5568 JSW.  Moreover, in addition to the defaults in the *FID* and *Ampro* cases, the *DNNA* case is stayed.  The defaults and stay leave the *Lexar* and *Phillips* cases as the only active cases involving the '184 patent in this district.

　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraphs are true and correct to the best of my own personal knowledge.

DATED this Thursday, July 17, 2008.

　　　　　　　　　　　　　　/s/ J. Michael Kaler
　　　　　　　　　　　　　　J. Michael Kaler, Esq.