JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
JOSEPH H. LEE (Bar No. 248046)
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

KEVIN KUDLAC (*pro hac vice*)
kevin.kudlac@weil.com
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway
Building One, Suite 1350
Austin, TX 78759
Telephone: (512) 349-1930
Facsimile: (512) 527-0798

Attorneys for Defendant
LEXAR MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>Defendants. | Case No. C08-00095 JW<br><br>DEFENDANT LEXAR MEDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12(b)) |
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS PLASTICS CORP., et al.,<br><br>Defendants. | Case No. CV08-03094 MHP<br><br><br>Courtroom: 8, 4th Floor<br>Judge: Hon. James Ware<br><br>**No Oral Argument Unless Requested by the Court** |

I.

## INTRODUCTION

Pursuant to Local Rule 7-11, Defendant Lexar Media, Inc. ("Lexar") respectfully requests that the Court deny the administrative motion brought by Plaintiff Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust, to have the Court consider whether *Sorensen v. Phillips Plastics Corp.*, Case No. 08-03094 MHP ("Phillips case") is a related case to *Sorensen v. Lexar Media, Inc.*, Case No. 08-00095 JW ("Lexar case"). To begin with, the two cases have significant differences, such as different defendants and different accused products. The only commonality between the two cases—that U.S. Patent No. 4,935,184 ("the '184 patent" or "the patent-in-suit") is asserted in both cases—is insufficient to establish the two cases as related, as Plaintiff expressly has acknowledged in prior cases in this District.

In fact, it appears that Sorensen filed the Phillips case in this District, and filed this motion, for purely tactical purposes. Sorensen previously filed a patent infringement suit against Phillips under the '184 patent in the Southern District of California ("S.D. Cal. case"). In that case the Court stayed the litigation pending reexamination of the '184 patent. Plainly, Sorensen filed this new lawsuit against Phillips under the '184 patent in this District to avoid the Southern District's stay and seeks to have the case related to the Lexar case to take advantage of this Court's order denying a stay pending reexamination. Such conduct is improper.

II.

## THE PHILLIPS CASE AND THE LEXAR CASE ARE NOT SUFFICIENTLY RELATED

The relationship between the Phillips case and the Lexar case is slight and consists solely of a common patent in suit, which is insufficient to establish that the cases are related. The two cases have different defendants. They also have different accused products, made by presumably different processes. In the Phillips case, Sorensen is accusing Phillips of manufacturing, importing, selling, or offering for sale tape measures[1] made by a process patented

---

[1] *See* Declaration of Joseph H. Lee in Support of Defendant Lexar Media's Opposition to Plaintiff's Motion to Consider Whether Cases Should be Related (L.R. 3-12(b)) ("Lee Decl."), Exh. A (Phillips Plastics Corp.'s Notice of Pendency of Other Action or Proceeding Pursuant to Civil L.R. 3-13, filed on July 18, 2008 as Docket No. 12 in the Phillips case).

by the '184 patent; in the Lexar case, Sorensen is accusing the LEXAR MEDIA JumpDrive 128MB—the plastic housing for a flash drive—of being made by an infringing process. As a result, each case will have an entirely different set of facts concerning the manufacture, importation, and sale of the accused products by the defendants. Further, each case will include disparate facts relating to the events and interactions between Plaintiff and each of the defendants prior to the filing of each suit. Any issues in the two cases that touch on the activities of the defendants will thus need to be considered separately and no benefit will accrue with respect to those issues from relating the cases. This includes not only the issue of non-infringement, but also a multitude of other issues, such as notice, willfulness, and damages. The issues related to the '184 patent's unenforceability are also dependent, in part, on the actions of the Plaintiff with respect to each of the parties, such as whether Plaintiff's actions with respect to a particular defendant constitute laches. In fact, the only common point between the two cases is that Sorensen is asserting the same patent against each of the two defendants.

In prior cases before the Northern District of California, Sorensen has agreed with Lexar's position that a common patent does not make two cases related. Judge Claudia Wilken referred the three then-pending cases involving the '184 patent in the Northern District of California to Judge Jeffrey S. White for consideration as to whether they were related. *See* Lee Decl., Exh. B (Judicial Referral for Purpose of Determining Relationship of Cases, issued on March 26, 2008 as Docket No. 41 in *Sorensen v. Digital Networks N.A.*, Case No. 07-05568 JSW). At that time, Sorensen opposed relating the cases. *See* Lee Decl., Exh. C (Plaintiff's Response to Judicial Referral for Purpose of Determining Relationship of Cases, filed on March 31, 2008 as Docket No. 42 in *Digital Networks*). More specifically, Sorensen argued that *Digital Networks* did not meet the criteria under Civil L.R. 3-12 for related cases because "the case does not have any overlapping defendants or products accused of patent infringement with either of the other two cases."[2] *Id.* The same is true as between the Phillips case and the Lexar case. After review of the papers regarding the referral, including Sorensen's opposition, Judge White

---

[2] Sorensen made the same argument in distinguishing the other two then-pending cases. *See* Lee Decl., Exh. C.

LEXAR'S OPPOSITION TO PLAINTIFF'S MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED     2                    Case No. C08-00095 JW RS

determined that the first three filed cases were not related. *See* Lee Decl., Exh. D (Related Case Order, issued on April 3, 2008 as Docket No. 44 in *Digital Networks*). Of note, Judge White not only found unrelated the first three filed cases involving Sorensen and the '184 patent, but he also found that the Lexar case was not related to any of the prior three cases. *Id.*

## III.

### SORENSEN IS FORUM SHOPPING TO AVOID A PRIOR STAY

Sorensen has changed his position regarding relatedness because he is forum shopping to avoid a previously entered stay of the first-filed Phillips case in the Southern District. In his motion, Sorensen fails to mention that the Phillips case is not the first case involving the '184 patent between Sorensen and Phillips. Sorensen already has a pending lawsuit against Phillips in the Southern District of California that accuses Phillips of infringing the '184 patent. *See* Lee Decl., Exh. A (Phillips Plastics Corp.'s Notice of Pendency of Other Action or Proceeding Pursuant to Civil L.R. 3-13, filed on July 18, 2008 in the Phillips case). Sorensen surely could have brought the instant case against Phillips in the Southern District of California.[3] The reason Sorensen filed a second Phillips case on the '184 patent in the Northern District is that the earlier S.D. Cal. case has been stayed pending the outcome of the reexaminations of the '184 patent. *Id.* By filing the separate Phillips case in this District, instead of in the Southern District, where he originally sued Phillips, Sorensen is presumably hoping to avoid another stay.

By filing suit in two separate Districts against the same defendant, Sorensen has already created the risk of conflicting results. Relating the Phillips case to the Lexar case will not significantly reduce this risk. Nor will a decision not to relate the cases create an unduly burdensome duplication of labor and expense. The Phillips case and the Lexar case differ significantly and the labor and expense involved in litigating one of the cases is largely independent of the other case.

---

[3] Lexar understands that Phillips intends to file a motion for transfer of the Phillips case to the Southern District of California. *See* Lee Decl., Exh. A.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court should determine that the two cases are unrelated and no reassignment should occur.

Dated: July 22, 2008

WEIL, GOTSHAL & MANGES LLP

By:     */s/ Jared Bobrow*
        JARED BOBROW
        jared.bobrow@weil.com

Attorneys for Defendant,
LEXAR MEDIA, INC.