NANCY J. GEENEN, CA BAR NO. 135968, NGEENEN@FOLEY.COM
KIMBERLY K. DODD, CA BAR NO. 235109, KDODD@FOLEY.COM
**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3404
TELEPHONE:   415.434-4484
FACSIMILE:    415.434-4507

ROBERT L. BINDER (TO BE ADMITTED *PRO HAC VICE*), RBINDER@FOLEY.COM
**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202
TELEPHONE (414) 271-2400
FACSIMILE (414) 297-4900

PAVAN K. AGARWAL (TO BE ADMITTED *PRO HAC VICE*), PAGARWAL@FOLEY.COM
**FOLEY & LARDNER LLP**
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
TELEPHONE: (202) 672-5300
FACSIMILE: (202) 672-5399

Attorneys for Defendant/Counterclaim Plaintiff **Phillips Plastics Corporation**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST<br><br>Plaintiff,<br><br>vs.<br><br>LEXAR MEDIA, INC., *et al.*,<br><br>Defendants. | Case No. 08-00095-JW<br>Case No: 08-03094-MHP<br><br>**PHILLIPS PLASTICS CORPORATION'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL L.R. 3-12** |
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIPS PLASTICS CORP., *et al*.<br><br>Defendants. | |

## INTRODUCTION

Plaintiff's ["Sorensen's"] Administrative Motion to Consider Whether Cases Should Be Related should be denied and the case should remain in Judge Patel's court.

The motion is technically defective since it was not brought under the caption of the "earliest" case involving similar issues. It is also an egregious instance of forum shopping and relies upon a misleading and incomplete statement of the facts. Moreover, the purposes of Civil L.R. 3-12, i.e., promoting efficiency and avoiding inconsistent results, can best be served if the Court grants the alternative motions being filed tomorrow by defendant (1) to transfer this case to the Southern District of California, where another case between the same parties involving the same patent is currently pending (along with 28 other cases involving the same patent) or, alternatively, (2) to stay the action pending completion of the reexamination proceeding in the U.S. Patent Office to determine the validity of the '184 patent.

## ARGUMENT

**I.    THE *LEXAR* CASE IS NOT THE "EARLIEST" RELATED CASE AS DEFINED BY L.R. 3-12.**

Sorensen claims that *Lexar* and *Phillips* are "related cases" under the rule because they involve the same plaintiff and the same patent although admittedly different defendants and accused infringing products. As acknowledged by Sorensen, an earlier case, *Sorensen v. Digital Networks of North America*, Case No. CV-07-5568 (Judge Jeffrey White), also involves the same plaintiff and the same '184 patent. That case is still pending although it has been stayed pending the outcome of the reexamination of the '184 patent by the U.S. Patent Office. See Ex. H, Binder Decl., submitted in support of Phillips' Alternative Motions to Transfer Under U.S.C. § 1404(a) or Stay Pending Reexamination ("Alternative Motions").

Local Rule 3-12(b) plainly states that "[w]henever a party knows or learns that an action, filed in or removed to this District is (or the parties believes that the action may

1. be) related to an action which is *or was* pending in this District as defined in Civil L.R. 3-
2. 12(a), the party must promptly file in the *earliest filed case* an administrative motion to
3. consider whether cases should be related, pursuant to Civil L.R. 7-11." (Emphasis
4. supplied.)
5.    *Digital Networks*, a 2007 case, was filed earlier than *Lexar*. Therefore, this
6. motion should have been brought, if at all, before Judge White under the *Digital*
7. *Networks* caption. All three cases involve the same patent and same plaintiff but
8. different defendants and products. There is no way to distinguish the facts of *Lexar* and
9. *Digital Networks* so that one is related and the other is not.
10.    Sorensen discounts *Digital Networks*, the earlier filed case, since it is not an
11. "active" case like *Lexar*. However, the Rule is explicit that the judge with the "earliest"
12. related case which "is or was pending in this District" should make the "related case"
13. decision, not the judge preferred by plaintiff or the judge in the most active case.
14.    In any event, Sorensen is wrong in arguing that relating *Phillips* to a stayed case
15. like *Digital Networks* would not serve the purposes of Rule 3-12. If *Digital Networks*
16. and *Phillips* are considered related cases, and assuming Judge White stays *Phillips* for the
17. same reasons as he stayed *Digital Networks*, two results are possible. If the PTO
18. invalidates the patent, then the court and parties save the effort and expense of
19. unnecessarily proceeding with the case in the interim – a huge efficiency advantage. On
20. the other hand, if the patent is validated, then *Digital Networks* and *Phillips* would
21. proceed together from that point with exactly the same advantages as Sorensen touts for
22. *Lexar/Phillips* related case status.
23. 
24. **II. IN ITS DISCRETION, THE COURT SHOULD REJECT RELATED CASE TREATMENT IN THIS CASE.**
25.    Sorensen has omitted critical facts from its filing.
26.   • In discussing the benefits of litigating *two* '184 cases in the Northern
27. District of California together, Sorensen omitted to mention that there is already another
28.

3
PHILLIPS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NOS. 08-00095-JW AND 08-03094-MHP

MILW_7434299.1

case pending between *the same parties* involving the *same patent* in the Southern District of California and that Sorensen has started about thirty other cases in the Southern District claiming infringement of the '184 patent.  Ex. E, Binder Decl.  All of these cases have been assigned to Judge Barry Moskowitz and new cases will be assigned to him.  Ex. F, Binder Decl.  Defendant Phillips Plastics Corporation ("Phillips") is filing tomorrow its motion to transfer this case to the Southern District or, alternatively, to stay the case pending reexamination.  Judge Moskowitz has stayed all 18 cases in San Diego where a motion for stay has been brought, including the other case involving Sorensen, Phillips and the '184 patent.  Ex. E and G, Binder Decl.

- Sorensen has been less than candid about the purpose of his motion.  Sorensen has vigorously opposed the motions for stay in the '184 cases.  Sorensen presumably filed this case in the Northern District because the '184 case between the same parties in the Southern District, plus 17 other '184 cases, had been stayed.  The Northern District has no logical connection to this case:  neither the parties nor witnesses reside here nor did the (alleged) infringement occur here.  *See generally* Phillips' Alternative Motion Memorandum.  Now Sorensen has requested related case assignment to the *Lexar* case.  Why?  *Lexar* is the only case in which a stay motion in a '184 case has been denied.  Binder Decl., Ex. I.  As noted above, Sorensen did not move, as he should have, that the case be joined with the earliest pending case, *Digital Networks*.  Why not?  In that case the court *granted* a stay pending reexamination by the Patent Office.  Binder Decl., Ex. H.

- Sorensen has tried to mislead the Court about the fact that prior to the *Lexar* stay decision in April he contended that the '184 cases are *not* related cases under L.R. 3-12.  Sorensen's suggestion that he opposed related case treatment previously only because the other '184 cases involved defaults (Sorensen Motion at 3) is untrue.  In opposition to a previous effort to treat '184 cases as related cases, Sorensen argued:  "*Sorensen v. Digital Networks North America, Inc., et al.*, Case No. 07-05568, does not

meet these criteria [i.e., Local Rule 3-12 related case criteria] because the case does not have any overlapping defendants or products accused of patent infringement with either of the other two cases." Plaintiff's Response to Judicial Referral for Purpose of Determining Relationship of Cases, March 31, 2008 (attached hereto as Exhibit A). Of course, *Phillips* and *Lexar*, although both involve the '184 patent, also do not have "overlapping defendants or products" either.[1] Yet, now, Sorensen insists that the Rule requires the cases to be related.

The same benefits touted by Sorensen for related case determination would flow on a much greater scale from a § 1404(a) transfer or a stay pending reexamination. For example, Sorensen talks about avoiding the dangers of inconsistent rulings and the benefits of securing a judge highly educated in the subject technologies to perform the complex claim construction procedure. A transfer to the Southern District of California where an action between the same parties and dozens of other '184 claims are pending already – all before the same judge – would serve these goals best. Sorensen also argues that the crucial patent validity issue is best resolved by one decision-maker to avoid inconsistent determinations and conserve resources. However, by Congressional mandate, the reexamination procedure is the preferred means to determine the validity of a patent and, accordingly, the courts in this district repeatedly stress that a stay pending reexamination should be "liberally granted." See cases discussed in Phillips' Alternative Motions Memorandum.

---

[1] Sorensen was probably correct the first time in arguing that the strict language of L.R. 3-12 does not justify related case status between two '184 cases involving different products and parties. Under L.R. 3-12(a)(1) the actions must "concern substantially the same parties, property, transaction or event." The '184 cases plainly do not involve the same parties, transactions or events. Whether the '184 patent would be considered "property" under this definition is doubtful since the parties are not disputing the ownership of the patent.

| | | |
|---|---|---|
| 1 | DATED: JULY 22, 2008 | FOLEY & LARDNER LLP |

BY: _____/s/_____

KIMBERLY K. DODD
Attorneys for Defendant/Counterclaim
Plaintiff Phillips Plastics Corporation