MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　Plaintiff<br>　v.<br><br>LEXAR MEDIA, INC., a Delaware Corporation; and DOES 1 – 100,<br><br>　　　　　　Defendants.<br><br>and related counterclaims. | Case No. C08-cv-00095 JW<br><br>**REDACTED – PUBLIC VERSION**<br><br>**DECLARATION OF MELODY KRAMER IN SUPPORT OF SUPPLEMENTAL BRIEF TO PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT**<br><br>Date: September 8, 2008<br>Time: 9:00 A.M.<br>Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware<br><br>*Oral Argument is Respectfully Requested at Hearing on This Matter.* |

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("Sorensen"), Plaintiff in the above-captioned matter.

3. This declaration is made in support of Plaintiff's Supplemental Brief to Plaintiff's Motion for Application of 35 U.S.C. § 295 Presumption of Infringement.

4. Attached herein as Exhibit A is an Order from *Kemin Foods L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 240 F.Supp.2d 963, 975-78 (S.D. Iowa 2003) on Plaintiff's Motion to Apply 35 U.S.C. § 295 dated August 27, 2004.

5. Prior to litigation, Lexar repeatedly represented to Sorensen that it had two suppliers, neither of which would Lexar identify. At the June 30th hearing, Defendant's counsel assured the Court that Lexar knew who its suppliers were. The relevant pages of June 30th Hearing Transcript pages are attached herein as Exhibit B.

6. On July 7th, in response to Interrogatory No. 5, Lexar only identified two manufacturers -

. Copy of Lexar's responses to Plaintiff's first set of interrogatories is attached herein as Exhibit C.

7. Plaintiff identified a third manufacturer through review of approximately 1500 pages of documents first produced on August 20th -

.

8. Lexar first admitted the existence of three suppliers –

– in its 30(b)(6) deposition on August 22nd. The relevant pages of deposition transcript are attached herein as Exhibit D.

9. Lexar's document production suggested the possible existence of

2.

Case No. 08 cv 00095 JW

additional manufacturers, though Lexar did not confirm the existence of others at the deposition. One example is an email from         dated May 2, 2005 attached hereto as Exhibit E.

10. In supplemental interrogatory responses served on August 28th, Lexar identified even more manufacturers/suppliers –

Attached herein as Exhibit G is Lexar's supplemental interrogatory responses.

11. Lexar originally responded to Interrogatory No. 9 with a single step-by-step manufacturing process description that did not distinguish between any of its manufacturers. Copy of Lexar's interrogatories responses attached herein as Exhibit F.

12. The documents identified are LEXSRDT00026-73, which consists of correspondence between Lexar and its counsel, and                    during the time period of April 2005 and July 2006. It also includes a three-page pictorial description of process with pictures (LEXSRDT00043-45) ("Storyboard") from which it appears Lexar largely derived its step-by-step process for the original response to Interrogatory No. 9. Copies of the relevant produced documents are attached herein as Exhibit H.

13. Lexar's belated document production on August 20th (LEXSRDT00077-1733) included approximately 300 photographs of molds and molding equipment. Although the photographs are without foundation or any explanation of their source, Lexar's counsel represented to Plaintiff's counsel by letter dated August 27, 2008, as follows:

> Lexar has already produced photographs of the mold sets and the machines used in making the Accused Product. The photographs can be found in the range LEXSRDT0001397-1773, and a video of one of the injection molding machines in operations can be found at LEXSRDT0001774.

3.

Case No. 08 cv 00095 JW

Copy of the letter attached herein as Exhibit N.

14. No actual manufacturing process information was supplied for until the supplemental interrogatory response of August 28th. However, that response is merely

(see Section II of the Argument).

15. However, there is no evidence that Lexar ever contacted regarding Plaintiff's allegations of infringement, nor made any request for manufacturing process information from

16. Plaintiff has had no opportunity to make efforts to inquire with directly. Plaintiff cannot even subpoena a plant inspection because it is not yet known where       actual manufacturing facilities are located.

17. Lexar produced       correspondence regarding the Plaintiff's infringement allegations and responses thereto. The second round of production, contained communications from       that are inconsistent with both prelitigation communication, and with Lexar's response to Interrogatory No. 9. Specifically, at least two email communications confirm that

18. In pre-litigation discussion

A copy of letter with declaration is attached herein as Exhibit J.

19. By letters dated

Copies of letters are attached herein as Exhibit K.

20. That representation from Lexar was "categorically" false.

Copy of letter attached herein as Exhibit L.

21. Again,

Copy of email attached herein as Exhibit M.

22. Lexar's **supplemental** response to Interrogatory No. 9 finally admits that

See Exhibit G attached to this declaration.

23. As of August 27th, Lexar's counsel has represented that "the mold set in  's possession is owned by Lexar" and states that "the  mold set is located in Shenzhen, China." Lexar's counsel also represented that the Accused Product is no longer being manufactured. Copy of letter attached herein as Exhibit N.

24. No actual mold tooling for  has been presented for inspection, and Plaintiff is unable to compel inspection of a facility in China for the reasons set forth in Plaintiff's opening brief.

25. On August 22nd, Lexar sent a letter to Plaintiff's counsel "offering" to

1  make the       mold tooling available for inspection in Taiwan for inspection on
2  September 1st or 2nd. Lexar did not specify any further details or any particular
3  address, did not offer an inspection of any manufacturing equipment, nor any
4  inspection of the manufacturing facility, nor availability of anyone for sworn
5  testimony about those molds. Plaintiff responded indicating that is was not possible
6  to coordinate such a trip on such short notice, and made further inquiries. Copies of
7  these letters are attached hereto as Exhibits P and Q.

      26.    Lexar's counsel has represented to Plaintiff's counsel that "[t]o the best of Lexar's current knowledge, the mold set in        's possession is owned by        " and say that "the       mold set is located in Taipei." Lexar also insists that if Sorensen does not want to go to Taiwan to inspect these molds, Sorensen must pay for the cost to ship the molds to the U.S. ***and back***, along with customs fees. See Exhibit N attached herein.

      27.    During the June 30th hearing, Lexar's counsel confirmed to the Court that Lexar knew the Accused Products suppliers, but claimed that Lexar had not previously identified them. Lexar waited until August 28th to provide its most recent list of manufacturers, which is now many more than the two suppliers it claimed for years prelitigation.

      28.    Despite timely document requests, Lexar produced only 73 pages initially. All of the documents were initially designated as "Highly Confidential – Attorneys Eyes Only," thus delaying Plaintiff's ability to have the documents reviewed by its experts. Lexar finally de-designated to "Confidential."

      29.    Less than 48 hours prior to Lexar's 30(b)(6) deposition, it produced 1500 pages of new documents, many directly related to the topics noticed for the deposition. More than 300 pages were photographs of molds and molding machines.

      Furthermore, this batch of documents contained the first reference to a California supplier,       but identification was made too late for Plaintiff to direct any discovery requests to       .

30. Lexar made an entirely unreasonable "offer" for Sorensen and its expert to jump on a plane on a week's notice to travel halfway around the world to view molds at an undisclosed location in Taipei during the week separating the supplemental briefing from the hearing in this matter. There is no explanation why the molds are in Taipei, as the          company identified by Lexar as the manufacturer in response to Interrogatory No. 5 is

which is located in mainland China, not Taiwan. Business Card          is attached herein as Exhibit R.

31. Attached herein as Exhibit I is a copy of 4, 935,184 patent.

32. Lexar also produced a series of photographs of molds for the Accused Products. Lexar's counsel claims that photographs of all molds used for the Accused Products has been provided. Copy of Lexar's consel letter is attached herein as Exhibit N.

SWORN TO under penalty of perjury of the laws of the State of California and the United States, this Friday, August 29, 2008.

/s/ Melody A. Kramer

Melody A. Kramer, Esq.
Attorney for Plaintiff
mak@kramerlawip.com