# EXHIBIT B

```
 1              IN THE UNITED STATES DISTRICT COURT
 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                       SAN JOSE DIVISION
 4
 5    JENS ERK SORENSEN,          )  C-08-00095-JW
                                  )
 6            PLAINTIFF,          )  JUNE 30, 2008
                                  )
 7                  V.            )
                                  )
 8    LEXAR MEDIA, INC.,          )  PAGES 1- 24
                                  )
 9            DEFENDANT.          )
      _____    )
10
11
12          THE PROCEEDINGS WERE HELD BEFORE
13         THE HONORABLE UNITED STATES DISTRICT
14                 JUDGE JAMES WARE
15    A P P E A R A N C E S:
16
17    FOR THE PLAINTIFF:   THE LAW OFFICE OF J. MICHAEL
                           KALER
18                         BY:  MICHAEL KALER
                           9930 MESSA RIM ROAD
19                         SUITE 200
                           SAN DIEGO, CALIFORNIA 92121
20
21    FOR THE DEFENDANT:   WEIL, GOTSHAL & MANGES
                           BY:  JARED BOBROW
22                              KEVIN KUDLAC
                                JOSEPH LEE
23                         201 REDWOOD SHORE PARKWAY
                           REDWOOD SHORES, CALIFORNIA 94065
24
25    OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                               CERTIFICATE NUMBER 8074
```

                                                            1

```
 1    IF THERE IS A COMPANY INVOLVED IN THE MANUFACTURING
 2    PROCESS THAT IS NOT IN A COUNTRY THAT HAS U.S.
 3    STYLING OR BRITISH STYLE DISCOVERY AND THERE IS
 4    SOME ASPECT OF THE ILLEGALITY TO MAYBE DOING
 5    DEPOSITIONS IN THIS COUNTRY, THAT THEN ALL YOU HAVE
 6    TO DO IS WRITE A COUPLE OF LETTERS BEFORE EVER
 7    FILING A COMPLAINT, AND IF YOU DON'T GET WHAT YOU
 8    DEEM, NOT WHAT THE COURT MIGHT DEEM, BUT WHAT YOU
 9    DEEM TO BE SUFFICIENT, IN OTHER WORDS, A
10    DECLARATION BY A PERSON WITH KNOWLEDGE THAT IS IN
11    ADMISSIBLE FORM FOR TRIAL IN A U.S. COURT FOR A
12    PRESUMPTION TO APPLY.
13              BUT THAT'S NOT WHAT THE LAW IS.  THE LAW
14    IS THAT YOU HAVE TO EXERT REASONABLE EFFORTS.
15    YOU'RE RIGHT, IT'S NOT AN EXHAUSTION OF EFFORTS.
16              THE COURT:  WE HAVE RULES OF DISCLOSURE.
17              HAVE YOU -- DO YOU KNOW WHO MANUFACTURES
18    THE CASE?
19              MR. KUDLAC:  YES, YOUR HONOR.
20              THE COURT:  HAVE YOU IDENTIFIED THAT?
21              MR. KUDLAC:  WE HAVE NOT.  AND THE REASON
22    FOR THAT --
23              THE COURT:  WHY NOT?
24              MR. KUDLAC:  THE REASON FOR THAT IS THAT
25    WE OFFERED TO IDENTIFY, BEFORE THE LAWSUIT, WE
```

7

```
1    OFFERED TO IDENTIFY THOSE PROVIDERS, WE HAVE
2    CONFIDENTIALITY WITH THOSE PROVIDERS.
3              THE COURT:  THAT COVERED THEIR NAMES.
4              MR. KUDLAC:  THAT COVERS THE PROCESS THEY
5    USE.
6              THE COURT:  DOES IT COVER THEIR NAMES?
7              MR. KUDLAC:  I DON'T BELIEVE IT COVERS
8    THEIR NAMES.
9              THE COURT:  SO THERE'S NO REASON THAT YOU
10   CAN'T IDENTIFY THE COMPANIES THAT MANUFACTURE THE
11   CASE?
12             MR. KUDLAC:  THAT'S CORRECT.
13             THE COURT:  WHY DIDN'T YOU?
14             MR. KUDLAC:  WE DIDN'T BEFOREHAND BECAUSE
15   WE WERE CONCERNED ABOUT THE CONFIDENTIALITY
16   REQUIREMENTS THAT WE HAD WITH RESPECT TO THE
17   PROCESSES THAT WERE BEING USED.
18             THE COURT:  BUT DON'T YOU TOY WITH THE
19   PROSPECT THAT THE COURT WOULD GRANT THIS MOTION IF
20   YOU SET UP AN OBJECTION OR A FAILURE TO DISCLOSE
21   UNDER CIRCUMSTANCES THAT ARE AS CURIOUS AS WE JUST
22   CHOOSE NOT TO?
23             MR. KUDLAC:  WELL, YOUR HONOR, IN
24   HINDSIGHT, WOULD IT HAVE BEEN BETTER TO AVOID THIS
25   IF MERELY DISCLOSING THEIR NAMES WOULD HAVE AVOIDED
```

```
 1    THIS SITUATION?  THAT WOULD HAVE BEEN --
 2              THE COURT:  SO YOU KNOW THEIR NAMES AND
 3    YOU CAN IDENTIFY.
 4              WHO IS IT THAT CONTRACTED WITH THESE
 5    COMPANIES TO MANUFACTURE THE CASE?  DID LEXAR OR
 6    SOMEONE ELSE?
 7              MR. KUDLAC:  IT WAS LEXAR.
 8              THE COURT:  SO YOU HAVE A CONTRACT IN
 9    WRITING WITH THEM?
10              MR. KUDLAC:  I DON'T KNOW IF THERE'S PER
11    SE A CONTRACT, BUT THERE ARE PURCHASE ORDERS AND
12    THERE'S A CONFIDENTIALITY AGREEMENT WITH RESPECT TO
13    THEM, YOUR HONOR.
14              THE COURT:  RIGHT, BUT THE PURCHASE ORDER
15    MUST SET UP WHO MADE THE TOOL.
16              MR. KUDLAC:  THE ACTUAL DIE TOOL?
17              THE COURT:  THAT'S RIGHT.
18              MR. KUDLAC:  THAT WAS NOT LEXAR.
19              THE COURT:  SO THE COMPANY THAT
20    MANUFACTURES MADE THE TOOL OR DID YOU SPECIFY THE
21    TOOL?
22              MR. KUDLAC:  THE TOOL WAS MADE BY EITHER
23    THE MANUFACTURER OR SOMEONE THAT THEY
24    SUBCONTRACTED.  WE DON'T KNOW EXACTLY WHO MADE THAT
25    TOOL AT THIS POINT, YOUR HONOR.
```