```
JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
JOSEPH H. LEE (Bar No. 248046)
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

KEVIN KUDLAC (pro hac vice)
kevin.kudlac@weil.com
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway
Building One, Suite 1350
Austin, TX 78759
Telephone: (512) 349-1930
Facsimile: (512) 527-0798

Attorneys for Defendant
LEXAR MEDIA, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>Defendants. | Case No. C08-00095 JW<br><br>DECLARATION OF JOSEPH H. LEE IN SUPPORT OF DEFENDANT LEXAR MEDIA'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT<br><br>Date:       September 12, 2008<br>Time:       10:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:      Hon. James Ware |

I, Joseph H. Lee, declare:

1. I am an associate at the law firm of Weil, Gotshal & Manges LLP, attorneys for Defendant Lexar Media, Inc. ("Lexar") in this case. Unless otherwise stated herein, I have personal knowledge of the facts stated in this declaration and, if called upon by a court of law to do so, could and would testify competently to them.

2. On July 22, 2008, I caused to be produced to Sorensen all the documents that I had identified as of July 22, 2008 as containing information concerning the process used to manufacture the plastic flash drive housing accused by Sorensen of being manufactured by an accused process.

3. Weil, Gotshal & Manges, Lexar's counsel for this case, first became involved in representing Lexar in this matter shortly after Sorensen filed suit.

4. In support of Lexar's initial response to Sorensen's interrogatories, I reviewed the contents of the files kept by Lexar's prior counsel regarding the Sorensen matter.

5. On June 10th and 11th, I, along with Kevin Kudlac and an in-house counsel for Micron, visited Lexar to interview individuals who may have had knowledge relevant to the issues in this case.

6. On August 8, 2008, Mr. Kudlac and I traveled to Taiwan to visit ATG. During that visit, we interviewed individuals with knowledge of the process used to make the housing and inspected the tooling and injection molding machines used to make the housing. As part of the inspection, Mr. Kudlac took numerous pictures of the molds and injection molding machines used to manufacture the housing and I recorded a video of the injection molding machine in operation. (While the machine was manufacturing a part unrelated to this case, my understanding was that there was no relevant difference in the operation of the machine during manufacture of the housing at issue in this case.) Mr. Kudlac and I also sought additional information regarding the process, as well as other information responsive to Sorensen's document requests, such as information regarding ownership of the tooling, the identification of additional entities involved in the manufacture of the housing, and the location where the housing was manufactured and asked ATG to suggest potential dates for Sorensen to inspect the tooling.

7. On August 10th and 11th, Mr. Kudlac and I traveled to China to visit AMCO. During that visit, we interviewed individuals with knowledge of the process used to make the housing and inspected the tooling and injection molding machines used to make the housing. As part of the inspection, Mr. Kudlac took numerous pictures of the molds and injection molding machines used to manufacture the housing. Mr. Kudlac and I also sought additional information regarding the process, as well as other information responsive to Sorensen's document requests, such as information regarding ownership of the tooling, the identification of additional entities involved in the manufacture of the housing, and the location where the housing was manufactured and asked AMCO to suggest potential dates for Sorensen to inspect the tooling.

8. During my visit with AMCO, I learned that Lexar's understanding of AMCO's process was incorrect and that its process differed from ATG's process.

9. After returning from Asia on August 12, 2008, I reviewed documents we had collected from AMCO and ATG as well as additional documents collected from Lexar which were uncovered after additional searching. The documents I reviewed totaled thousands of pages.

10. On August 14, 2008, I met and conferred with Sorensen's counsel Melody Kramer regarding Lexar's document production to date. During the meet and confer, I informed Ms. Kramer that additional documents would shortly be produced.

11. During the review of additional documents, I discovered that emails existed between Lexar and AMCO beyond what had previously been identified and produced. These emails were produced on August 19, 2008.

12. Sorensen noticed the deposition of Lexar's Fed. R. Civ. P. 30(b)(6) witness regarding the process used to manufacture the housing. Lexar designated Ton Nguyen, a Lexar employee, for the deposition. In preparation for deposition, Mr. Nguyen reviewed the pictures and video taken of the ATG tooling, the pictures of the AMCO tooling, and the documents provided by AMCO and ATG, and also discussed the processes with individuals at AMCO and ATG, as well as with Ezequiel Ramirez, a former Lexar employee.

LEE DEC. ISO LEXAR'S RESPONSE TO PLT'S SUPP. BRIEF.
FOR APPL. OF 35 U.S.C. § 295 PRESUMP. OF INFRINGEMENT      2      Case No. C08-00095 JW RS

13. During these discussions with ATG, ATG offered September 1st and 2nd as dates for a visit by Sorensen to inspect the tooling.

14. At the conclusion of the August 22, 2008 deposition, my colleague Kevin Kudlac offered to Michael Kaler, Sorensen's counsel, an opportunity for Sorensen to inspect ATG's tooling during the dates ATG had provided. I sent a letter to Sorensen on the same day repeating the offer.

15. Sorensen declined the offer of inspection. In response, I sent another letter to Sorensen offering to arrange an inspection of ATG's tooling on a mutually agreeable date.

16. Sorensen has not yet suggested alternative dates for an inspection of ATG's tooling.

17. Lexar's response to Sorensen's First Set of Interrogatories, served on July 7, 2008, was based on its knowledge at the time it served the response, including documents that identified ATG and AMCO as suppliers. None of the documents identified at the time as relevant identified Fourté as a supplier.

18. After additional investigation, I obtained new information indicating that Fourté was an additional supplier of the housing. I conducted further investigation and, through additional documents I obtained after further searching, was able to confirm Fourté as a supplier.

19. Attached hereto as Exhibit A is a true and correct copy of Sorensen's Interrogatories to Defendant Lexar Media, Inc. (Set One (*sic*), No. 7 thru 10), dated July 7, 2008.

20. Attached hereto as Exhibit B is a true and correct copy of Sorensen's Request for Production of Documents to Defendant Lexar Media, Inc. (Set One, Nos. 1 thru 11), dated July 7, 2008.

21. Attached hereto as Exhibit C is a true and correct copy of Sorensen's Deposition Notice for Defendant Lexar Media, Inc., re Process (Fed.R.Civ.P. § 30(b)(6)), dated July 21, 2008

22. Attached hereto as Exhibit D is a true and correct copy of a letter to J. Michael Kaler from Joseph H. Lee, dated July 22, 2008, producing a CD bearing Bates numbers LEXSRDT00001 - LEXSRDT00073.

23. Attached hereto as Exhibit E is a true and correct copy of Lexar's Responses to Request for Production of Documents (Set One) Nos. 1 through 11, dated August 6, 2008.

24. Attached hereto as Exhibit F is a true and correct copy of Lexar's Responses and Objections to Plaintiff's Deposition Notice for Defendant Lexar Media, Inc. re Process (Fed.R.Civ.P. § 30(b)(6)), dated August 6, 2008.

25. Attached hereto as Exhibit G is a true and correct copy of a letter to J. Michael Kaler from Joseph H. Lee, dated August 5, 2008, responding and offering to schedule the deposition of a Fed.R.Civ.P. Section 30(b)(6) witness on August 22, 2008.

26. Attached hereto as Exhibit H is a true and correct copy of a letter to Melody A. Kramer from Joseph H. Lee, dated August 19, 2008, producing a CD bearing Bates numbers LEXSRDT0000074 - LEXSRDT0001733.

27. Attached hereto as Exhibit I is a true and correct copy of a letter to J. Michael Kaler from Joseph H. Lee, dated August 20, 2008, producing a CD bearing Bates number LEXSRDT0001744.

28. Attached hereto as Exhibit J is a true and correct copy of a letter to J. Michael Kaler from Joseph H. Lee, dated August 27, 2008, producing a CD bearing Bates number LEXSRDT0001735 - LEXSRDT0001766.

29. Attached hereto as Exhibit K is a true and correct copy of Sorensen's Interrogatories to Defendant Lexar Media, Inc. (Set One) Nos. 1 thru 6, dated May 22, 2008.

30. Attached hereto as Exhibit L is a true and correct copy of a letter to Melody A. Kramer from Joseph H. Lee, dated June 23, 2008, extending the time for Lexar's response to

////
////
////
////
////
////

1. Plaintiff's Interrogatories to Defendant Lexar Media, Inc. (Set One) Nos. 1 thru 6, dated May 22, 2008, by two weeks, to July 7, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of September, 2008, at Redwood Shores, California.

                                          */s/ Joseph H. Lee*
                                            Joseph H. Lee