# EXHIBIT A

J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
E-mail: michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
E-mail: mak@kramerlawip.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 – 100,<br><br>　　　　　　　Defendants.<br>_____<br>and related counterclaims. | Case No. 08-CV-0095 JW<br><br>**INTERROGATORIES TO DEFENDANT LEXAR MEDIA, INC. (SET ONE, NOS. 7 thru 10)** |

TO DEFENDANT LEXAR MEDIA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to *Fed.R.Civ.Proc.* Rule 33, you are hereby requested to answer the following interrogatories fully in writing, under oath. If objection is made, the Responding Party shall state the reasons therefore.

## **DEFINITIONS**

1. "Lexar Media, Inc.", "Lexar", "you", "your", and "Defendant" shall mean and include the named defendant, Lexar Media, Inc., to whom these requests for document production are addressed and include any and all subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly or partially owned entities of Lexar Media, Inc., and any entities acting or purporting to act for the foregoing or who are subject to the direction or control of the foregoing, including any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators, and consultants of the foregoing.

2. "Plaintiff" or "SRDT" means the plaintiff in this lawsuit, Jens Erik Sorensen as Trustee of the Sorensen Research & Development Trust.

3. In case of doubt as to the scope of a clause including "and", "or," "any," "all," "each" or "every" the intended meaning is inclusive rather than exclusive.

4. The term "patent in suit" or "the '184 patent" means United States Patent No. 4,935,184, issued on June 19, 1990.

5. The term "document" means any medium in the possession, custody or control of Lexar for storing or recording written or spoken words or symbols or sounds or any communication or thing that is capable of sensory perception within the broad context of Rule 34, Fed. R. Civ. P., including without limiting the generality of the foregoing, each original, master, and every non-identical copy or reproduction of any and all written documents, papers, letters, correspondence, agreements, contracts, licenses, studies, surveys, notices, bulletins, circulars,

facsimiles, pamphlets, minutes of meetings, memoranda of conversations, memoranda of meetings, intracompany memoranda, notes, including notes from telephone or other conversations, and notes from meetings, diaries, desk calendars, appointment books, transcripts, time sheets, logs, job and transaction files, abstracts, reports, journals, magnetic tapes, teletype messages, telegrams, radiograms, cablegrams, maps, graphic matter, microfilm, photographs, video tapes, any other visual recordings, sound recordings, electronic recordings of every kind, any computer or other machine readable storage medium, disks, floppy disks, diskettes, CD-ROMs, and working papers and drafts, whether or not used at any time. For purposes of these document requests, any such document bearing on any part thereof, any marks, such as initials, stapled indicia, comment or notation, of any character not part of the original document, is to be considered and identified as a separate document.

6. "Agreement" or "license" includes any license or indemnification agreement, sublicense agreement, cross-license, or any agreement or contract including a provision(s) granting a license, sublicense, cross-license, rights, or permission to develop, manufacture, use or sell; including any modification or addenda to any of the foregoing.

7. The words "relate to", "relating to", or "regarding" or "reflect" means in any way, directly or indirectly, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, constituting, evidencing or otherwise pertaining to, directly or indirectly, in whole or in part.

8. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, specifically including, but not limited to, letters, personal or telephonic conversations, discussions, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of

electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects any such communication.

9. "Person" and "entity" include any legal entity, including but not limited to individuals, corporations, not-for-profit organizations, sole proprietorships, partnerships, associations, joint ventures, unincorporated associations, and cooperatives or any other entity, and all present and former directors, officers, partners, agents, employees, representatives, consultants, experts, attorneys, and all others acting or purporting to act for or on behalf of such person.

10. "Prior art" of a patent means all publications, patents, physical devices, prototypes, uses, sales, offers for sale or other activity relating to the subject matter of the patent and having or occurring at a date such as to be relevant under any subdivision of 35 U.S.C. § 102 or 35 U.S.C. § 103.

11. "Accused Products" refers to the external plastic shell or casing of all LEXAR MEDIA JumpDrive 128MB manufactured, imported, offered for sale or sold in the United States during the period from January 7, 2002 through, February 8, 2008, inclusive, and all other Lexar products manufactured with the same or similar processes manufactured, imported, offered for sale or sold in the United States during the same period.

12. "'184 patented process" means the process set forth in U.S. Patent No. 4,935,184.

13. "Identify" with respect to documents shall mean to list by date, author, recipient, general description of contents, and location of document.

## INTERROGATORIES

7. Identify by full name, employer, address, phone number, and time frame, all individuals that are United States citizens or residents who have first-hand knowledge of the manufacturing processes used to manufacture all of the Accused

1  Products during any of the time period from January 7, 2002 through February 5,
2  2008.

3     8.     Identify by full name, employer, address, phone number, and time
4  frame, all individuals that are not United States citizens or residents who have first-
5  hand knowledge of the manufacturing processes used to manufacture all of the
6  Accused Products during any of the time period from January 7, 2002 through
7  February 5, 2008.

8     9.     Describe, step-by-step, the manufacturing process used for the Accused
9  Products, from plastic resin to completed product.

10     10.     Identify with specificity all sources of information for the response to
11  Interrogatory No. 9, hereinabove. As to persons, identification requires full name,
12  employer, address, phone number, and citizenship. As to documents or physical
13  things, identification requires date, type, source of document, or other description
14  sufficient for Plaintiff to frame a request for production.

17  DATED this Monday, July 07, 2008.

                JENS ERIK SORENSEN, as Trustee of
                SORENSEN RESEARCH AND DEVELOPMENT
                TRUST, Plaintiff

                /s/ J. Michael Kaler

                J. Michael Kaler
                Melody A. Kramer
                Attorneys for Plaintiff

5.

Case No. 08 CV 00095 RW

# PROOF OF SERVICE

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121. I am a member of the State Bar of California and the Bar of this Court.

On July 7, 2008, I served on the parties to this action the following documents:

INTERROGATORIES TO DEFENDANT LEXAR MEDIA, INC. (SET ONE, NOS. 7 thru 10)

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Personally, via attorney service, Fedex Overnight and Email |

[X] (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

[X] (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

[ ] (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

[X] (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

[ ] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

[ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

1

2    I declare that the foregoing is true and correct, and that this declaration was executed on
3    Monday, July 7, 2008, in San Diego, California.

4                                                /s/ J. Michael Kaler
                                                 _____
5                                                J. Michael Kaler

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28