# EXHIBIT B

1

J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
E-mail:  michael@kalerlaw.com

2

3

4

5

MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
E-mail:  mak@kramerlawip.com

6

7

8

9

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

10

11

12

**UNITED STATES DISTRICT COURT**

13

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | ) Case No. 08-CV-0095 JW |
| | ) |
| | ) **REQUEST FOR PRODUCTION OF** |
| | ) **DOCUMENTS TO DEFENDANT** |
| Plaintiff | ) **LEXAR MEDIA, INC.** |
| v. | ) **(SET ONE, NOS. 1 thru 11)** |
| | ) |
| LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 – 100, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |
| and related counterclaims. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO DEFENDANT LEXAR MEDIA, INC. AND ITS ATTORNEYS OF RECORD:

2    Pursuant to *Fed.R.Civ.Proc.* Rule 34, you are hereby requested to produce and

3    permit the Requesting Party to inspect and copy all documents requested herein on

4    August 7, 2008 at 10:00 a.m. at the Kramer Law Office, Inc., 9930 Mesa Rim Road,

5    Suite 1600, San Diego, CA 92121 or as otherwise agreed by the parties or their

6    counsel.

7    You shall serve a written response within 30 days after the service of this

8    request pursuant to Rule 34, and documents shall be produced as they are kept in the

9    usual course of business or shall be organized and labeled to correspond to the

10    categories in the request.

11    If objection is made, the Responding Party shall state the reasons therefore,

12    and shall permit inspection of any portion of the request for which no objection is

13    made.

14

15    **DEFINITIONS**

16    1.    The term "document" means any medium in the possession, custody or

17    control of Lexar for storing or recording written or spoken words or symbols or

18    sounds or any communication or thing that is capable of sensory perception within

19    the broad context of Rule 34, Fed. R. Civ. P., including without limiting the

20    generality of the foregoing, each original, master, and every non-identical copy or

21    reproduction of any and all written documents, papers, letters, correspondence,

22    agreements, contracts, licenses, studies, surveys, notices, bulletins, circulars,

23    facsimiles, pamphlets, minutes of meetings, memoranda of conversations,

24    memoranda of meetings, intracompany memoranda, notes, including notes from

25    telephone or other conversations, and notes from meetings, diaries, desk calendars,

26    appointment books, transcripts, time sheets, logs, job and transaction files, abstracts,

27    reports, journals, magnetic tapes, teletype messages, telegrams, radiograms,

28    cablegrams, maps, graphic matter, microfilm, photographs, video tapes, any other

1  visual recordings, sound recordings, electronic recordings of every kind, any

2  computer or other machine readable storage medium, disks, floppy disks, diskettes,

3  CD-ROMs, and working papers and drafts, whether or not used at any time.  For

4  purposes of these document requests, any such document bearing on any part

5  thereof, any marks, such as initials, stapled indicia, comment or notation, of any

6  character not part of the original document, is to be considered and identified as a

7  separate document.

8      2.    "Lexar" without further specification shall mean and include the named

9  defendant, Lexar Media, Inc., to whom these requests for document production are

10  addressed and include any and all subsidiaries, divisions, branches, affiliates,

11  predecessors or successors in business, parents, and wholly or partially owned

12  entities of Lexar Media, Inc., and any entities acting or purporting to act for the

13  foregoing or who are subject to the direction or control of the foregoing, including

14  any present or former agents, employees, officers, directors, insurance companies,

15  attorneys, accountants, investigators, and consultants of the foregoing.

16      3.    "Plaintiff" or "SRDT" means the plaintiff in this lawsuit, Jens Erik

17  Sorensen as Trustee of the Sorensen Research & Development Trust.

18      4.    In case of doubt as to the scope of a clause including "and", "or," "any,"

19  "all," "each" or "every" the intended meaning is inclusive rather than exclusive.

20      5.    The term "patent in suit" or "the '184 patent" means United States

21  Patent No. 4,935,184, issued on June 19, 1990.

22      6.    "Agreement" or "license" includes any license or indemnification

23  agreement, sublicense agreement, cross-license, or any agreement or contract

24  including a provision(s) granting a license, sublicense, cross-license, rights, or

25  permission to develop, manufacture, use or sell; including any modification or

26  addenda to any of the foregoing.

27      7.    The words "relate to", "relating to", or "regarding" or "reflect" means in

28  any way, directly or indirectly, referring to, alluding to, responding to, concerning,

1   connected with, commenting on, in respect of, about, regarding, discussing, showing,

2   describing, mentioning, respecting, analyzing, constituting, evidencing or otherwise

3   pertaining to, directly or indirectly, in whole or in part.

4         8.    "Communication" means any oral or written utterance, notation, or

5   statement of any nature whatsoever, specifically including, but not limited to, letters,

6   personal or telephonic conversations, discussions, interviews, or consultations; any

7   type of telegraphic, telecommunicated, or telecopied message; any type of

8   electronically received, transmitted, or stored message, note, letter, memorandum, or

9   correspondence; and any writing that evidences or reflects any such communication.

10         9.    "Person" and "entity" include any legal entity, including but not limited

11   to individuals, corporations, not-for-profit organizations, sole proprietorships,

12   partnerships, associations, joint ventures, unincorporated associations, and

13   cooperatives or any other entity, and all present and former directors, officers,

14   partners, agents, employees, representatives, consultants, experts, attorneys, and all

15   others acting or purporting to act for or on behalf of such person.

16         10.    "Accused Products" refers to the external plastic shell or casing of all

17   LEXAR MEDIA JumpDrive 128MB manufactured, imported, offered for sale or

18   sold in the United States during the period from January 7, 2002 through, February 8,

19   2008, inclusive, and all other Lexar products manufactured with the same or similar

20   processes manufactured, imported, offered for sale or sold in the United States

21   during the same period.

22         11.    "Identify" with respect to documents shall mean to list by date, author,

23   recipient, general description of contents, and location of document.

24

25   **REQUESTS FOR PRODUCTION**

26         1.    All DOCUMENTS identified in Lexar's Initial Disclosures, Section II,

27   Nos. 1 – 4, inclusive.  A reference copy is attached hereto.

28         2.    All contracts and/or agreements between Lexar and any third party

Case No. 08 CV 00095 RW

1    relating to the design, specification, manufacture, assembly, import, distribution,

2    sale, and/or offer for sale of any of the Accused Products.

3        3.    All DOCUMENTS constituting, reflecting, relating to, or concerning

4    any communications made to any third party relating to the '184 patent, specifically

5    including any communications to manufacturers of any Accused Products.

6        4.    All DOCUMENTS constituting communications made by Lexar, its

7    officers, employees, consultants, agents, or counsel to third parties reflecting,

8    relating to, or concerning, the manufacturing process used to manufacture any of the

9    Accused Products, specifically including any such communications made by Lexar's

10   counsel to third parties.

11       5.    All DOCUMENTS constituting, reflecting, relating to, or concerning

12   any communications made by any third party relating to the '184 patent, specifically

13   including any communications from manufacturers of any Accused Products.

14       6.    All DOCUMENTS describing or depicting the manufacturing processes

15   used to form any of the Accused Products.

16       7.    All DOCUMENTS describing or depicting the molds and other

17   production tooling used in the manufacturing processes that form any of the Accused

18   Products.

19       8.    All DOCUMENTS identifying all witnesses that have personal

20   knowledge of the manufacturing processes used to form any of the Accused

21   Products.

22       9.    All DOCUMENTS identifying the company that made the tooling for

23   use in the manufacture of the Accused Products.

24       10.   All DOCUMENTS identifying, by company name, address, and contact

25   person, where the Accused Products are assembled after the plastic casing is made.

26

27

28

1        11.    Documents sufficient to identify the owners and/or licensees of any

2    designs that are incorporated in the Accused Products.

3

4

5    DATED this Monday, July 07, 2008.

6

7                                        JENS ERIK SORENSEN, as Trustee of
                                         SORENSEN RESEARCH AND DEVELOPMENT
8                                        TRUST, Plaintiff

9                                        /s/ J. Michael Kaler

10   _____

11                                       J. Michael Kaler
                                         Melody A. Kramer
12                                       Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, J. Michael Kaler, declare:  I am and was at the time of this service working within in the County of San Diego, California.  I am over the age of 18 years and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121.  I am a member of the State Bar of California and the Bar of this Court.

On July 7, 2008, I served on the parties to this action the following documents:

REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LEXAR MEDIA, INC. (SET ONE, NOS. 1 thru 11)

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow jared.bobrow@weil.com Weil, Gotshal & Manges LLP 201 Redwood Shores Parkway Redwood Shores, CA 94065 | Lexar Media, Inc. | Personally, via attorney service, Fedex Overnight and Email |

[X] (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

[X] (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

[ ] (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

[X] (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

[ ] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

[ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

1

2

3          I declare that the foregoing is true and correct, and that this declaration was executed on
Monday, July 7, 2008, in San Diego, California.

4
                                        /s/ J. Michael Kaler
5                                       _____
                                        J. Michael Kaler
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08 CV 00095 RW