# EXHIBIT C

J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
E-mail: michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
E-mail: mak@kramerlawip.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff<br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 – 100,<br><br>Defendants.<br><br>and related counterclaims. | Case No. 08-CV-0095 JW<br><br>**DEPOSITION NOTICE FOR DEFENDANT LEXAR MEDIA, INC., re PROCESS (FED. R. CIV. P. § 30(B)(6))**<br><br>To be recorded Stenographically and video recording.<br><br>DATE:     August 15, 2008<br>TIME:     10:00 A.M.<br>LOCATION:<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |

TO DEFENDANT LEXAR MEDIA, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6), Fed. R. Civ. P., Plaintiff Jens Erik Sorensen as Trustee of the Sorensen Research & Development Trust ("SRDT"), will take the deposition of Defendant Lexar Media, Inc. ("Lexar"), commencing on August 15, 2008 at 10:00 a.m., and continuing thereafter day-to-day until completed, at the offices of Weil, Gotshal & Manges LLP, located at 201 Redwood Shores Parkway, Redwood Shores, CA 94065 or at a conference room nearby to be designated by Plaintiff in the event that Weil, Gotshal, *et al*, is unwilling or unable to accommodate the deposition, or at such other time and location as shall subsequently be agreed to by the parties.

The deposing party will record the deponent's testimony by real time stenographic means (through instant visual display of the testimony) and videography. All parties and their respective counsel are invited to attend and cross-examine.

On that date and at that location, SRDT shall take the deposition of Lexar Corp's designated person(s) most knowledgeable witness with regard to the topics identified in the **TOPICS FOR EXAMINATION** below.

## DEFINITIONS

1.  "Lexar Media, Inc.", "Lexar", "you", "your", and "Defendant" shall mean and include the named defendant, Lexar Media, Inc., to whom these requests for document production are addressed and include any and all subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly or partially owned entities of Lexar Media, Inc., and any entities acting or purporting to act for the foregoing or who are subject to the direction or control of the foregoing, including any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators, and consultants of the foregoing.

2. "Plaintiff" or "SRDT" means the plaintiff in this lawsuit, Jens Erik Sorensen as Trustee of the Sorensen Research & Development Trust.

3. In case of doubt as to the scope of a clause including "and", "or," "any," "all," "each" or "every" the intended meaning is inclusive rather than exclusive.

4. The term "patent in suit" or "the '184 patent" means United States Patent No. 4,935,184, issued on June 19, 1990.

5. The term "document" means any medium in the possession, custody or control of Lexar for storing or recording written or spoken words or symbols or sounds or any communication or thing that is capable of sensory perception within the broad context of Rule 34, Fed. R. Civ. P., including without limiting the generality of the foregoing, each original, master, and every non-identical copy or reproduction of any and all written documents, papers, letters, correspondence, agreements, contracts, licenses, studies, surveys, notices, bulletins, circulars, facsimiles, pamphlets, minutes of meetings, memoranda of conversations, memoranda of meetings, intracompany memoranda, notes, including notes from telephone or other conversations, and notes from meetings, diaries, desk calendars, appointment books, transcripts, time sheets, logs, job and transaction files, abstracts, reports, journals, magnetic tapes, teletype messages, telegrams, radiograms, cablegrams, maps, graphic matter, microfilm, photographs, video tapes, any other visual recordings, sound recordings, electronic recordings of every kind, any computer or other machine readable storage medium, disks, floppy disks, diskettes, CD-ROMs, and working papers and drafts, whether or not used at any time. For purposes of these document requests, any such document bearing on any part thereof, any marks, such as initials, stapled indicia, comment or notation, of any character not part of the original document, is to be considered and identified as a separate document.

6. "Agreement" or "license" includes any license or indemnification agreement, sublicense agreement, cross-license, or any agreement or contract including a provision(s) granting a license, sublicense, cross-license, rights, or permission to develop, manufacture, use or sell; including any modification or addenda to any of the foregoing.

7. The words "relate to", "relating to", or "regarding" or "reflect" means in any way, directly or indirectly, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, constituting, evidencing or otherwise pertaining to, directly or indirectly, in whole or in part.

8. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, specifically including, but not limited to, letters, personal or telephonic conversations, discussions, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects any such communication.

9. "Person" and "entity" include any legal entity, including but not limited to individuals, corporations, not-for-profit organizations, sole proprietorships, partnerships, associations, joint ventures, unincorporated associations, and cooperatives or any other entity, and all present and former directors, officers, partners, agents, employees, representatives, consultants, experts, attorneys, and all others acting or purporting to act for or on behalf of such person.

10. "Prior art" of a patent means all publications, patents, physical devices, prototypes, uses, sales, offers for sale or other activity relating to the subject matter of the patent and having or occurring at a date such as to be relevant under any subdivision of 35 U.S.C. § 102 or 35 U.S.C. § 103.

11.   "Accused Products" refers to the external plastic shell or casing of all LEXAR MEDIA JumpDrive 128MB, LEXAR MEDIA JumpDrive 64MB, LEXAR MEDIA JumpDrive 256MB, LEXAR MEDIA JumpDrive 512MB, and LEXAR MEDIA JumpDrive 1GB models manufactured, imported, offered for sale or sold in the United States during the period from January 7, 2002 through, February 8, 2008, inclusive, and all other Lexar products manufactured with the same or similar processes manufactured, imported, offered for sale or sold in the United States during the same period.

12.   "'184 patented process" means the process set forth in U.S. Patent No. 4,935,184.

13.   "Identify" with respect to documents shall mean to list by date, author, recipient, general description of contents, and location of document.

## TOPICS FOR EXAMINATION

**Topic Number 1:**

For all of the Accused Products, be able to answer detailed technical questions regarding the manufacturing process utilized to form the plastic parts of the Accused Products, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections with any common mold part for any time periods during January 7, 2002 through February 5, 2008, inclusive.

**Topic Number 2:**

For all of the Accused Products, be able to provide the foundation and basis, that is, the source, of all information used to answer technical questions regarding the manufacturing process utilized to form the plastic parts of the Accused Products, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections with any common mold part for any time periods during January 7, 2002 through February 5, 2008, inclusive.  This

1  foundational basis includes documents, witnesses, personal inspections or other
2  sources for the information to which the deponent is testifying.
3  DATED July 21, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ J. Michael Kaler

---

J. Michael Kaler
Melody A. Kramer
Patricia A. Shackelford
Attorneys for Plaintiff

# PROOF OF SERVICE

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121. I am a member of the State Bar of California and the Bar of this Court.

On July 21, 2008, I served on the parties to this action the following documents:

DEPOSITION NOTICE FOR DEFENDANT LEXAR MEDIA, INC., re PROCESS (FED. R. CIV. P. § 30(B)(6))

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Joseph Lee<br>Joseph.lee@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email-- to an email address represented to be the correct email address for the addressee. |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☒ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☐ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

    I declare that the foregoing is true and correct, and that this declaration was executed on Monday, July 21, 2008, in San Diego, California.

                                            /s/ J. Michael Kaler

                                            _____

                                            J. Michael Kaler