# EXHIBIT E

1  JARED BOBROW (Bar No. 133712)
   jared.bobrow@weil.com
2  JOSEPH H. LEE (Bar No. 248046)
   joseph.lee@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA 94065
   Telephone: (650) 802-3000
5  Facsimile: (650) 802-3100

6  KEVIN KUDLAC (pro hac vice)
   kevin.kudlac@weil.com
7  WEIL, GOTSHAL & MANGES LLP
   8911 Capital of Texas Highway
8  Building One, Suite 1350
   Austin, TX 78759
9  Telephone: (512) 349-1930
   Facsimile: (512) 527-0798
10
   Attorneys for Defendant
11 LEXAR MEDIA, INC.

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>Defendants. | Case No. C08-00095 JW RS<br><br>LEXAR MEDIA, INC.'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>(SET ONE) NOS. 1 through 11<br><br>The Honorable James Ware<br><br>**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** |

**LEXAR MEDIA, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS (NOS. 1 through 11)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 34-1, Lexar Media, Inc. ("Lexar") hereby responds and objects to Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust's ("Plaintiff") Request for Production of Documents (Set One) Nos. 1 through 11 ("Plaintiff's Request for Production") as follows:

## RESPONSES TO REQUEST FOR PRODUCTION

The following General Objections are incorporated into each Specific Objection and Response as if fully set forth therein:

A. Lexar objects to each of Plaintiff's Request for Production to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

B. Lexar objects to each of Plaintiff's Request for Production to the extent it seeks information that is confidential, proprietary, and/or trade secret information, and will provide such information subject to the terms of the protective order entered in this case.

C. Lexar objects to each of Plaintiff's Request for Production to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties and subject to the terms of the protective order entered in this case.

D. Lexar objects to Plaintiff's Request for Production, including the definitions contained therein, to the extent they seek to impose obligations above and beyond those imposed by the Federal Rules of Civil Procedure or the Court's Local Rules.

E. Lexar objects to Plaintiff's Request for Production to the extent they seek information about acts or events that are not acts of infringement under the patent laws of the United States, or about other information that is not relevant to a claim or defense in this action. Lexar's responses to these requests for production do not constitute an admission that any acts or events described herein or in any documents produced by Lexar are appropriately subject to further discovery in this action. Lexar reserves all its rights.

F. Lexar's investigation and discovery is ongoing. Lexar will supplement these responses as appropriate as further information becomes available in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

G. Lexar objects to Plaintiff's definition of "Accused Products" as vague, ambiguous, and overly broad, particularly in its use of the phrase "similar processes," as it does not, *inter alia*, limit the definition to processes claimed in U.S. Patent No. 4,935,184.

H. Lexar objects to the place of production pursuant to the Federal Rules of Civil Procedure. Documents responsive to Plaintiff's Request for Production will be made available at the offices of Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood Shores, California 94070, at a date and time agreeable to the parties.

Subject to and without waiving its General Objections, Lexar objects and responds to Plaintiff's Request for Production as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS identified in Lexar's Initial Disclosures, Section II, Nos. 1-4, inclusive. A reference copy is attached hereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its general objections, Lexar objects to this document request as unreasonably cumulative or duplicative and to the extent that the information or documents requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. In addition, Lexar objects to this document request as premature in light of the timetable provided in the Patent Local Rules, to the extent the request is for the categories of documents enumerated in Patent L.R. 2-5. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune responsive documents that Lexar may use to support its claims or defenses to the extent

such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All contracts and/or agreements between Lexar and any third party relating to the design, specification, manufacture, assembly, import, distribution, sale, and/or offer for sale of any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "design," "specification," "assembly," and "distribution" and to the extent that it requests "[a]ll contracts and/or agreements." Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS constituting, reflecting, relating to, or concerning any communications made <u>to</u> any third party relating to the '184 patent, specifically including any communications to manufacturers of any Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "constituting," "reflecting," "relating to," and

1  "concerning" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this
2  document request as premature in light of the timetable provided in the Patent Local Rules, to the
3  extent the request is for the categories of documents enumerated in Patent L.R. 2-5. Lexar also
4  objects to this request to the extent it seeks information protected by the attorney-client privilege,
5  the work product doctrine, or any other applicable privilege or immunity from production. Lexar
6  further objects to this document request to the extent it seeks information that is the confidential,
7  proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to
8  an obligation to a third party. Lexar will provide such information only to the extent it can do so
9  consistent with its obligations to such third parties. Lexar also objects to this document request to
10 the extent it seeks documents from sources that are not reasonably accessible because of undue
11 burden or cost. Subject to and without waiving its objections, Lexar responds as follows:
12 Lexar will produce and/or make available for inspection non-privileged, non-
13 immune, responsive documents to the extent such exist, are within its possession, custody, or
14 control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS constituting communications made by Lexar, its officers, employees, consultants, agents, or counsel to third parties reflecting, relating to, or concerning, the manufacturing process used to manufacture any of the Accused Products, specifically including any such communications made by Lexar's counsel to third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "constituting," "reflecting," "relating to," and "concerning" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this document request as premature in light of the timetable provided in the Patent Local Rules, to the extent the request is for the categories of documents enumerated in Patent L.R. 2-5. Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar

further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS constituting, reflecting, relating to, or concerning any communications made <u>by</u> any third party relating to the '184 patent, specifically including any communications from manufacturers of any Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "constituting," "reflecting," "relating to," and "concerning" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this document request as premature in light of the timetable provided in the Patent Local Rules, to the extent the request is for the categories of documents enumerated in Patent L.R. 2-5. Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS describing or depicting the manufacturing processes used to form any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "describing" and "depicting" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this document request as premature in light of the timetable provided in the Patent Local Rules, to the extent the request is for the categories of documents enumerated in Patent L.R. 2-5. Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS describing or depicting the molds and other production tooling used in the manufacturing processes that form any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "describing" and "depicting" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this document request as premature in light of the timetable provided in the Patent Local Rules, to the extent the request is for the categories of documents enumerated in Patent L.R. 2-5. Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS identifying all witnesses that have personal knowledge of the manufacturing processes used to form any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "identifying" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks

1  information that is the confidential, proprietary, and/or trade secret information of a third party
2  that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such
3  information only to the extent it can do so consistent with its obligations to such third parties.
4  Lexar also objects to this request to the extent it requires Lexar to divulge the private information
5  of third parties in violation of those third parties' rights to privacy under applicable law. Lexar
6  also objects to this document request to the extent it seeks documents from sources that are not
7  reasonably accessible because of undue burden or cost. Subject to and without waiving its
8  objections, Lexar responds as follows:

Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS identifying the company that made the tooling for use in the manufacture of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "identifying" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

1         Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

        All DOCUMENTS identifying, by company name, address, and contact person, where the Accused Products are assembled after the plastic casing is made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

        In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of "identifying," "assembled," and "plastic casing" and to the extent it requests "[a]ll DOCUMENTS." Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

        Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

        Documents sufficient to identify the owners and/or licensees of any designs that are incorporated in the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

        In addition to its general objections, Lexar objects to this document request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence, particularly in its use of "identifying" and "designs." Lexar also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Lexar further objects to this document request to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties. Lexar also objects to this document request to the extent it seeks documents from sources that are not reasonably accessible because of undue burden or cost. Subject to and without waiving its objections, Lexar responds as follows:

        Lexar will produce and/or make available for inspection non-privileged, non-immune, responsive documents to the extent such exist, are within its possession, custody, or control, and can be located after a reasonable search.

Dated: August 6, 2008

WEIL, GOTSHAL & MANGES LLP

By: _____
JARED BOBROW
jared.bobrow@weil.com

Attorneys for Defendant
LEXAR MEDIA, INC.

# CERTIFICATE OF SERVICE

I am a citizen of the United States, more than 18 years old, and not a party to this action. My place of employment and business address is 201 Redwood Shores Parkway, Redwood Shores, California, 94065-1175. On August 6, 2008, I caused copy(ies) of:

LEXAR MEDIA, INC.'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) NOS. 1 through 11

to be served on Plaintiff as follows:

[ XX ] **BY OVERNIGHT DELIVERY** by placing a true copy thereof enclosed in a sealed envelope with overnight delivery fees provided for, addressed as follows, for collection by Federal Express in accordance with this firm's ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of this firm's business practice the document(s) described above will be deposited by an employee or agent in a box or other facility regularly maintained by Federal Express.

[ XX ] **BY EMAIL** of .pdf documents.

| | |
|---|---|
| J. Michael Kaler<br>Kaler Law Offices<br>9930 Mesa Rim Road, Suite 200<br>San Diego, CA 92121<br>Telephone: 858-362-3151<br>michael@kalerlaw.com<br>*BY EMAIL AND FEDERAL EXPRESS* | Melody A. Kramer<br>Kramer Law Offices, Inc.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, CA 92121<br>Telephone: 858-362-3150<br>mak@kramerlawip.com<br>*BY EMAIL ONLY* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2008 at Redwood Shores, California.

_____
Karen A. Gotelli