# EXHIBIT F

JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
JOSEPH H. LEE (Bar No. 248046)
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

KEVIN KUDLAC (pro hac vice)
kevin.kudlac@weil.com
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway
Building One, Suite 1350
Austin, TX 78759
Telephone: (512) 349-1930
Facsimile: (512) 527-0798

Attorneys for Defendant
LEXAR MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100,<br><br>Defendants. | Case No. C08-00095 JW RS<br><br>LEXAR MEDIA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S DEPOSITION NOTICE FOR DEFENDANT LEXAR MEDIA, INC., RE PROCESS (FED. R. CIV. P. § 30(b)(6)) |

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Lexar Media, Inc. ("Lexar" or "Defendant") objects and responds to Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust's ("Sorensen") Notice of Deposition of Defendant Pursuant to Fed.R.Civ.P. 30(b)(6) ("Notice") as follows:

### GENERAL OBJECTIONS

A.  Lexar objects to the Notice and each of the topics included in the Notice to the extent they seek to depose Lexar concerning information protected by the attorney-client

privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. Lexar reserves its right to object and to instruct any witness at deposition not to answer specific questions that would elicit such testimony.

      B.    Lexar objects to the Notice and each of the topics included in the Notice to the extent they seek to depose Lexar concerning information that is confidential, proprietary, and/or trade secret information, and will provide such information via deposition only subject to the protective order in this matter.

      C.    Lexar objects to the Notice and each of the topics included in the Notice to the extent they seek to depose Lexar concerning information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information via deposition only to the extent it can do so consistent with its obligations to such third parties and only subject to the protective order in this matter.

      D.    Lexar objects to the location, date, and time for which Sorensen noticed this deposition and, in particular, for Sorensen's failure to meet and confer per Civil L.R. 30-1. Lexar will produce a witness or witnesses for deposition at a mutually agreeable location, date, and time.

      E.    Lexar objects to Sorensen's definitions and instructions to the extent they seek to impose obligations above and beyond those imposed by the Federal Rules of Civil Procedure and the local rules and standing orders of this Court.

      F.    Lexar objects to the Notice and each of the topics included in the Notice as premature, in light of the fact that the Court has not held a claim construction hearing or issued its claim construction ruling.

      G.    Lexar objects to the Notice and each of the topics included in the Notice as premature in light of the fact that Lexar's discovery and investigation in connection with this lawsuit are continuing. As a result, the information Lexar can and will provide via deposition is limited to information obtained by Lexar to date, and is given without prejudice to Lexar's right to amend or supplement its positions, contentions, and/or responses after considering information

obtained through further discovery or investigation. Lexar's production of witnesses in response to this Notice shall not constitute an admission of the relevance or materiality of the topics included in the Notice.

H.  Lexar objects to the Notice and each of the topics included in the Notice to the extent they seek information about acts or events that are not acts of infringement under the patent laws of the United States, or about other information that is not relevant to a claim or defense in this action. Lexar's provision of information via deposition does not constitute an admission that any acts or events described therein are appropriately subject to further discovery in this action. Lexar reserves all its rights.

I.  Lexar objects to Plaintiff's definition of "Accused Products" as vague, ambiguous, and overly broad, particularly in its use of the phrase "similar processes," as it does not, *inter alia*, limit the definition to processes claimed in U.S. Patent No. 4,935,184.

J.  Lexar objects to Plaintiff's definition of "'184 patented process" as vague, ambiguous, and overly broad, particularly in its use of the phrase "process set forth in U.S. Patent No. 4,935,184," as it does not, *inter alia*, limit the definition to processes claimed in U.S. Patent No. 4,935,184.

Subject to and without waiving its General Objections, Lexar objects and responds to Sorensen's Notice as follows:

### SPECIFIC OBJECTIONS AND REPONSES

**TOPIC NUMBER 1:**

For all of the Accused Products, be able to answer detailed technical questions regarding the manufacturing process utilized to form the plastic parts of the Accused Products, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections with any common mold part for any time periods during January 7, 2002 through February 5, 2008, inclusive.

**RESPONSE TO TOPIC NUMBER. 1:**

In addition to its General Objections, Lexar objects to this topic to the extent it calls for information protected by the attorney-client privilege and/or the work product doctrine.

1  Lexar also objects to this topic as unreasonably cumulative or duplicative of other discovery
2  requests and to the extent that the information requested can be obtained from some other source
3  that is more convenient, less burdensome, or less expensive. In addition, Lexar objects to this
4  topic as premature in light of the timetable provided in the Patent Local Rules, to the extent the
5  request is for information enumerated in Patent L.R. 2-5. Lexar further objects to this topic to the
6  extent it seeks information that is the confidential, proprietary, and/or trade secret information of
7  a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will
8  provide such information only to the extent it can do so consistent with its obligations to such
9  third parties and only subject to the protective order in this matter. Lexar also objects to this topic
10 on the grounds that it is vague and ambiguous, and insufficient to provide Lexar with reasonable
11 notice to prepare a corporate representative for oral deposition, particularly in its use of "detailed
12 technical questions," "two plastic injections," and "common mold part" as well as its use of "any
13 units" in combination with the term "Accused Products" as that combination is not limited to
14 products that may have been involved in any alleged act of infringement.

15   Subject to and without waiving its objections, Defendants will designate one or
16 more witnesses to testify on this topic.

17 **TOPIC NUMBER 2:**

18   For all of the Accused Products, be able to provide the foundation and basis, that
19 is, the source, of all information used to answer technical questions regarding the manufacturing
20 process utilized to form the plastic parts of the Accused Products, including, but not limited to,
21 questions with regard to whether or not any units were manufactured utilizing two plastic
22 injections with any common mold part for any time periods during January 7, 2002 through
23 February 5, 2008, inclusive. This foundational basis includes documents, witnesses, personal
24 inspections or other sources for the information to which the deponent is testifying.

25 **RESPONSE TO TOPIC NUMBER 2:**

26   In addition to its General Objections, Lexar objects to this topic to the extent it
27 calls for information protected by the attorney-client privilege and/or the work product doctrine.
28 Lexar also objects to this topic as unreasonably cumulative or duplicative of other discovery

requests and to the extent that the information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. In addition, Lexar objects to this topic as premature in light of the timetable provided in the Patent Local Rules, to the extent the request is for information enumerated in Patent L.R. 2-5. Lexar further objects to this topic to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of a third party that is in Lexar's possession subject to an obligation to a third party. Lexar will provide such information only to the extent it can do so consistent with its obligations to such third parties and only subject to the protective order in this matter. Lexar also objects to this topic on the grounds that it is vague and ambiguous, and insufficient to provide Lexar with reasonable notice to prepare a corporate representative for oral deposition, particularly in its use of "detailed technical questions," "two plastic injections," and "common mold part" as well as its use of "any units" in combination with the term "Accused Products" as that combination is not limited to products that may have been involved in any alleged act of infringement. Lexar further objects to this topic on the grounds that it is overbroad and unduly burdensome, particularly in seeking "all information."

Subject to and without waiving its objections, Defendants will designate one or more witnesses to testify on this topic.

Dated: August 6, 2008

WEIL, GOTSHAL & MANGES LLP

By: _____
JARED BOBROW
jared.bobrow@weil.com

Attorneys for Defendant
LEXAR MEDIA, INC.

# CERTIFICATE OF SERVICE

I am a citizen of the United States, more than 18 years old, and not a party to this action. My place of employment and business address is 201 Redwood Shores Parkway, Redwood Shores, California, 94065-1175. On August 6, 2008, I caused copy(ies) of:

LEXAR MEDIA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S DEPOSITION NOTICE FOR DEFENDANT LEXAR MEDIA, INC., RE PROCESS (FED. R. CIV. P. § 30(b)(6))

to be served on Plaintiff as follows:

[ XX ] **BY OVERNIGHT DELIVERY** by placing a true copy thereof enclosed in a sealed envelope with overnight delivery fees provided for, addressed as follows, for collection by Federal Express in accordance with this firm's ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of this firm's business practice the document(s) described above will be deposited by an employee or agent in a box or other facility regularly maintained by Federal Express.

[ XX ] **BY EMAIL** of .pdf documents.

| J. Michael Kaler<br>Kaler Law Offices<br>9930 Mesa Rim Road, Suite 200<br>San Diego, CA 92121<br>Telephone: 858-362-3151<br>michael@kalerlaw.com<br>***BY EMAIL AND FEDERAL EXPRESS*** | Melody A. Kramer<br>Kramer Law Offices, Inc.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, CA 92121<br>Telephone: 858-362-3150<br>mak@kramerlawip.com<br>***BY EMAIL ONLY*** |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2008 at Redwood Shores, California.

_/s/ Karen A. Gotelli_
Karen A. Gotelli