MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　　Plaintiff<br>　v.<br><br>LEXAR MEDIA, INC., a Delaware Corporation; and DOES 1 – 100,<br><br>　　　　　　　　Defendants.<br>_____<br>and related counterclaims.<br>_____ | Case No. 08 cv 00095 JW<br><br>**PLAINTIFF'S NOTICE OF RELIANCE ON VERBAL INSTRUCTIONS FROM COURT CLERK RE AMENDMENT OF ORDER AT DOCKET #62**<br><br>Date: September 8, 2008<br>Time: 9:00 A.M.<br>Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware |

Plaintiff JENS E. SORENSEN, as TRUSTEE OF THE SORENSEN RESEARCH AND DEVELOPMENT TRUST ("SRDT"), hereby gives notice to the Court:

1. Correcting the reference in the Court's Order at Docket #62 stating that Plaintiff had failed to file an ordered supplemental brief, even though Plaintiff had timely filed said brief;

2. Explaining Plaintiff's reliance on verbal instructions from Judge Ware's clerk to not file additional briefing set by the Court in the Order at Docket #62 ("Order"); and

3. Subsequent filing of additional briefing based upon Defendant's filing of additional briefing under Docket #62.

**FACTUAL SUMMARY**

On June 30, 2008, the Court ordered the parties in this case to simultaneously file supplemental papers on Plaintiff's Motion to Apply a Presumption of Infringement on August 29, 2008.

On August 29, 2008, both parties filed supplemental papers as required by the Court at Docket Nos. 54 through 61, including motions to file certain supporting papers under seal by both sides.

On September 3, 2008, the Court Clerk issued an order continuing the hearing on Plaintiff's Motion to Apply a Presumption of Infringement, erroneously stating that "to date, Plaintiff has yet to file its supplemental brief as required by the Court." Docket #62, page 24-25.

Plaintiff <u>had</u> filed its supplemental brief as required by the Court on August 29, 2008, at Docket #58, with courtesy copies, and lodged documents with a Motion to File Under Seal (Docket #60) were sent by Federal Express to the Court on that same date. See Docket #58, and related Docket #60.

2.

1       Immediately upon receipt of the Docket #62, Plaintiff's counsel, Melody Kramer, called Judge Ware's chambers and spoke with Elizabeth Garcia. Ms. Kramer advised Ms. Garcia that Plaintiff had, in fact, timely filed its supplemental briefing and supplied the docket number. Ms. Kramer further advised Ms. Garcia that Plaintiff had also sent courtesy copies to the Court. Ms. Garcia came back on the phone after a few minutes and confirmed that Plaintiff's Supplemental Brief was timely filed and acknowledged receipt of the courtesy copies. Ms. Garcia explained that the Order had been prepared before she had seen them. *Kramer Decl.* ¶ 4.

      Ms. Garcia then advised that due to the fact that Plaintiff had timely filed its supplemental briefing, no further briefing should be filed, but that the hearing date was still changed. Ms. Kramer understood this to mean that neither Plaintiff nor Defendant were to file any further papers on this motion, and advised Defendant's counsel of the same via email. *Kramer Decl.* ¶ 5.

      Ms. Kramer presumed that an amended order would issue to supercede Docket #62, though Ms. Garcia made no mention of it. Ms. Kramer did not receive any response from Defendant's counsel regarding the matter, and thus presumed that they had no different understanding than Plaintiff had. *Kramer Decl.* ¶ 6.

      Having not received any amended order, on September 8, 2008, Ms. Kramer again called Judge Ware's chambers to confirm that no further briefing was to be filed, and asked whether an amended order would be filed. Ms. Garcia talked with Ms. Kramer again and explained that in light of finding that Plaintiff had timely filed its supplemental briefing on August 29th, Plaintiff was not to file any additional briefing on September 5th, but that Defendant was still allowed to file a reply brief responding to Plaintiff's supplemental briefing. Ms. Kramer inquired why Defendant would be allowed to respond to Plaintiff's supplemental briefing, but not provide an equal opportunity for briefing by Plaintiff? Ms. Garcia was unsure. Ms. Garcia explained that this was her understanding. *Kramer Decl.* ¶ 7.

Ms. Garcia forwarded Ms. Kramer to the head clerk's voicemail, and Ms. Kramer left a voicemail message with the same inquiry. As of the filing of this Notice, no return phone call had been received by Ms. Kramer and no corrected order has been filed. *Kramer Decl.* ¶ 8.

After 10 p.m. on September 8th, Defendant Lexar filed a Response to Plaintiff's Supplemental Brief, even though Defendant's counsel knew that Plaintiff's counsel was of the understanding that the further briefings in the Order were not to occur, and without advising Plaintiff's counsel of their intent. *Kramer Decl.* ¶ 9.

It is inequitable to allow Defendant to respond to Plaintiff's Supplemental Briefing, but to not allow Plaintiff to also respond to Defendant's Supplemental Briefing filed the same day. Further, it goes against the normal practice of allowing the moving party to have "the last word" by filing a reply brief to an opposition.

Plaintiff hereby requests that the Court (1) correct the Order at Docket #62 to confirm that Plaintiff <u>did</u> timely file Plaintiff's Supplemental Brief on August 29, 2008 in accordance with the prior order of this Court; and (2) to either disregard Defendant's extra briefing filed on September 8th (Docket #64 and #65) or grant leave for Plaintiff to file a brief responding to Defendant's Supplemental Brief filed on August 29, 2008 (a copy of said brief is attached hereto as Appendix A).

DATED this Tuesday, September 09, 2008.

        JENS ERIK SORENSEN, as Trustee of
        SORENSEN RESEARCH AND DEVELOPMENT
        TRUST, Plaintiff

        /s/ Melody A. Kramer
        Melody A. Kramer, Esq.
        J. Michael Kaler
        Attorney for Plaintiff

**PROOF OF SERVICE**

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Tuesday, September 09, 2008 I served the following documents:

**PLAINTIFF'S NOTICE OF RELIANCE ON VERBAL INSTRUCTIONS FROM COURT CLERK RE AMENDMENT OF ORDER AT DOCKET #62**

**DECLARATION OF MELODY A. KRAMER**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>jared.bobrow@weil.com | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |
| Kevin Kudlac<br>Weil, Gotshal & Manges LLP<br>8911 Capital of Texas Highway<br>Suite 1350<br>Austin, TX 78759<br>Kevin.kudlac@weil.com | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address

5.

Case No. 08 cv 00095 JW

1  represented to be the correct email address for the above noted addressee.

[X] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

[ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Tuesday, September 09, 2008, in San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX A

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>LEXAR MEDIA, INC., a Delaware Corporation; and DOES 1 – 100,<br><br>　　　　　　　Defendants.<br>_____<br>and related counterclaims. | Case No. 08 cv 00095 JW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF ON PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT**<br><br>Date:  September 8, 2008<br>Time:  9:00 A.M.<br>Courtroom 8, 4th Floor<br>Judge:  The Hon. James Ware |

Plaintiff provides the following additional supplemental briefing on Plaintiff's 35 U.S.C. § 295 motion as explained in PLAINTIFF'S NOTICE OF RELIANCE ON VERBAL INSTRUCTIONS FROM COURT CLERK RE AMENDMENT OF ORDER AT DOCKET #62.  In keeping with the spirit of the Order at Docket #62, Plaintiff is only responding to Defendant's supplemental briefing filed at Docket #54 on August 29, 2008, and not to Defendant's further briefing on the matter filed on September 8, 2008, to which Plaintiff objects.

## SUMMARY OF RESPONSE

Lexar's supplemental briefing (Docket #54, hereinafter "Lexar Supp") provides additional support for application of the 35 U.S.C. § 295 presumption of infringement against Defendant Lexar.  Specifically, Defendant acknowledges in detail that the companies in actual possession of the manufacturing process are located outside of the jurisdiction of United States courts, thus making it impossible for Plaintiff to conduct plant inspections, depositions, or other compulsory discovery against them.  Additionally, Defendant acknowledges the existence of one lately revealed United States manufacturer, however, provides no explanation of why that company has been hidden for so long or why Defendant cannot produce evidence from them.

## ARGUMENT

I.   DEFENDANT CONFIRMS THAT ITS MANUFACTURERS (WITH ONE EXCEPTION) ARE LOCATED OUTSIDE OF THE JURISDICTION OF UNITED STATES COURTS AND OUTSIDE THE REACH OF COMPULSORY DISCOVERY PROCESSES.

Lexar's Supplemental Brief confirms that the actual manufacturers of the Accused Products are two or three steps removed from Lexar, and (with the exception of Fourté which will be discussed separately) outside of the jurisdiction of United States courts.  Using Lexar's supplemental brief, interposed with discovery

already received by Plaintiff, the picture of the manufacture and supply chain for the Accused Products is emerging as follows:

    1.    Lexar contracted with PC Partners to assemble the Accused Products. (Supp. Brief, page 2:2-3).

    2.    PC Partners is a Taiwanese company. *Kramer Decl.* ¶ 10.

    3.    PC Partners "subcontracted out the manufacture . . ." (Supp. Brief, page 2:3-4).

    4.    Two of those manufacturers – AMCO and ATG – in turn either manufactured the housing or hired yet another company to actually produce the housing.

    5.    AMCO and ATG have Taiwanese and mainland China addresses; it is unclear where the Accused Products are actually manufactured or by whom. *Kramer Decl.* ¶ 11.

    6.    Late-named additional manufacturers – Summlux Co., Ltd. and Nishoku Plastic Mold (Shenzhen) Co., Ltd. – are located in China or Taiwan. *Kramer Decl.* [*to Plaintiff's Supplemental Brief],* at Docket #58-4, ¶ 10, Exhibit G.

    7.    No address has been provided for the additional late-named manufacturer - Uni Power Technologies, Ltd. *Id.*

In order for Plaintiff to have actual manufacturing information – admissible evidence to present to the Court as part of its infringement case – Plaintiff needs to have first-hand evidence and testimony regarding the process. Plaintiff cannot compel such evidence when it is all outside of the United States, and can only get second-, third-, or fourth-hand information from the Defendant, a Defendant who has no motivation to be complete and forthright.

Defendant's claim that Plaintiff has "more than enough evidence to determine the process used to make the housing" is flat-out false. Plaintiff has nothing but hearsay representations from Lexar, and Lexar's willful misstatements to Plaintiff about the representations from its manufacturers have already been demonstrated on

1  the record.

2  As described in more detail in Plaintiff's Supplemental Brief, in pre-litigation discussion, Plaintiff's counsel made a specific technical inquiry regarding a portion of the manufacturing process. In two letters, Lexar's counsel unequivocally stated that "both suppliers," (presumably ATG and AMCO) "categorically indicates that the entirety [of the inquiry] is true . . . confirming no possible infringement."

That representation from Lexar was "categorically" false. Prior to those letters, in at least two documented communications between Lexar and AMCO, AMCO made an entirely contrary representation on this technical question. Lexar's falsity on this point continued through its first response to Interrogatory No. 9 which was verified under oath.

The fact that Lexar finally came clean on this technical issue hardly makes them reliable witnesses, even if it were not for the inadmissibility of hearsay evidence.

Defendant's confirmation that the actual manufacturing process information is outside of the jurisdiction of U.S. courts and outside of the reach of compulsory discovery processes of this case, provides strong additional support for application of the presumption of infringement.

II. DUE TO THE CONTINUED MISREPRESENTATIONS ABOUT THE EXISTENCE OF A U.S. MANUFACTURER – FOURTÉ – THE APPLICATION OF PRESUMPTION OF INFRINGEMENT SHOULD ALSO ATTACH.

Lexar's counsel may have only recently learned that a U.S. supplier was used for manufacture of the Accused Products, a fact Lexar has been fully aware of for all of the three plus years that the parties have been discussing the infringement allegations.

According to document production from Lexar, Fourté was the company with whom Lexar worked to originally develop both the product design and mold tooling

for the Accused Products, and at least two Lexar employees who dealt with Fourté are still in employ with Lexar – Jeff Chalmers and Ezequiel Ramirez. *Kramer Decl.* ¶ 12.

There is no evidence that Lexar or Lexar's counsel has even communicated with Fourté regarding this issue, and thus its representations about actual manufacturing process for this manufacturing rings hollow.

The document production that first disclosed Fourté's identity was made nine days prior to the August 29th briefing deadline – in other words, just in time to claim they had produced information, but just precluding the necessary 10-day deadline for a deposition subpoena. Plaintiff has since issued a subpoena to Fourté, but should not be required to continue to maintain the burden of proof of infringement because of the lengthy misrepresentation of the existence of this company and the concurrently likelihood that evidence as to this company may no longer be available.

Lexar erroneously asserts that 35 U.S.C. §295 does not apply to products manufactured within the United States. Lexar derives this erroneous belief from a quote from the early legislative history, at a time when the draft statute expressly limited its impact to foreign manufacturers. The final draft eliminated that restriction, apparently because of concern that it was in violation of certain U.S. trade treaties. In addition to the absence of limiting language in the adopted version of the statute, it is illustrated in a later portion of the legislative history, where it is noted that: "A reasonable effort requirement could be easily satisfied in the United States through our discovery procedures. For a foreign manufacturer, the patentee would have to take some reasonable step, such as writing to the manufacturer." *Chisum on Patents*, (1997) Appendix 25, Legislative History of the Process Patents Amendments Act of 1988, p. 38.

III. DEFENDANT ACKNOWLEDGES ITS SUPERIOR ACCESS TO

MANUFACTURING PROCESS INFORMATION, BUT HAS NOT TURNED OVER EVERYTHING IT HAS.

Lexar's Supp states that "with respect to foreign manufacturers, AMCO and ATG, Lexar has collected documents from the manufacturers, interviewed individuals at the manufacturers with knowledge of the process used to make the housing, and visited manufacturing facilities and inspected tooling used by the manufacturers to make the housing." (Lexar Supp. page 2:10-14). In other words, Lexar has conducted investigations that Plaintiff is unable to compel.

Lexar did not offer any declaration or testimony from whomever supposedly conducted these interviews or visited manufacturing facilities. Furthermore, although Lexar tries to waive a last-minute offer for Plaintiff to travel to Taiwan to view a single mold tooling over the Labor Day weekend as "cooperation," Lexar is strangely silent about any access to Plaintiff of any of these other claimed sources of information to which Lexar and/or its counsel has had access.

Plaintiff noticed a deposition of Lexar under Fed.R.Civ.P. Rule 30(b)(6) for:

Lexar Corp's designated person(s) most knowledgeable witness with regard to the topics identified in the **TOPICS FOR EXAMINATION** below. . . .
**Topic Number 1:**
For all of the Accused Products, be able to answer detailed technical questions regarding the manufacturing process utilized to form the external plastic housings, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections utilizing any common mold part for all and any time periods from January 7, 2002 through, February 8, 2008, inclusive.
**Topic Number 2:**
For all of the Accused Products, be able to provide the foundation and basis, that is, the source, of all information used to answer technical questions regarding the manufacturing process utilized to form the external plastic housings, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections utilizing any common mold part for all and any time periods from January 7, 2002 through, February 8, 2008,

inclusive. This foundational basis includes documents, witnesses, personal inspections or other sources for the information to which the deponent is testifying.

*Kramer Decl.,* ¶ 13.

Lexar's designated witness was only able to provide hearsay upon hearsay representations about technical issues without any detail, indicating near complete ignorance of injection molding technology, and without any first-hand knowledge of the specific accused processes any kind. Lexar's designated witness did not interview individuals at AMCO and ATG, did not visit any manufacturing facilities. In fact, until two days prior to the deposition, he knew nothing about the process.

It goes without saying that Plaintiff is entitled, regardless of the outcome of the 35 U.S.C. § 295 motion, to depose that person or those persons who conducted these interviews and inspected manufacturing plants, and took the 300 or so photographs that purport to show the mold tooling.

## CONCLUSION

Lexar's Supplemental Briefing does nothing to support a denial of Plaintiff's 35 U.S.C. § 295 motion, and actually supports Plaintiff's request by demonstrating superior access to information, location of information outside of the reach of Plaintiff and this Court, and willful misrepresentation over the years regarding the sole U.S. manufacturer.

At a minimum, there is no reason to preclude application of 35 U.S.C. § 295 to all products manufactured offshore.

//

//

DATED this Tuesday, September 09, 2008.

                JENS ERIK SORENSEN, as Trustee of
                SORENSEN RESEARCH AND DEVELOPMENT
                TRUST, Plaintiff

                /s./ Melody A. Kramer
                ─────────────────────────────
                Melody A. Kramer, Esq.
                J. Michael Kaler
                Attorney for Plaintiff