MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br>                  Plaintiff <br>   v. <br><br> LEXAR MEDIA, INC., a Delaware Corporation; and DOES 1 – 100, <br><br>                 Defendants. <br> _____ <br> and related counterclaims. <br> _____ | )   Case No. 08 cv 00095 JW <br> ) <br> )   **KRAMER DECLARATION IN** <br> )   **SUPPORT OF PLAINTIFF'S** <br> )   **NOTICE OF RELIANCE ON** <br> )   **VERBAL INSTRUCTIONS FROM** <br> )   **COURT CLERK RE AMENDMENT** <br> )   **OF ORDER AT DOCKET #62** <br> ) <br> )   Date: September 8, 2008 <br> )   Time: 9:00 A.M. <br> )   Courtroom 8, 4th Floor <br> )   Judge: The Hon. James Ware <br><br><br><br> ) |

1

2    I, MELODY A. KRAMER, declare:

3    1.    I am not a party to the present action.  I am over the age of eighteen.  I

4 have personal knowledge of the facts contained within the following paragraphs, and

5 could and would competently testify thereto if called as a witness in a court of law.

6    2.    At all times relevant herein I have been an attorney for Sorensen

7 Research and Development Trust ("Sorensen"), Plaintiff in the above-captioned

8 matter.

9    3.    This declaration is made in support of Plaintiff's Notice of Reliance on

10 Verbal Instructions from Court Clerk re Amendment of Order at Docket #62.

11    4.    Immediately upon receipt of the Docket #62, Plaintiff's counsel,

12 Melody Kramer, immediately called Judge Ware's chambers and spoke with

13 Elizabeth Garcia.  Ms. Kramer advised Ms. Garcia that Plaintiff had, in fact, timely

14 filed its supplemental briefing and supplied the docket number.  Ms. Kramer further

15 advised Ms. Garcia that Plaintiff had also sent courtesy copies to the Court.  Ms.

16 Garcia came back on the phone after a few minutes and confirmed that Plaintiff's

17 Supplemental Brief was timely filed and acknowledged receipt of the courtesy

18 copies.  Ms. Garcia explained that the Order had been prepared before she had seen

19 them.

20    5.    Ms. Garcia then advised that due to the fact that Plaintiff had timely

21 filed its supplemental briefing, no further briefing should be filed, but that the

22 hearing date was still changed.  Ms. Kramer understood this to mean that neither

23 Plaintiff nor Defendant were to file any further papers on this motion, and advised

24 Defendant's counsel of the same via email.

25    6.    Ms. Kramer presumed that an amended order would issue to supercede

26 Docket #62, though Ms. Garcia made no mention of it.  Ms. Kramer did not receive

27 any response from Defendant's counsel regarding the matter, and thus presumed that

28 they had no different understanding than Plaintiff had.

2.

1    7.    Having not received any amended order, on September 8, 2008, Ms.

2    Kramer again called Judge Ware's chambers to confirm that no further briefing was

3    to be filed, and asked whether an amended order would be filed.  Ms. Garcia talked

4    with Ms. Kramer again and explained that in light of finding that Plaintiff had timely

5    filed its supplemental briefing on August 29th, Plaintiff was not to file any additional

6    briefing on September 5th, but that Defendant was still allowed to file a reply brief

7    responding to Plaintiff's supplemental briefing.    Ms. Kramer inquired why

8    Defendant would be allowed to respond to Plaintiff's supplemental briefing, but not

9    provide an equal opportunity for briefing by Plaintiff?  Ms. Garcia was unsure.  Ms.

10   Garcia explained that this was her understanding.

11   8.    Ms. Garcia forwarded Ms. Kramer to the head clerk's voicemail, and

12   Ms. Kramer left a voicemail message with the same inquiry.  As of the filing of this

13   Notice, no return phone call had been received by Ms. Kramer and no corrected

14   order has been filed.

15   9.    After 10 p.m. on September 8th, Defendant Lexar filed a Response to

16   Plaintiff's Supplemental Brief, even though Defendant's counsel knew that

17   Plaintiff's counsel was of the understanding that the further briefings in the Order

18   were not to occur, and without advising Plaintiff's counsel of their intent.

19   10.    I have reviewed the documents produced by Lexar in this case and

20   found a business card showing that PC Partners is a Taiwanese company.

21   11.    Likewise, document production from Lexar shows that AMCO and

22   ATG have Taiwanese and mainland China addresses; it is unclear where the Accused

23   Products are actually manufactured or by whom.

24   12.    According to document production from Lexar, Fourté was the

25   company with whom Lexar worked to originally develop both the product design

26   and mold tooling for the Accused Products, and at least two Lexar employees who

27   dealt with Fourté are still in employ with Lexar – Jeff Chalmers and Ezequiel

28   Ramirez.  An example of document pages that reveal this fact are bates-numbered

Case No. 08 cv 00095 JW

LEXSRDT00001025, 1027, 1028, and 1030-1032.

13.    Plaintiff noticed a deposition of Lexar under Fed.R.Civ.P. Rule 30(b)(6) for:

Lexar Corp's designated person(s) most knowledgeable witness with regard to the topics identified in the **TOPICS FOR EXAMINATION** below. . . .

**Topic Number 1:**

For all of the Accused Products, be able to answer detailed technical questions regarding the manufacturing process utilized to form the external plastic housings, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections utilizing any common mold part for all and any time periods from January 7, 2002 through, February 8, 2008, inclusive.

**Topic Number 2:**

For all of the Accused Products, be able to provide the foundation and basis, that is, the source, of all information used to answer technical questions regarding the manufacturing process utilized to form the external plastic housings, including, but not limited to, questions with regard to whether or not any units were manufactured utilizing two plastic injections utilizing any common mold part for all and any time periods from January 7, 2002 through, February 8, 2008, inclusive.  This foundational basis includes documents, witnesses, personal inspections or other sources for the information to which the deponent is testifying.

SWORN TO under penalty of perjury of the laws of the State of California and the United States, this Tuesday, September 09, 2008.

/s/ Melody A. Kramer

Melody A. Kramer, Esq.
Attorney for Plaintiff
mak@kramerlawip.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28