*E-FILED 12/22/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN<br><br>    Plaintiff,<br>v.<br>LEXAR MEDIA INC., et al.<br><br>    Defendants. | NO. C 08-0095 JW (RS)<br><br>**ORDER RE: DISCOVERY MOTIONS** |

## I. INTRODUCTION

Presently before the Court are three motions to compel in this patent litigation. Plaintiff Jens Erik Sorensen, as trustee of Sorensen Research & Development Trust, moves to compel defendant Lexar Media, Inc. ("Lexar") to designate a person most knowledgeable with regard to a deposition topic. Sorensen also moves to compel Lexar to serve further responses to his first set of document requests. Finally, Lexar moves to compel Sorensen to produce documents responsive to twelve document requests. These matters came on for hearing before the Court on December 17, 2008. Based on the record, the argument of counsel, and for the reasons stated below: (1) the motion to compel Lexar to produce a Rule 30(b)(6) deponent will be granted; (2) the motion to compel Lexar to respond further to the request for documents will be denied; and (3) the motion to compel Sorensen to produce documents will be granted in part and denied in part.

1

## II.  DISCUSSION

A.  <u>Sorensen's Motion to Compel Rule 30(b)(6) Deponent</u>

Sorensen moves to compel Lexar to designate a Rule 30(b)(6) deponent regarding deposition topic number six, sales and marketing of the accused products.  Sorensen originally identified seven deposition topics in its October 6, 2008 deposition notice, and Lexar agreed to designate a witness to testify on each of them except number six.  As for that topic, Lexar said it would designate a witness to testify at a time and place to be mutually agreed upon in the future.  While Lexar has agreed to designate a witness, Sorensen claims Lexar has delayed setting a date for that deposition.  This is a dispute that should have been resolved without resorting to motion practice.  The Court will not get in the middle of this scheduling squabble.  Counsel on both sides shall meet and confer further to find an appropriate schedule for the Rule 30(b)(6) deposition.

Sorensen also seeks $2,907.50 for attorney's fees and costs incurred in bringing this motion.  Sorensen, however, did not file its motion for sanctions separately as required by Civil Local Rules 37-3 and 7-8.  Even if Sorensen had complied with the procedures set forth in those provisions, no basis exists to shift costs in this scheduling dispute.

B.  <u>Sorensen's Motion to Compel Further Responses</u>

Sorensen moves to compel Lexar to serve further responses to his first set of document requests.  Sorensen wants Lexar to specify which produced documents go to which request by bates number range or otherwise.  A party must produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request.  Fed. R. Civ. P. 34(b)(2)(E)(i).

Lexar represents that it undertook a reasonable search for responsive documents that were in its possession.  It searched for and collected documents, email, and photos from individuals likely to have materials.  After reviewing that information, Lexar contends that the material was produced as it was kept in the usual course of business.  Sorensen presents no reason to doubt Lexar's representation in that regard.

Assuming, therefore, Lexar produced under the "ordinary course of business" prong, to warrant the need for further response, Sorensen must show that the information contained in those

1  records is in a form that would make a search unduly burdensome, thereby requiring Lexar to
2  construct a list correlating the materials to each particular document request. *See United States ex*
3  *rel Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[W]here the information
4  is contained in business records and answering the question would require the responding party to
5  engage in burdensome or expensive research, the responding party may answer by specifying the
6  records from which the answer may be obtained . . . ."). Sorensen similarly has not made a showing
7  regarding any undue burden it would face in searching through Lexar's submitted discovery
8  materials such that a correlating list would be necessary.

9  Finally, Sorensen seeks to require Lexar to make a written declaration that all responsive
10 documents have been produced. Such a request is unnecessary because the responding party has a
11 duty to produce responsive documents and to supplement if further materials are located. Again,
12 there is no reason to doubt that Lexar is attempting, in good faith, to fulfill its discovery obligations,
13 and Sorensen submits no evidence to the contrary.

14 C.   <u>Lexar's Motion to Compel Production of Documents</u>

15 Lexar originally moved to compel Sorensen to produce documents responsive to twelve
16 document requests.[1] At the hearing, the parties were instructed to meet and confer further in an
17 attempt to resolve any outstanding disputes. As a result of that process, the parties distilled their
18 disagreement to two remaining issues relating to document request numbers four, twenty-one, and
19 twenty-seven through twenty-nine. The first issue centers around whether Sorensen must produce
20 the drafts and proposals of any license agreements. Sorensen argues that these materials are not
21 relevant, and even if they were, it would be burdensome to produce them as there may be over one
22 hundred drafts for each of the fifty separate licensing agreements.

23 Parties may obtain discovery of any nonprivileged matter that is relevant to any party's
24 claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter

---

[1] These included: (1) licenses to the '184 patent (Request Nos. 4, 27, 28, 29); (2) documents related to any financing agreements that related to the '184 patent (Request No. 21) or this litigation (Request No. 4); (3) documents related to the development of the invention claimed in the '184 patent (Request Nos. 25-26); (4) prior disclosures of the invention before it was patented (Request Nos. 41-43); (5) documents related to licensing policies and enforcement plans (Request No. 45); and (6) third-party valuations of the '184 patent (Request No. 5).

3

involved in the action. Fed. R. Civ. P. 26(b)(1). Contrary to Sorensen's arguments, Lexar has demonstrated that the drafts and proposals are relevant to the underlying litigation. The drafts, for example, could lead to the discovery of relevant evidence on the issue of what value should be placed on the patents-in-suit. Even those drafts that did not lead to a fully executed licensing agreement could have relevance on the damages question of what constitutes a reasonable royalty. While Sorensen must produce the requested documents, the parties are ordered to work together to minimize the burden on the producing party.

In the second remaining issue, Lexar seeks financing agreements between individual members of the Sorensen family that refer to one of the disputed patents. Lexar contends that this information may be relevant to who has standing to bring this action. In response, Sorensen argues that the materials are not relevant and implicate the privacy rights of the individual family members. Unlike the drafts and proposals above, the alleged need for the private financing agreements between family members on the standing question or for other purposes is just too tenuous to warrant compelled production.

### III. CONCLUSION

Accordingly, Sorensen's motion to compel a Rule 30(b)(6) deposition is granted, but the request for an award of costs is denied. Sorensen's motion to compel Lexar to serve further responses to his first set of document requests is denied. Lexar's modified motion to compel documents, as noted above, is granted in part and denied in part.

IT IS SO ORDERED.

Dated: December 19, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE: DISCOVERY MOTIONS
C 08-0095 JW (RS)

4

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  James Michael Kaler     michael@kalerlaw.com

3  Jared Bobrow     jared.bobrow@weil.com, judi.tallett@weil.com

4  Joseph Hyuk Lee     joseph.lee@weil.com, karen.gotelli@weil.com

5  Kimberly K. Dodd     kdodd@foley.com, rbarcena@foley.com

6  Melody Ann Kramer     mak@kramerlawip.com, esbjork@gmail.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

8

9  **Dated: 12/22/08**                                                **Richard W. Wieking, Clerk**

10

11                                                                            **By:      Chambers**

ORDER RE: DISCOVERY MOTIONS
C 08-0095 JW (RS)

5