United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, | Case No. 5:CV 08-00095 EJD |
| Plaintiff(s), | **PATENT SCHEDULING ORDER** |
| v. | |
| LEXAR MEDIA, INC., | |
| Defendant(s). | |

This case is scheduled for a Case Management Conference on November 4, 2011. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Schedule. (See Docket Item No. 184.) Based on their joint submission, the court has determined a schedule for the case could be set without the necessity of an appearance at this time. Accordingly, the Case Management Conference is VACATED, and

IT IS HEREBY ORDERED that the court adopts the parties' statement of disputed factual and legal issues as set forth in the Case Management Statement.

IT IS FURTHER ORDERED that the deadline for joinder of any additional parties, or other amendments to the pleadings, is **sixty days after entry of this order**.

///

///

IT IS FURTHER ORDERED that the Federal Rules of Civil Procedure apply to discovery in this matter.

IT IS FURTHER ORDERED that any disputes with respect to discovery or disclosure are referred to the assigned Magistrate Judge.

IT IS FURTHER ORDERED that The parties shall contact the court's ADR Unit within 10 days of the date of this Order.

IT IS FURTHER ORDERED that the following schedule shall apply to this case:

| EVENT | DEADLINE |
|---|---|
| Deadline to file Motion for Summary Judgment on Intervening Rights | November 18, 2011 |
| Infringement Contentions (¶ 1) <br> *(≈14 days after the Initial Case Management Conference)* | November 18, 2011 |
| Deadline for third-party licensees to file any objections to production by Plaintiff of agreements, draft agreements, or communications regarding agreements to Defendant | November 25, 2011 |
| Invalidity Contentions (¶ 2) <br> *(≈45 days after the Infringement Contentions)* | January 2, 2012 |
| Exchange of Proposed Terms for Construction (¶ 4) <br> *(≈14 days after Invalidity Contentions)* | January 16, 2012 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (¶ 5) <br> *(≈21 days after Proposed Terms for Construction)* | February 6, 2012 |
| Joint Claim Construction and Prehearing Statement (¶ 6) <br> *(≈60 days after the Invalidity Contentions)* | March 2, 2012 |
| Close of Claim Construction Discovery (¶ 7) <br> *(≈30 days after the Joint Claim Construction and Prehearing Statement)* | April 2, 2012 |
| Opening Claim Construction Brief <br> *(≈45 days after the Joint Claim Construction and Prehearing Statement)* | April 16, 2012 |
| Responsive Claim Construction Brief <br> *(≈14 days after Opening Brief)* | April 30, 2012 |
| Reply Claim Construction Brief <br> *(≈7 days after Responsive Brief)* | May 7, 2012 |

| | |
|---|---|
| Joint Case Management Statement for Interim Conference *(The Statement shall, among other things, update the court on the parties' readiness for the Markman hearing)* | May 11, 2012 |
| Interim Case Management Conference | May 18, 2012 at 10:00 a.m. |
| Case Tutorial (¶ 8) | July 12, 2012 at 9:00 a.m. |
| Claim Construction Hearing (¶ 9) *(Patent L.R. 4-6)* | July 12, 2012 following tutorial |
| Fact Discovery Cut-off | August 31, 2012 |
| Preliminary Pretrial Conference Statement | September 7, 2012 |
| Preliminary Pretrial Conference | September 14, 2012 at 11:00 a.m. |
| Designation of Opening Experts with Reports | September 5, 2012 |
| Designation of Rebuttal Experts with Reports | October 3, 2012 |
| Expert Discovery Cutoff | November 21, 2012 |
| Deadline(s) for Filing Discovery Motions | <u>See</u> Civil Local Rule 37-3 |
| Deadline for Filing Dispositive Motions[1] | December 7, 2012 |

IT IS FURTHER ORDERED that the parties shall comply with the Standing Order re Pretrial Preparation, a copy of which is available from the Clerk of the Court,[2] with regard to the timing and content of the Joint Preliminary Pretrial Conference Statement, and all other pretrial submissions.

**A.  Initial Disclosures**

1. No later than 14 days after the Initial Case Management Conference, the party asserting infringement must serve on all parties a Disclosure of Asserted Claims and Infringement Contentions and make available for inspection and copying the documents described in Patent L.R. 3-1.

2. No later than 45 days after the Disclosure of Asserted Claims and Infringement

---

[1]  This is the last date for *filing* dispositive motions. The actual hearing on the motion may be noticed for a date subsequent after contacting Judge Davila's courtroom deputy.

[2]  A copy of Judge Davila's standing order is also available on the court's website at www.cand.uscourts.gov by clicking first on the "Judges" button, then on Judge Davila's name, then on the link for "Judge Davila's Standing Orders," and finally on the link for "Standing Order re Pretrial Preparation."

3

Case No. 5:CV 08-00095 EJD
PATENT SCHEDULING ORDER

Contentions, each opposing party shall serve on all parties Invalidity Contentions and produce and make available for inspection and copying the documents described in Patent L.R. 3-3.

3. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Motions to amend shall be filed pursuant to the Civil Local Rules of Court and noticed for a hearing before the assigned Magistrate Judge.

**B.** **Claim Construction Proceedings**

4. No later than 14 days after filing Invalidity Contentions, all parties must serve on all other parties Proposed Terms and Claim Elements for Construction pursuant to Patent L.R. 4-1. The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. The parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

5. No later than 21 days after exchanging Proposed Terms and Claim Elements for Construction, all parties must serve on all other parties Preliminary Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2.

6. No later than 60 days after exchanging Preliminary Claim Constructions, the parties must file a Joint Claim Construction Statement and Prehearing Statement pursuant to Patent L.R. 4-3. The statement shall be presented in the following chart format:

| Disputed Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|

The parties shall express their proposed construction in a manner suitable for incorporation into a jury instruction. The parties shall identify the terms whose construction will be most significant to the resolution of the case. However, the total terms identified by all parties as most significant

4

Case No. 5:CV 08-00095 EJD
PATENT SCHEDULING ORDER

cannot exceed 10.

7. Pursuant to Patent L.R. 4-4, all discovery, including depositions of expert witnesses, relating to claim construction must be completed within 30 days of filing the Joint Claim Construction Statement and Prehearing Statement.

8. On the date set in the Case Schedule, the parties shall appear before the Court to present a tutorial. The purpose of the tutorial is to allow each party to inform the Court about the background of the technical information which is involved in the case and the nature of the dispute. Presentations may include demonstrations, expert testimony, or audio visual materials. No cross-examination will be permitted. However, the Court may pose questions to parties or witnesses. No record will be made of the proceedings. Statements made during the tutorial may not be cited as judicial admissions against a party. **Each party shall have 30 minutes for their presentation.** Any party wishing for additional time shall make the appropriate administrative motion in accordance with the Civil Local Rules of Court. See Civ. L.R. 7-11.

9. On the date set in the Case Schedule, the Court will hold a Claim Construction Hearing. At the hearing the Court will consider only intrinsic evidence to interpret the disputed claims, i.e., the claims themselves, the written description portion of the specification and the prosecution history. Pertinent portions of the intrinsic evidence should be highlighted and indexed to the disputed claim language. No testimony will be allowed, unless the Court orders otherwise, based upon a timely motion noticed for hearing at least 10 days prior to the Claim Hearing by any party wishing to present testimony. **Each party shall have one hour for their presentation.** Any party wishing for additional time shall make the appropriate administrative motion in accordance with the Civil Local Rules of Court. See Civ. L.R. 7-11.

**C.** **Procedure Regarding Dispositive Motions in Patent Cases**

10. Prior to filing any dispositive motion, the moving party must first opposing counsel of its intention to do so by filing and serving a request for a case management conference regarding dispositive motion(s). The request must outline the undisputed factual basis and legal basis of the proposed motion(s) and a proposed briefing and hearing schedule. The Court may schedule a case management conference to establish the schedule for briefing and hearing the

5

Case No. 5:CV 08-00095 EJD
PATENT SCHEDULING ORDER

1  motion(s) in an orderly and efficient manner or may issue an order adopting the schedule proposed
2  by the parties.
3      Once a hearing date for the motion has been set and the briefing is closed, the moving party
4  shall compile a three ring binder (to be lodged with the Court) containing (1) the motion and any
5  supporting memorandum of law; (2) the opposition memorandum; (3) any reply memorandum; and
6  (4) any exhibits in support or opposition to the motion, which shall be clearly labeled. At the
7  beginning of each binder the moving party shall include, as appropriate, a Chart A or B, in the
8  format described below; each statement shall be supported by appropriate citations to the motion
9  papers and or exhibits.

10      **Chart A - Summary of Infringement Issues**

| Patent Claim/Elements | Stipulated Construction/Court Construction | Accused Product | Defense Asserted |
|---|---|---|---|
| '000 Patent, Claim 1 | | | |
| An apparatus comprising | apparatus means: "a device which . . ." | Riverside Model 2 | |
| 1. a handle | "handle" means a part held by the human hand | Riverside Model 2 | the product lacks a handle |

**Chart B - Summary of Invalidity Issues**

| Title of Motion | Patent | Claim No. | Basis of Challenge | Summary of argument in support of motion | Summary of argument in opposition to motion | Comments |
|---|---|---|---|---|---|---|
| Partial Motion for Summary Judgment of Invalidity | '000 | Claim 3 | Lack of Disclosure of Best Mode | The specification states that the inventor was aware [See '000 Patent, Col 3:5-10] | The reference is to a different invention | This mattter is controlled by the court's claim construction of the following terms: |

25  **D.   Electronic Storage of Exhibits**
26      11. The Court has available a digital and video electronic evidence presentation system. The
27  parties are ordered to familiarize themselves with the system, and to meet and confer about whether
28  the case will involve voluminous documentation. If so, as the parties identify documentary material

which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

**IT IS SO ORDERED.**

Dated: November 1, 2011

EDWARD J. DAVILA
United States District Judge

Case No. 5:CV 08-00095 EJD
PATENT SCHEDULING ORDER