**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN,           ) | Case No.: 5:08-CV-0095 EJD |
|                               ) | |
| Plaintiff,         ) | **ORDER GRANTING SECOND** |
|                               ) | **MOTION TO AMEND PLEADINGS** |
| v.                            ) | |
|                               ) | **(Re: Docket No. 203)** |
| LEXAR MEDIA, INC.,            ) | |
|                               ) | |
| Defendant.         ) | |
|                               ) | |

Pending before the court is Defendant Lexar Media, Inc.'s ("Lexar") motion for leave to amend its pleadings to include defenses and a counterclaim. For the reasons discussed below, the motion for leave to amend is GRANTED.

**I. BACKGROUND**

On January 7, 2008, Plaintiff Jens Erik Sorensen ("Sorensen") filed this patent infringement action. On February 25, 2009, Judge Ware ordered the action be stayed pending the outcome of reexamination proceedings before the United States Patent Office. On April 29, 2011, the action was transferred to the undersigned. On July 26, 2011, the court lifted the stay in light of the termination of the reexamination appeals. On November 1, 2011, the court issued a scheduling order that the deadline for joinder of additional parties or other amendments to the pleadings is

sixty days after entry of the order, December 31, 2011.[1] On December 30, 2011, Lexar filed this motion for leave to amend its pleadings.

## II. LEGAL STANDARDS

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations and quotations omitted). In cases, however, where a party moves to amend or add a party after a specific deadline for filing motions or amending the pleadings, the "good cause standard" for modification of a scheduling order under Rule 16(b) governs. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Here, Lexar sought to amend its pleadings and submitted its proposed amendment to the court in advance of the deadline set by the court. The court therefore applies the more generous Rule 15 standard.

## III. DISCUSSION

Lexar seeks to amend its pleadings to add the defenses of release, discharge, covenant not to sue, license, exhaustion, and lack of standing. Additionally, Lexar seeks to add the counterclaim of breach of contract as a third party beneficiary to this agreement. These allegations relate to a release agreement between Sorensen and one of Lexar's suppliers that allegedly includes a broad release, discharge and covenant not to sue — all of which apply to Lexar and the accused product and process in this action. Lexar argues that it could not plead these defenses and counterclaim earlier because Lexar only learned of the release agreement after Sorensen produced the agreement on December 8, 2011.

Sorensen argues that the motion to amend should be denied because (1) Lexar failed to amend their pleadings within the time period allowed by the court; (2) the proposed new

---

[1] December 31, 2011 was a Saturday. Pursuant to Fed. R. Civ. P. 6(a)(1), if a the last day of a period stated in days is a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or a legal holiday. Thus, the deadline for joinder or amendments was January 3, 2012.

2

Case No.: 5:08-CV-0095 EJD
ORDER GRANTING SECOND MOTION TO AMEND PLEADINGS

counterclaim and defenses would mandate the joinder of an additional party, and the deadline to do so has passed; and (3) the proposed amendments would violate the Protective Order in this case by making public contents of documents designated by Sorensen as "Highly Confidential — Counsel Eyes Only."

Sorensen's first argument fails because this motion was filed before the deadline set by the court to amend the pleadings. Furthermore, even if Rule 16's "good cause" standards applied, Lexar's recent discovery of the release agreement and its potential impact on this action would satisfy that standard. Sorensen's second argument fails because it has not cited any authority demonstrating that new parties would be joined or that there would not be good cause to modify the scheduling order to permit their joinder. Sorensen's final argument fails because Sorensen has not identified what confidential information Lexar has disclosed or in what manner. Sorensen has not moved to seal any portion of Lexar's briefs or proposed amendment in support of its motion to amend. Additionally, the only documents specifically identified by Sorensen are "Exhibits 2 and 3 filed under seal." Pl's Opp'n at 5:17, ECF No. 206. Assuming Sorensen is referring to Exhibits 2 and 3 to the Declaration of John Beynon in support of Lexar's motion, those documents are now part of the public record because Sorensen failed to file a declaration establishing they are sealable following Lexar's motion to file the exhibits under seal pursuant to 79-5(d). See ECF No. 214.

Thus, in light of the generous standard in favor of amendments and the absence of any demonstrated prejudice resulting from the amendment,

IT IS HEREBY ORDERED that Lexar's motion to amend its pleadings is GRANTED.

Dated: March 16, 2012

EDWARD J. DAVILA
United States District Judge